UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-20706-Civ-GAYLES/TORRES

MEUDY ALBÁN OSIO in her personal capacity,
And in her capacity as the personal representative
of the Estate of FERNANDO ALBERTO ALBÁN,
FERNANDO ALBÁN OSIO, and MARIA FERNANDA
ALBÁN OSIO,

    *Plaintiffs,*

v.

NICOLAS MADURO MOROS; FUERZAS
ARMADAS REVOLUCIONARIAS DECOLOMBIA
("FARC"); THE CARTEL OF THE SUNS A.K.A.
CARTEL DE LOS SOLES; VLADIMIR PADRINO
LOPEZ; MAIKEL JOSE MORENO PEREZ; NESTOR
LUIS REVEROL TORRES; and TAREK WILLIAM
SAAB,

    *Defendants.*
_____/

**ORDER ON NON-PARTY'S MOTION FOR PROTECTIVE ORDER**

This matter is before the Court on non-party Sunstate Bank's ("Sunstate" or the "Bank") Objection to Plaintiffs' Subpoena to Produce Documents. [D.E. 78]. Sunstate alleges that the customer and baking information sought in the subpoena is confidential and, thus, exempt from production pursuant to Florida state law.[1]

---

[1] Sunstate styled its filing as an "Objection" to the subpoena rather than a motion (an improper filing under both the Local Rules and the undersigned's rules governing

1

Plaintiffs ("Judgment Creditors") filed a timely response to the motion on April 9, 2023, [D.E. 82], to which Sunstate replied via a reply and amended reply [D.E. 83, 84]. Therefore, Sunstate's motion is now ripe for disposition.[2] After careful consideration of the motion and the supporting record, and for the reasons set forth below, Sunstate' motion is **DENIED**.

## I.   BACKGROUND

On September 5, 2022, the undersigned issued a Report and Recommendation recommending that Plaintiffs' motion for default judgment against defendant Cartel of the Suns be granted. [D.E. 56]. Plaintiffs' complaint stemmed from allegations against Venezuela's president Nicolás Maduro, the Cartel of the Suns, FARC, and other individuals, for orchestrating the kidnapping, torture, and murder of decedent Fernando Alberto Albán in 2018. [D.E. 1]. According to Plaintiffs, defendant Cartel of the Suns is an elaborate criminal syndicate that operates on behalf of the Venezuelan regime and engages in drug trafficking, terrorism, and extrajudicial killings inside and outside Venezuela. *Id*. Fernando Alberto Albán, an outspoken critic of the Maduro regime, was one of the many victims of this criminal enterprise.

---

discovery procedures), but the brief effectively operates as a motion for protective order, so we will interpret it as such. *See* S.D. Fla. L.R. 26.1(b) (instructing that objections to discovery should not be docketed unless attached to a motion or pursuant to Court order).

[2] On April 3, 2023, the Honorable Darrin P. Gayles referred the instant motion to the Undersigned Magistrate for disposition. [D.E. 81].

2

*Id.*

On September 15, 2022, this Court adopted the Report and Recommendation and entered an order of final default judgment in favor of Plaintiffs for a damages award exceeding $200 million dollars. [D.E. 58, 59, 73].

As part of Plaintiffs' ongoing efforts to satisfy their outstanding judgment against Cartel of the Suns and a prospective judgment against the other named defendants, Plaintiffs served narrow subpoenas in aid of execution on several dozen banks and other companies holding assets blocked by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") because of potential connections to the Maduro regime. Many of those banks and companies have already begun producing responsive information. [D.E. 85].

Sunstate, on the other hand, filed the pending motion objecting to the subpoena on the basis of confidentiality. [D.E. 78 at 2–3]. According to the Bank, disclosure of bank account records is prohibited under Florida law, specifically Fla. Stat. § 655.059, absent express consent from the affected account holder. *Id.* Because we find Sunstate's claims devoid of merit, its motion for protective order is denied.

## II.  ANALYSIS

### A.  *The Motion is Procedurally Flawed*

As a threshold matter, we agree with Plaintiffs that the Bank's motion failed to comply with applicable procedural requirements and that these procedural flaws alone would justify denying the motion.

