## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 21-20706-Civ-GAYLES/TORRES

MEUDY ALBÁN OSIO in her personal capacity,
And in her capacity as the personal representative
of the Estate of FERNANDO ALBERTO ALBÁN,
FERNANDO ALBÁN OSIO, and MARIA FERNANDA
ALBÁN OSIO,

    *Plaintiffs,*

v.

NICOLAS MADURO MOROS; FUERZAS
ARMADAS REVOLUCIONARIAS DECOLOMBIA
("FARC"); THE CARTEL OF THE SUNS A.K.A.
CARTEL DE LOS SOLES; VLADIMIR PADRINO
LOPEZ; MAIKEL JOSE MORENO PEREZ; NESTOR
LUIS REVEROL TORRES; and TAREK WILLIAM
SAAB,

    *Defendants.*
_____/

## REPORT AND RECOMMENDATION ON
## PLAINTIFFS' MOTION FOR WRIT OF EXECUTION

This cause comes before the Court on Plaintiffs' Motion for a Writ of Execution [D.E. 94] pertaining to the Learjet 45 (Tail Number YV2730) ("Learjet 45"), currently impounded at the Fort Lauderdale-Hollywood International Airport and owned by Petroleos de Venezuela, S.A. ("PDVSA"). Defendants have not filed a response to the motion and the time to do so has passed. Additionally, no third parties have filed objections to Plaintiffs' motion and a reasonable time has passed. The motion,

1

therefore, is ripe for disposition.[1] After careful review of the motion, supplement [D.E. 105], evidence of record, and relevant authorities, we recommend that Plaintiffs' motion be **GRANTED** and a writ of execution be issued by the clerk as to Learjet 45.

## I.   BACKGROUND

This lawsuit stems from Defendants' kidnapping, torture, and murder of Plaintiffs' decedent, Fernando Alberto Alban. On August 4, 2023, final default judgment was entered in Plaintiffs' favor on all eight counts of their complaint [D.E. 1] for a total judgment of $217,000,000.00.

To date, no evidence exists of Defendants making payment towards that judgment debt. Plaintiffs' pending motion, therefore, seeks a writ of execution against the Learjet 45 to obtain partial payment of the judgment (i.e., the value of the Learjet 45) pursuant to Florida law and the Terrorism Risk Insurance Act ("TRIA"). The Learjet 45 is owned by PDVSA and is being held at the Fort Lauderdale-Hollywood International Airport. Plaintiffs contend that the PDVSA is an instrumentality or agency of Defendants, Cartel of the Suns (the "Cartel") and Nicolas Maduro Moros. Currently prohibiting the release of the Learjet 45 is the Office of Foreign Assets Control ("OFAC"), who ostensibly requires a court order to release the Learjet 45.

While Plaintiffs sought the issuance of an *ex parte* writ, the Court required that Plaintiffs supplement their motion to confirm that written notice has been provided to interested parties. Plaintiffs indeed filed that supplement on April 30,

---

[1] On January 5, 2024, the Honorable Darrin P. Gayles referred this matter to the Undersigned Magistrate Judge for disposition. [D.E. 96].

2

2024, and confirmed that they provided written notice to interested parties. [D.E. 105]. No opposition from Defendants or non-parties has been filed. [D.E. 105].

## II.     APPLICABLE LAW AND PRINCIPLES

Under Federal Rule of Civil Procedure 69(a)(1), "[t]he procedure on execution … must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Consequently, here, Florida law governs the writ of execution process and the TRIA governs whether the Court may issue a writ of execution upon property that the OFAC has blocked. *See Marron v. Moros*, No. 21-23190-CIV, 2023 WL 6356969, at *4 (S.D. Fla. Sept. 29, 2023) ("This means that Florida law provides the rules of procedure governing execution, and TRIA provides the substantive provisions that allow for executing on assets that OFAC has blocked.").

In Florida, "an execution is valid and effective during the life of the judgment, order, or decree on which it is issued." § 56.021, Fla. Stat. A three-step process governs writs of execution. First, a writ of execution issues. §§ 56.031, 56.061, Fla. Stat. Second, the sheriff (or in this case, the U.S. Marshal) levies on the property. § 56.061, Fla. Stat.; 28 U.S.C. § 566. Third, the U.S. Marshal advertises a notice of sale for four consecutive weeks prior to selling the property. Fla. Stat. § 56.21.

While under Florida law a writ of execution may be automatic, in this instance, the Court must determine whether the Learjet 45 falls within the TRIA's purview.

3

### *III.   ANALYSIS*

Because the PDVSA is the third-party owner of the Learjet 45, the crux of the Court's analysis is whether the Learjet 45 may be subject to a writ of execution under the TRIA. While Plaintiffs also preemptively address an anticipated objection under the Foreign Sovereign Immunities Act, seeing that no objection has been lodged, the Court does not deem it necessary or appropriate to address that argument.

Under Section 201(a) of the TRIA, victims of international terrorism are permitted to execute upon "the blocked property not only of the defendant terrorist/judgment debtor, but also the defendant's agency or instrumentality." *Marron*, 2023 WL 6356969, at *8. Indeed, "[a]s relevant here, § 201(a) of the [TRIA], codified as a note to 28 U.S.C. § 1610, provides that '[n]otwithstanding any other provision of law ... the blocked assets of [a] terrorist party [against which a judgment is obtained] (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment.'" *Stansell v. Revolutionary Armed Forces of Colombia*, 45 F.4th 1340, 1346 (11th Cir. 2022) (*Stansell V*).

