UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20706-GAYLES/TORRES

MEUDY ALBÁN OSIO in her personal capacity,
And in her capacity as the personal representative
of the Estate of FERNANDO ALBERTO ALBÁN,
FERNANDO ALBÁN OSIO, and MARIA FERNANDA
ALBÁN OSIO,

    *Plaintiffs,*

v.

NICOLAS MADURO MOROS; FUERZAS
ARMADAS REVOLUCIONARIAS DECOLOMBIA
("FARC"); THE CARTEL OF THE SUNS A.K.A.
CARTEL DE LOS SOLES; VLADIMIR PADRINO
LOPEZ; MAIKEL JOSE MORENO PEREZ; NESTOR
LUIS REVEROL TORRES; and TAREK WILLIAM
SAAB,

    *Defendants.*
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR TURNOVER JUDGMENT AS TO BLOCKED FUNDS

This cause comes before the Court on Plaintiffs' Motion For a Final Turnover Judgment as to the Blocked Funds of Instituto Nacional de Aeronautica Civil ("INAC"), an instrumentality of Defendants / Judgment Debtors, Nicolas Maduro Moros and the Cartel of the Suns. [D.E. 112]. No response or objection has been filed by Defendants or any non-party (aside from Italbank's answer to the writ of garnishment), and a reasonable time to do so has passed. Thus, upon careful review of the motion, Italbank's answer to Plaintiffs' writ of garnishment, relevant authority, and the relevant portions of the record, and for the reasons set forth below, we

1

recommend that Plaintiffs' motion be **GRANTED** and a judgment be entered in Plaintiffs' favor.[1]

## I.  BACKGROUND

This lawsuit stems from Defendants' kidnapping, torture, and murder of decedent Fernando Alberto Alban. On August 4, 2023, final default judgment was entered in Plaintiffs' favor on all eight counts of their complaint [D.E. 1] for a total judgment of $217,000,000.00.

To date, no evidence exists of Defendants making payment towards that judgment debt. Thus, on March 1, 2024, Plaintiffs moved for a writ of garnishment seeking approximately $7,000,000.00 in certain INAC funds held by Italbank. IN response, Italbank noted in its answer to the writ of garnishment that it has "in its possession a deposit account in the name of INAC in the amount of $7,623,461.17 [("the Blocked Funds")] as of May 7, 2024, which is a blocked account under OFAC regulations." [D.E. 108-1 at 3]. Italbank further noted, however, that it will not turn the funds over to Plaintiffs due to Italbank's concern that Plaintiffs require a license from OFAC. [D.E. 108].[2]

---

[1] On July 11, 2024, the Honorable Darrin P. Gayles referred this matter to the Undersigned Magistrate Judge for disposition. [D.E. 118].

[2] Before ruling on the motion the Court directed Plaintiff to expressly certify service of the motion on Italbank. Since the filing of such certification, no response has been filed in opposition to the motion by Italbank. Indeed Plaintiffs have further certified that they conferred with Italbank and Italbank no longer opposes the relief sought. [D.E. 120]. But we will nonetheless, out of an abundance of caution, address Italbank's initial objection regarding the OFAC licensing requirement.

2

Italbank's answer was docketed on May 8, 2024, and neither INAC nor any Judgment Debtor has objected. Thus, Plaintiffs now move for a judgment directing Italbank to turnover the Blocked Funds to Plaintiffs.

## II.     ANALYSIS

First, we will determine whether Plaintiffs have satisfied their notice requirements before establishing whether Plaintiffs are entitled to the judgment sought.

### A. *Notice Requirements*

Under § 77.055, Fla. Stat., the following notice requirements are imposed after an answer to a writ of garnishment has been served:

> Within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. The plaintiff shall serve these documents on the defendant at the defendant's last known address and any other address disclosed by the garnishee's answer and on any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account, or property controlled by the garnishee. The plaintiff shall file in the proceeding a certificate of such service.

