UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20706-GAYLES/TORRES

MEUDY ALBÁN OSIO in her personal capacity,
And in her capacity as the personal representative
of the Estate of FERNANDO ALBERTO ALBÁN,
FERNANDO ALBÁN OSIO, and MARIA FERNANDA
ALBÁN OSIO,

    *Plaintiffs,*

v.

NICOLAS MADURO MOROS; FUERZAS
ARMADAS REVOLUCIONARIAS DECOLOMBIA
("FARC"); THE CARTEL OF THE SUNS A.K.A.
CARTEL DE LOS SOLES; VLADIMIR PADRINO
LOPEZ; MAIKEL JOSE MORENO PEREZ; NESTOR
LUIS REVEROL TORRES; and TAREK WILLIAM
SAAB,

    *Defendants.*
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR TURNOVER JUDGMENT AS TO BLOCKED FUNDS

This cause comes before the Court on Plaintiffs' Motion For a Final Turnover Judgment as to the Blocked Funds of Instituto Aueropuerto de Maiquetia ("Airport"), an instrumentality of Defendants / Judgment Debtors, [D.E. 155]. No response or objection has been filed by Defendants or any non-party (aside from Italbank's answer to the writ of garnishment), and a reasonable time to do so has passed. Thus, upon careful review of the motion, Italbank's answer to Plaintiffs' writ of garnishment, relevant authority, and the relevant portions of the record, and for the reasons set

1

forth below, we recommend that Plaintiffs' motion be **GRANTED** and a judgment be entered in Plaintiffs' favor.[1]

## I. BACKGROUND

This lawsuit stems from Defendants' kidnapping, torture, and murder of Plaintiffs' decedent, Fernando Alberto Alban. On August 4, 2023, final default judgment was entered in Plaintiffs' favor on all eight counts of their Complaint for a total judgment of $217,000,000.00.

To help satisfy that judgment, Plaintiffs moved for a writ of garnishment [D.E. 97], in which they sought $244,712.33 from a CD account and $252,030.00 from a checking account that purportedly belong to the Airport. After the Court granted the writ [D.E. 101], the garnishee, Italbank, served its answer. [D.E. 108]. In its answer, Italbank confirmed that it holds the subject funds in the Airport's name. Plaintiffs now move for a judgment to direct Italbank to turnover the subject funds to Plaintiffs.

## II. ANALYSIS

First, we will determine whether Plaintiffs have satisfied their notice requirements under Florida law before establishing whether Plaintiffs are entitled to the judgment sought.

### A. *Notice Requirements*

Under § 77.055, Fla. Stat., the following notice requirements are imposed after an answer to a writ of garnishment has been served:

---

[1] On September 12, 2024, the Honorable Darrin P. Gayles referred this matter to the Undersigned Magistrate Judge for disposition. [D.E. 159].

2

> Within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. The plaintiff shall serve these documents on the defendant at the defendant's last known address and any other address disclosed by the garnishee's answer and on any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account, or property controlled by the garnishee. The plaintiff shall file in the proceeding a certificate of such service.

Here, Plaintiffs demonstrated through a certificate of service that they served a copy of Italbank's answer to the writ of garnishment upon Defendants, and advised Defendants that they must move within 20 days to dissolve the writ. [D.E. 145]. Further, more than twenty days have passed since Plaintiffs' service of the answer, and no objection to, or motion to dissolve, the writ has been filed.

Additionally, Plaintiffs have certified in a supplement to this motion that they have served the pending motion on Italbank and have conferred with Italbank, who does not oppose the relief sought. [D.E. 172].

Accordingly, Plaintiffs have complied with § 77.055 and have met their notice requirements.

### B. *TRIA Requirements*

Further, this Court has already established Plaintiffs' entitlement to the subject funds under the Terrorism Risk Insurance Act ("TRIA"), and see no reason to disturb that finding here. Specifically, the Court has found that: (1) Plaintiffs have sufficiently shown that the Airport is an agency or an instrumentality of the Defendants, the Cartel and/or Mr. Maduro; (2) Plaintiffs are victims of international

terrorism; (3) the amount sought by Plaintiffs in the moved-for judgment does not exceed their compensatory damage award of $217,000,000.00; and (4) the subject funds are blocked. *See* [D.E. 101] (holding that Plaintiffs have satisfied the requirements to garnish the subject funds under *Stansell v. Revolutionary Armed Forces of Columbia ("Stansell V")*, 45 F.4th 1340, 1346 (11th Cir. 2022)).

Thus, because Plaintiffs have satisfied the requirements of both Florida law and the TRIA, and no objection has been lodged by the garnishee, Defendants, or any other party, Plaintiffs' motion should be **GRANTED**.

### III.  CONCLUSION

For the reasons set forth above, we recommend that Plaintiffs' Motion for a Final Turnover Judgment [D.E. 155] be **GRANTED**, and a judgment be entered directing Italbank to turnover to Plaintiffs the subject funds; i.e., the $244,712.33 that Italbank has represented it holds in the Instituto Aueropuerto de Maiquetia's name via a CD account, and the $252,030.00 Italbank has represented it holds in the Instituto Aueropuerto de Maiquetia name via a checking account.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the Court finds good cause to expedite objections. Accordingly, the parties and any non-parties have seven (7) days from service of this Report and Recommendation within which to file written objections, if any, to the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions

included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE and SUBMITTED** in Chambers in Miami, Florida this 1st day of October, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge