# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
## CASE NO. 1:21-cv-20706-DPG

MEUDY ALBÁN OSIO in her personal capacity
And in her capacity as the personal representative
of the Estate of FERNANDO ALBERTO ALBÁN,
FERNANDO ALBÁN OSIO, and MARIA
FERNANDA ALBÁN OSIO,

    Plaintiffs / Judgment Creditors,

v.

NICOLAS MADURO MOROS,
FUERZAS ARMADA REVOLUCIONARIAS
DE COLUMBIA ("FARC"); THE CARTEL OF
THE SUNS A.K.A. CARTEL DE LOS SOLES;
VLADIMIR PADRINO LOPEZ; MAIKEL
JOSE MORENO PEREZ; NESTOR LUIS
REVEROL TORRES; and TAREK WILLIAM
SAAB

    Defendants / Judgment Debtors.
_____/

## JUDGMENT CREDITORS' MOTION FOR FINAL TURNOVER JUDGMENT AS TO BLOCKED PDVSA FUNDS

On June 10, 2024, this Court held that Judgment Creditors met their *prima facie* burden of showing that Petroleos de Venezuela, S.A. ("PDVSA") is an instrumentality of Judgment Debtors. ECF No. 110, *adopted* ECF No. 113. As a result, this Court granted Judgment Creditors' motion for writ of garnishment directed to M&T Bank Corporation ("M&T") for blocked assets of the PDVSA and its wholly owned subsidiary the PdVSA Pension Fund, which operates through several certificate holders owned by the PDVSA—"APJ International," "APJ PDV," and "Fondo Prev Trab PDVSA" (collectively, "Certificate Holders"). On September 4, 2024, the Court issued a Writ of Garnishment (ECF No. 150) and, on September 20, 2024, M&T answered the Writ of Garnishment confirming that it is still holding blocked funds (ECF No. 164).

The 20-day window for PDVSA, PdVSA Pension Fund Certificate Holders, or the Judgment Debtors to move under Fla. Stat. § 77.055 expired on October 15, 2024, and no party appeared to object to the garnishment of the blocked funds. As a result, Judgment Creditors

respectfully move for a final order directing M&T to turn over to Judgment Creditors the $7,677,084.39 (plus accrued interest) in blocked PDVSA / PdVSA Pension Fund Certificate Holders funds from the accounts.[†]

**RELEVANT PROCEDURAL HISTORY**

As this Court has recognized, Defendants / Judgment Debtors kidnapped, tortured, and murdered Mr. Albán. *See* ECF No. 56, *adopted by* ECF No. 58; ECF No. 89, *adopted by* ECF Nos. 90 & 91. Moreover, "the kidnapping, torture, and murder of Mr. Albán violated the Florida ATA because they occurred pursuant to a narco-terrorism conspiracy designed to flood Florida with cocaine and to launder the illegal drug money through Florida . . . ." ECF No. 89 at 12.

On August 30, 2024, Judgment Creditors moved for a writ of garnishment on blocked PDVSA / PdVSA Pension Fund Certificate Holders funds. ECF No. 149. The Court earlier found that Judgment Creditors met a *prima facie* burden of showing that PDVSA is an instrumentality of Maduro and the Cartel. ECF No. 110 at 6-7. As the Court recognized, OFAC designated and blocked PDVSA to "help prevent further diverting of Venezuela's assets by Maduro," and "PDVSA has long been a vehicle for corruption." *Id.* at 7 (quoting ECF No. 40). The Court further recognized that "OFAC has identified PDVSA as the 'primary conduit for corruption' by Maduro and described PDVSA as a Maduro-created 'secret network to evade sanctions' and to 'plunder Venezuela's resources for personal gain.'" *Id.* at 7 (quoting ECF No. 45).

Accordingly, on September 4, 2024, the Court issued a Writ of Garnishment, directed to M&T. ECF No. 150. Judgment Creditors timely served the writ in compliance with Florida Stat. § 77.041. *See* ECF No. 151 (certificate of service in compliance with Fla. Stat. § 77.041).

On September 20, 2024, M&T answered the Writ of Garnishment. ECF No. 164. In its answer, M&T confirmed that it and its subsidiaries are holding $7,677,084.39 in blocked funds for certificate holders APJ International, APJ PDV, and Fondo Prev Trab PDVSA, which M&T adds are "each part of the PdVSA Pension Fund which is owned by [PDVSA]." *Id.* at 1.[‡] Judgment

---

[†] Plaintiffs / Judgment Creditors conferred with in-house counsel for M&T regarding its position on this motion. M&T's position is that (i) Judgment Creditors need an OFAC license and (ii) PDVSA should be represented by counsel. Plaintiffs / Judgment Creditors informed M&T that they do not oppose allowing M&T to withhold $5,000 in administrative fees pursuant to its OFAC license.

