UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20706-GAYLES/TORRES

MEUDY ALBÁN OSIO in her personal capacity,
And in her capacity as the personal representative
of the Estate of FERNANDO ALBERTO ALBÁN,
FERNANDO ALBÁN OSIO, and MARIA FERNANDA
ALBÁN OSIO,

    *Plaintiffs*,

v.

NICOLAS MADURO MOROS; FUERZAS
ARMADAS REVOLUCIONARIAS DECOLOMBIA
("FARC"); THE CARTEL OF THE SUNS A.K.A.
CARTEL DE LOS SOLES; VLADIMIR PADRINO
LOPEZ; MAIKEL JOSE MORENO PEREZ; NESTOR
LUIS REVEROL TORRES; and TAREK WILLIAM
SAAB,

    *Defendants*.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR TURNOVER JUDGMENT AS TO BLOCKED FUNDS

This cause comes before the Court on Plaintiffs' Motion For a Final Turnover Judgment as to the Blocked Funds of Petroleos de Venezuela, S.A. ("PDVSA"), an instrumentality of Defendants / Judgment Debtors, Nicolas Maduro Moros and the Cartel of the Suns. [D.E. 207]. No response or objection has been filed by Defendants or any non-party (aside from M&T Bank Corporation's ("M&T Bank") answer to the writ of garnishment), and a reasonable time to do so has passed. Thus, upon careful review of the motion, M&T Bank's answer to Plaintiffs' writ of garnishment, relevant authorities, and the relevant portions of the record, and for the reasons set forth

1

below, we recommend that Plaintiffs' motion be **GRANTED** and a judgment be entered in Plaintiffs' favor.[1]

## I.   BACKGROUND

This lawsuit stems from Defendants' kidnapping, torture, and murder of Plaintiffs' decedent, Fernando Alberto Alban. On August 4, 2023, final default judgment was entered in Plaintiffs' favor on all eight counts of their complaint [D.E. 1] for a total judgment of $217,000,000.00.

To help satisfy that judgment, Plaintiffs moved for a writ of garnishment, which was issued by the Court on September 4, 2024. [D.E. 150]. On September 20, 2024, M&T Bank answered the writ of garnishment and represented that it held the relevant funds—$7,677,084.39 ("the Blocked Funds") in the name of PDVSA and its wholly owned subsidiary and certificate holders (APJ International, APJ PDV, and Fondo Prev Trab PDVSA). Moreover, M&T Bank confirms in its answer that the funds belong to PDVSA and its affiliates and are blocked by OFAC. [D.E. 164 at 1]. M&T Bank's answer was docketed on September 20, 2024, and no objections have been served or filed. Thus, Plaintiffs now move for a judgment directing M&T Bank to turnover the Blocked Funds to Plaintiffs.

---

[1] On October 22, 2024, the Honorable Darrin P. Gayles referred this matter to the Undersigned Magistrate Judge for disposition. [D.E. 214].

## II.     ANALYSIS

First, we will determine whether Plaintiffs have satisfied their notice requirements under Florida law before finding whether Plaintiffs are entitled to the judgment in light of M&T Bank's objection that Plaintiffs require an OFAC license.

### A.  *Notice Requirements*

Under § 77.055, Fla. Stat., the following notice requirements are imposed after an answer to a writ of garnishment has been served:

> Within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. The plaintiff shall serve these documents on the defendant at the defendant's last known address and any other address disclosed by the garnishee's answer and on any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account, or property controlled by the garnishee. The plaintiff shall file in the proceeding a certificate of such service.

Here, Plaintiffs demonstrated through a certificate of service that they served a copy of M&T Bank's answer to the writ of garnishment upon Defendants, and advised Defendants that they must move within 20 days to dissolve the writ. [D.E. 166]. Further, more than twenty days have passed since Plaintiffs' service of the answer, and no objection to, or motion to dissolve, the writ has been filed. Additionally, Plaintiffs certified in the pending Motion that they have served the pending Motion on M&T Bank and have conferred with M&T Bank.

Accordingly, Plaintiffs have complied with § 77.055 and have met their notice requirements.