3

First, it is undisputed that the Bank failed to comply with the conferral requirements outlined in Local Rule 7.1(a)(3), which requires a prospective movant to confer with opposing counsel *before* submitting a filing. That rule provides that "[p]rior to filing any motion in a civil case, . . . counsel for the movant shall confer [], or make reasonable effort[s] to confer [], with all parties . . . in a good faith effort to resolve by agreement the issues to be raised in the motion." S.D. Fla. L.R. 7.3(a). The Bank's failure to adhere to our procedural requirements is of consequence in this case because, as Plaintiffs point out, had Sunstate's counsel reached out *prior* to filing his motion (as he was required to do), he would have learned that Plaintiffs and other subpoena recipients had already agreed to the filing of a comprehensive confidentiality order, the effects of which might have mooted, or at the very least assuaged, the Bank's confidentiality concerns. [D.E. 79] (Confidentiality Ordered entered by this Court three days after Sunstate filed its motion).[3]

The conferral requirement of Local Rule 7.1(a)(3) is meant to preserve the Court's and the parties' limited resources by ensuring that a prospective movant resolves a potential issue without engaging in unnecessary motion practice. This conferral requirement applies with particular weight to discovery disputes, which are

---

[3] In fairness, counsel may have been intending to simply comply with Rule 45 by serving objections to the subpoena, as contemplated by Fed. R. Civ. P. 45(d)(2)(B). That would have required the requesting party to move to enforce the subpoena and overrule the objections (and thus comply with Local Rule 7.1 in the process). But Sunstate *filed* its objections on the docket, which were appropriately treated as a motion for protective order.

4

often resolved through negotiation and mooted by mutual agreement. *See Sierra Equity Grp. v. White Oak Equity Partners, LLC*, 672 F. Supp. 2d 1369, 1370 (S.D. Fla. 2009) ("This rule was intended to encourage parties to cooperate on discovery matters and resolve potential disputes without unnecessarily involving the court.") (citation omitted); *Cavero v. L. Offs. of Erskine & Fleisher*, No. 12-21196-CIV, 2012 WL 12886632, at *1 (S.D. Fla. May 25, 2012) (denying discovery motion because it "violates Local Rule 7.1's requirements that all discovery motions contain [a] certification of good-faith conference.").

Tellingly, although Plaintiffs have served subpoenas on several banks and companies holding assets blocked by OFAC in connection with the outstanding judgment, Sunstate is the only subpoena recipient to have filed a motion challenging the subpoena on confidentiality grounds.  Apparently, every other subpoena recipient has properly conferred with Plaintiffs or has found the confidentiality safeguards of the confidentiality order comprehensive enough to mitigate their confidentiality concerns.  Sunstate's reply states that any conferral with Plaintiffs would have been futile.  However, the Local Rules do not provide for a futility exception to the rule.

Because the Bank's motion fails to comply with both the Local Rules, the motion is procedurally deficient and could be denied on this basis alone.   But we will proceed to consider the merits in any event to determine if relief should still be granted.

5

### B.     *The Motion Fails on the Merits*

The Bank's motion for a protective order is denied because it lacks substantive merit.  The gravamen of the Bank's argument is that "[bank account] records are confidential and protected by Florida law and may not be released except upon the express authorization of the affected account holder."  [D.E. 78 at 2 (citing Fla. Stat. § 655.059)].  It follows, according to the Bank, that because "the customers holding blocked accounts have not authorized Sunstate to disclose any records that Sunstate may have . . . Sunstate is unable to comply with subpoena [sic]."  *Id*. at 3.

This argument is unpersuasive.  For starters, in quoting and relying on section 655.059, the Bank omits a material portion of the statute's plain text that undermines its position.  The Bank cites to section 655.059 for the proposition that "[t]he books and records of a financial institution are confidential[.]"  Fla. Stats. § 655.059(1).  However, the same statute also explicitly provides that such records "shall be made available for inspection and examination" under certain enumerated circumstances, including "pursuant to a subpoena issued in accordance with state or federal law."  Fla. Stats. § 655.059(1)(e).

The plain text of the statute and its effect here are unequivocal.  As noted above, Plaintiffs have served subpoenas on multiple financial institutions, including Sunstate, in aid of execution of a money judgment pursuant to Federal Rule of Civil Procedure 45. [D.E. 83 at 13–19].  The subpoena consists of five narrowly tailored requests seeking information about blocked assets pursuant to OFAC's regulations

6

in relation to the Venezuelan government, which according to the complaint, sanctioned the kidnapping, torture, and murder of Mr. Albán. Accordingly, it is clear that the records sought are relevant to the Judgment Creditors' attempt to collect on the outstanding judgment.[4]

In other words, the statute on which Sunstate relies to block discovery on the grounds of confidentiality also expressly provides that such confidentiality must give way at least where, as here, the relevant financial records are requested pursuant to a properly issued subpoena. Thus, Sunstate's reliance on the statute is misplaced. This is particularly evident where, as here, any harm resulting from the production of financial records is mitigated by an existent confidentiality order that limits the use of these records and the information therein. [D.E. 79].

Furthermore, our view finds ample support in the rulings of courts applying the text of Fla. Stats. § 655.059 in similar contexts and holding that "Florida's

---

[4] In its motion and reply the Bank suggests that, given its status as a non-party, Plaintiffs must first "make a showing of necessity that outweighs the countervailing interests in [confidentiality]" in order to effectuate its subpoena. [D.E. 78 at 3]; [D.E. 83 at 6–10]. This conclusory assertion is at odds with the law of this circuit, where it is settled that a non-party subpoena under Rule 45 is subject to the same relevance and scope limitations as Rule 26 and 34(a) discovery. *See Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020) ("it is generally accepted that the scope of discovery allowed under Rule 45 is limited by the relevancy requirement of the federal discovery rules") (citing Fed. R. Civ. P. 26(b)(1)); *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1200 (11th Cir. 2016) ("[Rule] 45 requires that subpoenaed [non-]parties produce designated documents, electronically stored information, or tangible things in the [non-]parties' possession, custody, or control") (citation omitted).

constitutional and statutory protection of personal financial and banking records . . . is not absolute." *Ochoa v. Empresas ICA, S.A.B. de C.V.*, No. 11-23898, 2012 WL 3260324, at *6 (S.D. Fla. Aug. 8, 2012); *see also Frenkel v. Acunto*, No. 11-62422-CIV, 2014 WL 4680738, at *5 (S.D. Fla. Sept. 19, 2014) (denying motion for protective order and noting that § 655.059 allows financial records to be disclosed "pursuant to a subpoena"); *Rasmussen v. Cent. Fla. Council Boy Scouts of Am., Inc.*, No. 607CV1091ORL19GJK, 2010 WL 11508114, at *3 (M.D. Fla. Jan. 22, 2010) (because "[§ 655.059] provides that records of financial institutions . . . shall be made available pursuant to a subpoena," "the Court finds that the Rasmussens' objection to the subpoena, based on confidentiality grounds, to be a hollow objection."); *Laterza v. JPMorgan Chase Bank*, N.A., 221 F.Supp.3d 1347, 1351 (S.D. Fla. 2016) (bank had no duty to keep confidential financial records that "[§ 655.059] requires a bank to disclose . . . when compelled by a court of competent jurisdiction"); *Mehrbach v. Citibank*, N.A., 316 F. Supp. 3d 264, 272 (D.D.C. 2018) (Florida case law indicates that "financial institutions like Citibank are not just within their right to disclose customers' information, but they are required to do so [under § 655.059(1)(e)]").

Likewise, the Bank's halfhearted argument that disclosure of the requested financial information is barred by Florida's Constitution misses the mark. [D.E. 78 at 3]. As multiple courts have found, the right to privacy enshrined in Florida's constitution does not apply in a scenario such as this one, where the right is not invoked by a natural person and the disclosure is not sought pursuant to

governmental action but rather through a subpoena issued by a private party in satisfaction of money judgment in a civil suit. *See Frenkel*, 2014 WL 4680738 at *4 (refusing to extend the right of privacy under Florida's Constitution to non-parties objecting to subpoena); *Gabriel v. G2 Secure Staff, LLC*, 225 F.Supp.3d 1370, 1372 (S.D. Fla. 2016) (noting that Article I, Section 23 does not "automatically protect a Plaintiff from discovery into her relevant financial transactions in civil litigation"); *Resha v. Tucker*, 670 So.2d 56, 58 (Fla. 1996) ("The language of th[e] constitutional provision clearly provides that it applies only to government action.").

To the extent that Sunstate alleges confusion or undue burden stemming form the requests in the subpoena, such assertions are belied by the Bank's reply wherein it was seamlessly able to confirm that, "[w]ithout waiving confidentiality, in the instant matter, there is only one 'person' subject to the Subpoena. The account is being held in accordance with OFAC directives. The account is blocked and the 'person' is not a named party in these proceedings." [D.E. 84 at 2]. It is unclear whether the Bank intends its reply to serve as a response to the subpoena, but any such intention would be misguided. Moreover, as Plaintiffs' response points out, the requests are narrow "sufficient-to-show" requests, that could be met with the production of a single document, such as a spreadsheet. [D.E. 82 at 4]. Thus, it appears that the Bank is not only capable of complying with the subpoena, but that it has already compiled some of the information it needs to comply with the outstanding requests.

In sum, we find no legal or factual grounds to support a protective order in this case. As noted above, the Bank's confidentiality objections lack merit, and the motion has failed to make a showing of undue burden or hardship that may justify the imposition upon Plaintiffs of costs and fees associated with complying with the subpoena.[5]

### III.   CONCLUSION

For the foregoing reasons, Sunstate's motion for a protective order is **DENIED**. Sunstate is hereby ORDERED to comply with the subpoena duces tecum served on it by the Judgment Creditors within **seven (7) days** of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of July, 2023.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[5] Likewise, and contrary to Plaintiffs' assertions, we do not think that under the circumstances the Bank should be subjected to monetary sanctions or be ordered to pay for Plaintiffs' fees in responding to the motion for protective order.