There are four requirements "to execute on or attach the assets of a third party who is alleged to be an agency or instrumentality of a terrorist party." *Id*. at 1347. First, the movant must prove that "he obtained a judgment against a terrorist party for a claim based on an act of terrorism." *Id*. Second, the movant must prove "the amount sought to be executed … does not exceed the compensatory damages awarded to the movant." *Id*. Third, the third party's asset must be "blocked." *Id*. Lastly, the

4

third party must be "an agency or instrumentality of the terrorist party." *Id.* (citing *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713 (11th Cir. 2014) (*Stansell II*)).

We will address in turn the four requirements, against which no opposition has been filed.

### A. *Whether a proper judgment was obtained*

First, we must determine whether Plaintiffs obtained a judgment against a terrorist party for an act of terrorism. *Id.* Specifically, Plaintiffs must demonstrate that Defendants are a "terrorist organization" who committed "terrorist activity" under 8 U.S.C. § 1182(a)(3)(B)(iii). Terrorist activity includes "assassination" and/or "the use of any … weapon or dangerous device … with intent to endanger … the safety of one or more individuals." § 1182(a)(3)(B)(iii)(V)(b).

Here, as the Court found in its since-adopted Report and Recommendation on Plaintiffs' summary judgment motion, the Defendant-Cartel is a group of two or more persons; is responsible for killing Mr. Alban; and is responsible for using weapons or dangerous devices in the torture of Mr. Alban. Thus, under TRIA § 201, Defendants are a "terrorist organization" who engaged in "terrorist activity." Additionally, it cannot be disputed that Plaintiffs obtained a judgment based on these terrorist acts. [D.E. 59]. Thus, the first requirement is met.

### B. *Whether the amount sought exceeds the compensatory damages*

Plaintiffs seek $217,000.00 from the proposed sale of the Learjet 45. [D.E. 94-2]. The compensatory damage award, meanwhile, is $65,000,000.00. [D.E. 59]. This requirement is therefore met.

### C. *Whether the asset is blocked*

Whether an asset is "blocked" can be "definitively established by the fact that OFAC has taken action against the alleged agency or instrumentality under TWEA or IEEPA." *Stansell II*, 771 F.3d at 726. Here, Plaintiffs have demonstrated that PDVSA (the owner of Learjet 45) has been designated by OFAC and therefore its assets are subject to OFAC blocking; the Learjet 45 is thus blocked by OFAC. [D.E. 94-40] (article from the U.S. Department of the Treasury noting that PDVSA has been designated by OFAC). Thus, the third requirement is met.

### D. *Whether PDVSA is an agency or instrumentality of Defendants*

In the Eleventh Circuit, "[a] third party who provides material support to a terrorist at any point in time constitutes an agency or instrumentality, even if they purportedly stopped aiding the terrorist." *Marron*, 2023 WL 6356969, at *13 (citing *Stansell V*, 45 F.4th at 1350).

Here, we lean heavily on OFAC's determinations regarding PDVSA; indeed, the "decision of the OFAC is entitled to great deference, and should be reversed only if arbitrary and capricious." *De Cuellar v. Brady*, 881 F.2d 1561, 1565 (11th Cir. 1989); *see also Paradissiotis v. Rubin*, 171 F.3d 983, 987 (5th Cir. 1999) (noting that an OFAC designation "receives an even greater degree of deference than the *Chevron*

standard, and must prevail unless plainly inconsistent with the regulation"). OFAC has designated PDSVA pursuant to Executive Orders 13850 and 13884 because PDVSA supports Mr. Maduro in orchestrating illegal activity.

Indeed, OFAC has recognized that designating "PDVSA will help prevent further diverting of Venezuela's assets by Maduro" and that "PDVSA has long been a vehicle for corruption." [D.E. 40]. Additionally, OFAC has identified PDVSA as the "primary conduit for corruption" by Maduro and described PDVSA as a Maduro-created "secret network to evade sanctions" and to "plunder Venezuela's resources for personal gain." [D.E. 45]. To date, PDVSA remains designated by OFAC. [*Id*.].

Thus, we see no reason—and have little option—to stray from OFAC's designation and findings. *See Stansell v. Revolutionary Armed Forces of Colombia*, No. 19-20896-CV, 2019 WL 5291044, at *7 (S.D. Fla. Aug. 21, 2019), *report and recommendation adopted sub nom.*, 2019 WL 5290922 (S.D. Fla. Sept. 26, 2019) (holding that an entity was an agency or instrumentality of a terrorist organization because, in part, "we must give great deference to OFAC with regard to its designation of El Aissami and Lopez Bello as SDNTs") (citing *De Cuellar*, 881 F.2d at 1565); *Stansell v. Revolutionary Armed Forces of Colombia (FARC)*, No. 8:09-CV-2308-T-26MAP, 2013 WL 12203820, at *6 (M.D. Fla. Apr. 19, 2013) (same); *Marron*, 2023 WL 6356969 at *14 (same).

Accordingly, because all four requirements of TRIA § 201 and *Stansell* are satisfied, we recommend that a writ of execution be entered.[2]

---

[2] We also are conscious of the TRIA's notice requirement, § 1610(c). The Court has satisfied this requirement by ordering Plaintiffs [D.E. 102] to submit a supplement

### *IV.    CONCLUSION*

For the reasons set forth above, we **RECOMMEND** that Plaintiffs' Motion for Writ of Execution [D.E. 94] be **GRANTED**, and that the clerk issue a writ of execution upon the Learjet 45 (Tail Number YV2730) in accordance with Plaintiffs' proposed writ of execution. [D.E. 94-2].

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the Court finds good cause to expedite objections. Accordingly, the parties and any non-parties have seven (7) days from service of this Report and Recommendation within which to file written objections, if any, to the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this **10th** day of June, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

to confirm all interested parties have been served with Plaintiffs' motion. That supplement was submitted over one month ago; thus, a reasonable time has passed for objections. [D.E. 105].