Here, one day after receiving and docketing Italbank's answer to the writ of garnishment, Plaintiffs docketed a notice of compliance with § 77.055, which included certification that Plaintiffs served by mail on each Defendant a copy of Italbank's answer, and a notice to Defendants at each of Defendants' last known addresses regarding their right to object and/or move to dissolve the writ of garnishment. [D.E. 109]. More than twenty days have passed since Italbank's answer and since Plaintiffs'

certificate of compliance, and no party has filed any objection or motion to dissolve Plaintiffs' writ.

Additionally, Plaintiffs have certified in a supplement to this motion that they have served the pending motion on Italbank and have once again conferred in good faith with Italbank. [D.E. 120].

Accordingly, because Plaintiffs' notice of compliance satisfies § 77.055, Fla. Stat., and because Italbank has been provided notice of the pending motion, Plaintiffs have met their notice requirements.

### B. *OFAC License Requirement*

Next, we analyze Italbank's initial objection that, as a requirement to Italbank turning over the Blocked Funds to Plaintiffs, Plaintiffs must provide either an OFAC license or a "statement" from the United States.

In our Order granting Plaintiffs' Motion for Writ of Garnishment, this Court held that Plaintiffs met their *prima facie* burden of entitlement to the garnished, blocked funds under the Terrorism Risk Insurance Act ("TRIA"). [D.E. 101]. Seeing no need to disturb nor rewrite this finding, the Court will operate under its previous holding that Plaintiffs have met that respective burden.

Explicit in that analysis is the finding that Plaintiffs are victims of international terrorism and that INAC is an instrumentality of the Cartel of the Suns. [*Id.* at 4]. Consequently, the law is clear that under the TRIA, Plaintiffs— victims of international terrorism who seek to garnish funds from a terrorist instrumentality—*do not* require an OFAC license to execute on the Blocked Funds.

4

*See Stansell v. Revolutionary Armed Forces of Colombia*, No. 19-20896-CV, 2019 WL 10378257, at *2 (S.D. Fla. Aug. 26, 2019) ("The law supports Plaintiffs' position, which indicates that TRIA judgment holders are exempt from OFAC's licensure requirements when attaching and executing on blocked assets of a terrorist party's agent or instrumentality."); *Stansell v. Revolutionary Armed Forces of Colombia*, No. 8:09-CV-2308-T-36AAS, 2019 WL 2537791, at *5 (M.D. Fla. June 20, 2019) ("Thus, Plaintiffs and the United States argue that Plaintiffs do not need an OFAC license for execution of Kingpin Act blocked assets under the TRIA on these specific facts. The Court agrees."); *Est. of Heiser v. Bank of Tokyo Mitsubishi UFJ, New York Branch*, 919 F. Supp. 2d 411, 422 (S.D.N.Y. 2013) (relying on a Statement of Interest from the United States pursuant to U.S.C. § 517 which provided that "in the event a court determines that blocked assets are subject to TRIA, those funds may be distributed without a license from OFAC").

Thus, Italbank's objection that Plaintiffs must provide an OFAC license or a "statement" from the United States before turning over the funds is wholly without merit and should be rejected.

Therefore, because Plaintiffs, pursuant to the TRIA, do not require an OFAC license to obtain the Blocked Funds nor do they require a "statement" from the United States, we recommend that Plaintiffs' motion be granted.

### III.   CONCLUSION

For the reasons set forth above, we recommend that Plaintiffs' motion be **GRANTED**, and a judgment be entered directing Italbank to turnover to Plaintiffs

5

the Blocked Funds; i.e., the $7,623,461.17 (plus accrued interest beginning from May 7, 2024) that Italbank holds on behalf of INAC as identified in Italbank's answer to Plaintiffs' writ of garnishment.

This Report and Recommendation does not encompass the funds that Italbank ostensibly holds (according to Plaintiffs) in the form of a CD in the name of Instituto Aeropuerto Nacional de Maiquetia.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the Court finds good cause to expedite objections. Accordingly, the parties and any non-parties have seven (7) days from service of this Report and Recommendation within which to file written objections, if any, to the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 17th day of July, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
Chief United States Magistrate Judge