[‡] This comprises $6,469,767.79 held by M&T through its subsidiaries Wilmington Trust Company; and €590,532.00 through State Street Bank and Trust Company (equal to $664,407.47 as of

Creditors timely served a copy of M&T's answer to the Writ of Garnishment in compliance with Fla. Stat. § 77.055. *See* ECF No. 166 (notice of compliance with Fla. Stat. § 77.055).

## ARGUMENT

Neither PDVSA, PdVSA Pension Fund Certificate Holders, nor any Judgment Debtor appeared to object to the garnishment. As shown below, Judgment Creditors are entitled to a final order directing garnishee M&T to turn over the blocked funds to Judgment Creditors.

### I.   Plaintiffs Satisfy TRIA's Collection Requirements.

TRIA's requirements for garnishing the blocked funds are amply satisfied here. Judgment Creditors have obtained a judgment against a terrorist based on an act of terrorism; the assets they seek are blocked; and the assets are owned by an agency or instrumentality of the judgment debtor.

***First***, the Court has already concluded that "Plaintiffs' judgment is for acts of terrorism." ECF No. 101 at 5 ("Plaintiffs satisfy the INA's definition in several ways, any one of which is sufficient to satisfy TRIA. . . . Mr. Albán was assassinated for political reasons) (internal quotations omitted); ECF No. 56 at 18 ("The high-profile kidnapping and murder of Mr. Albán by Maduro regime agents was designed to deter other opposition members from speaking out against the Venezuelan government."). furthermore, the Court has found that Defendants constitute a "terrorist organization." ECF No. 110 at 5-6.

***Second***, the amount sought does not exceed Judgment Creditors' compensatory damages. The Court awarded Judgment Creditors $217 million in compensatory damages, plus accrued interest. ECF No. 90; *see* ECF No. 113 at 2. The amounts collected by the Judgment Creditors have been applied to accrued interest, and the entire principal amount of the judgment still remains outstanding. *See, e.g.*, *Devex Corp. v. Gen. Motors Corp.*, 749 F.2d 1020, 1025 n.6 (3d Cir. 1984) (explaining that "[t]he United States rule, which provides that payments be applied first to accrued interest and then to principal, has been followed by the federal courts for almost a century and a half," and holding that the United States rule applies under 28 U.S.C. § 1961 unless the parties agree otherwise) (collecting cases).

***Third***, the funds at issue have been and remain blocked. *See* ECF No. 164 at 1. M&T has in its possession $7,677,084.39 in blocked funds, comprising $6,469,767.79 held at Wilmington

---

September 10, 2024); and €482,543.00 held at The Carlyle Group (equal to $542,909.13 as of September 10, 2024). Id.

Trust Company; €590,532.00 held at State Street Bank and Trust Company (equal to $664,407.47 as of September 10, 2024); and €482,543.00 held at The Carlyle Group (equal to $542,909.13 as of September 10, 2024). *Id.* M&T's answer states that its subsidiary is trustee for the CID Private Equity Europe Trust, whose certificate holders are "APJ International, APJ PDV, and Fondo Prev Trab PDVSA," each of which lists the PDVSA as its address (Ave Libertador La Campina EDF PDVSA, Torre Este 8 Floor, Caracas, Venezuela) and each of which is "part of the PdVSA Pension Fund which is owned by [the PDVSA]." *Id.*

***Fourth***, the Court correctly found that PDVSA is an instrumentality of Maduro and the Cartel. ECF No. 110 at 6-7. Indeed, "OFAC has identified PDVSA as the 'primary conduit for corruption' by Maduro and described PDVSA as a Maduro-created 'secret network to evade sanctions' and to 'plunder Venezuela's resources for personal gain.'" *Id.* at 7 (quoting ECF No. 45). PdVSA Pension Fund is a wholly-owned subsidiary of PDVSA and its Certificate Holders are owned by PDVSA and serve as instrumentalities of Judgment Debtors. *See* ECF No. 149 at 1 & n.1; ECF No. 164 at 1 (confirming that "the certificate holders are each part of the PdVSA Pension Fund which is owned by [PDVSA], which is designated on the U.S. Treasury's Office of Foreign Assets Control (OFAC) SDN list of blocked entities subject to U.S. sanctions programs"); *see also* 31 C.F.R. § 591.406 ("Persons whose property and interests in property are blocked pursuant to § 591.201 [which includes Venezuela sanctions] have an interest in all property and interests in property of an entity in which such persons directly or indirectly own, whether individually or in the aggregate, a 50 percent or greater interest.")

## II. Neither PDVSA, PdVSA Pension Fund Certificate Holders, Nor Any Other Party Objected to the Writ of Garnishment.

Judgment Creditors complied with all of the applicable statutory notice requirements, and neither PDVSA, PdVSA Pension Fund Certificate Holders, nor any of the Judgment Debtors (or any other party for that matter) appeared to object to the writ of garnishment.

Florida law requires mailing a Notice to Defendant within five business days after the issuance of the writ and provides that, if the Defendant/Judgment Debtor seeks to claim an exemption from garnishment, the Defendant/Judgment Debtor "must file the [exemption] form with the clerk's office within 20 days after you receive this notice." Fla. Stat. § 77.041. Judgment Creditors timely mailed the Notice to Defendants/Judgment Debtors, PDVSA, and PdVSA Pension Fund Certificate Holders APJ International, APJ PDV, and Fondo Prev Trab PDVSA on

September 5, 2024. ECF No. 151 The time to file an exemption expired on September 25, 2024, and no party appeared to claim an exemption from garnishment.

Florida law also requires mailing the Defendant/Judgment Debtor, within five days after service of the garnishee's answer, a copy of the garnishee's answer and a notice "advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice." Fla. Stat. § 77.055. Judgment Creditors again timely served M&T's answer and the notice of rights on Judgment Debtors, PDVSA, and PdVSA Pension Fund Certificate Holders APJ International, APJ PDV, and Fondo Prev Trab PDVSA on September 23, 2024. ECF No. 166. The time to move to dissolve expired on October 15, 2024, and neither Judgment Debtors nor PDVSA, PdVSA Pension Fund Certificate Holders (nor any other party) moved to dissolve the writ.

### III. No OFAC License Is Necessary for M&T to Comply with a Turnover Order and PDVSA Need Not Be Represented by Counsel in These Proceedings.

It is the law of the case that no OFAC license is necessary for Plaintiffs / Judgment Creditors to obtain assets pursuant to a turnover order issued in accordance with TRIA. ECF No. 121 at 5 ("Italbank's objection that Plaintiffs must provide an OFAC license or a 'statement' from the United States before turning over the funds is wholly without merit and should be rejected.") (collecting cases). For the same reasons, a garnishee does not need an OFAC license to comply with a turnover order. *Id.*

It is likewise law of the case that PDVSA need not be represented by counsel before Plaintiffs / Judgment Creditors can obtain its blocked funds under a TRIA turnover order as Judgment Creditors have complied with all required statutory notices and PDVSA has chosen not to appear. *See id.* (recommending turnover of PDVSA assets where no counsel appeared on behalf of PDVSA); *see generally* ECF No. 125 (adopting ECF No. 121).

### LOCAL RULE 7.1(a)(3) CERTIFICATION

The undersigned certifies that Judgment Creditors' counsel conferred with in-house counsel for M&T regarding its position on this motion. M&T's position is that (i) Judgment Creditors need an OFAC license and (ii) PDVSA should be represented by counsel. Plaintiffs / Judgment Creditors informed M&T that they do not oppose allowing M&T to withhold $5,000 in administrative fees pursuant to its OFAC license.

5

## CONCLUSION

For the foregoing reasons, Judgment Creditors are entitled to an order directing the turnover of the blocked funds belonging to PDVSA / PdVSA Pension Fund / Certificate Holders in the amount $7,677,084.39 as set forth in M&T Bank's Answer to Writ of Garnishment—*i.e.*, the sum of $6,469,767.79, €590,532.00, and €482,543.00—plus any accrued interest. Attached as Exhibit 1 is a proposed turnover judgment directing the distribution of the blocked assets at issue to Judgment Creditors.

| | |
|---|---|
| Respectfully submitted on<br>October 14, 2024. | */s/ Jaime D. Guttman*<br>Jaime D. Guttman<br>Fla. Bar No. 44076<br>*jaime@scale.law*<br>Scale Law Partners, LLC<br>777 Brickell Avenue, Suite 500<br>Miami, FL 33131<br>(786) 273-9033 (Main)<br><br>*/s/ Alex C. Lakatos*<br>Alex C. Lakatos (*pro hac vice*)<br>*alakatos@mayerbrown.com*<br>Cloe M. Anderson (*pro hac vice*)<br>*canderson@mayerbrown.com*<br>Mayer Brown LLP<br>1999 K Street NW<br>Washington, DC 20006<br>(202) 263-3000 (Main)<br><br>*Counsel for Plaintiffs* |

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing document on October 20, 2024 through CM/ECF, which automatically and electronically delivered notice of filing to counsel of record for all parties that have appeared.

*/s/ Jaime D. Guttman*