### B. *TRIA Requirements*

Further, this Court has already established that Plaintiffs have satisfied each of the requirements under the Terrorism Risk Insurance Act ("TRIA") to execute on blocked funds held by terrorists, and see no reason to disturb that finding here. Specifically, the Court has found that: (1) Plaintiffs have sufficiently shown that PDVSA is an agency or an instrumentality of the Defendants, the Cartel and/or Mr. Maduro [D.E. 110 at 6–7]; (2) Plaintiffs are victims of international terrorism [D.E. 101 at 5]; and (3) the amount sought by Plaintiffs in the moved-for judgment does not exceed their outstanding compensatory damage award. Additionally, M&T Bank has acknowledged that the funds belong to PDVSA and are therefore blocked [D.E. 164 at 1], and the Court has similarly recognized that assets belonging to PDVSA are subject to OFAC blocking. [D.E. 110 at 6].

Therefore, Plaintiffs have satisfied the TRIA's requirements for obtaining their requested turnover judgment. *See Stansell v. Revolutionary Armed Forces of Colombia*, 45 F.4th 1340, 1347 (11th Cir. 2022) (requiring that to execute against the blocked assets of a terrorist party, "[t]he movant must prove (1) that he obtained a judgment against a terrorist party for a claim based on an act of terrorism, (2) that the amount sought to be executed or attached does not exceed the compensatory damages awarded to the movant, (3) that the assets of the third party are blocked (as that term is defined under the TRIA), and (4) that the third party is an agency or instrumentality of the terrorist party").

4

### C. *OFAC License Requirement*

Lastly, we address M&T Bank's concern that Plaintiffs must provide an OFAC license before M&T Bank can turnover the Subject Funds.

In the Eleventh Circuit, Plaintiffs—who we have found to be victims of international terrorism who seek to garnish funds from an instrumentality of a terrorist organization—do not require an OFAC license to execute on the Blocked Funds. *See Stansell v. Revolutionary Armed Forces of Colombia*, No. 19-20896-CV, 2019 WL 10378257, at *2 (S.D. Fla. Aug. 26, 2019) ("The law supports Plaintiffs' position, which indicates that TRIA judgment holders are exempt from OFAC's licensure requirements when attaching and executing on blocked assets of a terrorist party's agent or instrumentality."); *Stansell v. Revolutionary Armed Forces of Colombia*, No. 8:09-CV-2308-T-36AAS, 2019 WL 2537791, at *5 (M.D. Fla. June 20, 2019) ("Thus, Plaintiffs and the United States argue that Plaintiffs do not need an OFAC license for execution of Kingpin Act blocked assets under the TRIA on these specific facts. The Court agrees."); *Est. of Heiser v. Bank of Tokyo Mitsubishi UFJ, New York Branch*, 919 F. Supp. 2d 411, 422 (S.D.N.Y. 2013) (relying on a Statement of Interest from the United States pursuant to U.S.C. § 517 which provided that "in the event a court determines that blocked assets are subject to TRIA, those funds may be distributed without a license from OFAC").

Thus, to the extent that M&T Banks objects to the entry of a turnover order on the basis that Plaintiffs must provide an OFAC license, that objection is overruled.

### *III.   CONCLUSION*

For the reasons set forth above, and because Plaintiffs have satisfied the requirements of both Florida law and the TRIA, we recommend that Plaintiffs' Motion [D.E. 207] be **GRANTED**. A judgment should be entered directing M&T Bank to turnover to Plaintiffs the Blocked Funds, in the amount of $7,677,084.39 held by M&T Bank in the name of PDVSA and its wholly owned subsidiary (the PdVSA Pension Fund) and certificate holders (APJ International, APJ PDV, and Fondo Prev Trab PDVSA), less the $5,000.00 in administrative expenses that M&T Bank is entitled to withhold for the parties' agreement, for a total turnover amount of $7,672,084.39 (plus any accrued interest from the date on which the funds were blocked to the date of disbursement).

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the Court finds good cause to expedite objections. Accordingly, the parties and any non-parties have seven (7) days from service of this Report and Recommendation within which to file written objections, if any, to the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 5th day of November, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge