**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:21-cv-20706-DPG**

MEUDY ALBÁN OSIO in her personal capacity
And in her capacity as the personal representative
of the Estate of FERNANDO ALBERTO ALBÁN,
FERNANDO ALBÁN OSIO, and MARIA
FERNANDA ALBÁN OSIO,

      Judgment Creditors / Plaintiffs,

v.

NICOLAS MADURO MOROS,
FUERZAS ARMADA REVOLUCIONARIAS
DE COLUMBIA ("FARC"); THE CARTEL OF
THE SUNS A.K.A. CARTEL DE LOS SOLES;
VLADIMIR PADRINO LOPEZ; MAIKEL
JOSE MORENO PEREZ; NESTOR LUIS
REVEROL TORRES; and TAREK WILLIAM
SAAB,

      Judgment Debtors/ Defendants.

_____/

### JUDGMENT CREDITORS' MOTION TO INITIATE PROCEEDINGS SUPPLEMENTARY, IMPLEAD THIRD PARTIES, AND ISSUE NOTICES TO APPEAR

      Judgment Creditors respectfully move, under Fed. R. Civ. P. 64, Fed. R. Civ. P. 69(a) and Fla. Stat. § 56.29, for entry of an order opening proceedings supplementary to execute the Amened Final Default Judgment against the Cartel of the Suns (ECF No. 73) and the Final Default Judgment against, inter alia, Maikel Jose Moreno Perez, Nestor Luis Reverol Torres, Nicolas Maduro Moros, and Tarek William Saab (ECF No 91).  Judgment Creditors also move for entry of an order impleading the following entities in this matter, and for the issuance of statutory Notices to Appear:  (1) Valero Energy Corporation; (2) Valero Marketing and Supply Company; and (3) JPMorgan Chase.

### FACTUAL BACKGROUND

      1.      On February 9, 2023, this Court issued an Amended Final Default Judgment against the Cartel of the Suns in the amount of $217 million.  ECF No. 73.  On August 6, 2023, this Court

issued a Final Default Judgment against, inter alia, Maikel Jose Moreno Perez, Nestor Luis Reverol Torres, Nicolas Maduro Moros, and Tarek William Saab, in the amount of $217 million. ECF No 91. The judgment remains valid and unsatisfied. *See* Declaration of Jaime Guttman, attached hereto as Exhibit 1. Post judgment interest on the judgment is applied at a rate set forth by law.

2.      On July 1, 2024, this Court held that PDVSA is an agency or instrumentality of Defendants/Judgment Debtors, meaning that assets of PDVSA are subject to turnover in satisfaction of the Judgment Creditors' judgments pursuant to the Terrorism Risk Insurance Act § 201. ECF 110, at 6-7 (Report and Recommendation on Plaintiffs' Motion for Writ of Execution") ("Whether PDVSA is an agency or instrumentality of Defendants"), *affirmed and adopted*, ECF 113 (July 1, 2024).

3.      PetroCedeño is a wholly owned subsidiary of PDVSA. *See* ECF No. 197, at ¶ 2; Enerdata, *PDVSA Takes Full Control of PetroCedeño Oil JV* (Aug. 11, 2021), https://www.enerdata.net/publications/daily-energy-news/pdvsa-takes-full-control-petrocedeno-oil-jv-venezuela.html.

4.      Valero Marketing and Supply Company is a Texas company registered to do business in Florida that has appointed an agent for service of process in Florida. *See* Florida Dep't of State, Division of Corporations, Registration of Valero Marketing and Supply Company LLC, available at https://tinyurl.com/yt379m4k. Valero Marketing and Supply Company LLC has blocked funds of PetroCedeño in accordance with OFAC blocking regulations. ECF No. 197, at ¶¶ 1, 2.

5.      Valero Energy Corporation is the parent of Valero Marketing and Supply Company. ECF No. 197, at 1 n.1. Valero Energy Corporation appears to have blocked funds of PetroCedeño. ECF No. 223-1; see also ECF No. 223 at 2-3, 9-10.

6.      JPMorgan Chase is a New York company registered to do business in Florida and that has appointed an agent for service of process in Florida. *See* Florida Dep't of State, Division of Corporations, Registration of JPMorgan Chase at https://tinyurl.com/59wrxxwx. JPMorgan Chase has blocked funds of PetroCedeño in accordance with OFAC blocking regulations. ECF No. 197, at ¶¶ 1, 2; see also ECF No. 223 at 2-3.

**MEMORANDUM OF LAW**

Under Fed. R. Civ. P. 69, "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Similarly, pursuant to Fed. R. Civ. P. 64(a), "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." These remedies include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies. *See* Fed. R. Civ. P. 64(b).

Under Florida law, proceedings supplementary to execution were created for the purpose "to confer on circuit courts the right to subject any and all property, or property rights of any defendant in execution, however fraudulently conveyed, covered up, or concealed, the same might be, whether in name or possession of third parties or not, to satisfaction of an execution outstanding against [such defendant.]" *Ryan's Furniture Exchange v. McNair*, 162 So. 483, 120 (1935). "Proceedings supplementary are equitable in nature and should be liberally construed." *Mejia v. Ruiz*, 985 So. 2d 1109, 1112 (Fla. 3d DCA 2008) (*citing Ferguson v. State Exch. Bank*, 264 So. 2d 867 (Fla. 1st DCA 1972)).

Fla. Stat. § 56.29(1) provides for the commencement of proceedings supplementary as an available mechanism to assist judgment creditors to enforce outstanding judgments:

> When any person or entity holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment holder or judgment lienholder may file an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment holder or judgment lienholder is entitled to these proceedings supplementary to execution.

To commence proceedings supplementary under Fla. Stat. § 56.29, the judgment creditor must file an affidavit and "attest that he or she holds an unsatisfied judgment . . . , identify the issuing court and case number, state the unsatisfied amount of the judgment, and confirm that the execution is valid and outstanding . . . . By filing such an affidavit, the judgment creditor is *entitled* to these proceedings supplementary to execution." *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 09-cv-61436, 2012 WL 1367574, at *1 (S.D. Fla. Apr. 19, 2012) (emphasis added).

Additionally, under Fla. Stat. § 56.29(2), a judgment creditor may implead third-parties to expeditiously discover a judgment debtor's assets and subject them to "a speedy and direct proceeding in the same court in which the judgment was recovered." *See Tara Productions*, at *1. The "predicate for impleading a third party under section 56.29 is that the judgment creditor file an affidavit showing that he holds an unsatisfied money judgment and that the money judgment is valid and outstanding." *Gaggio v. Lake Austin Properties I, Ltd*., 6:10-CV-1942-0RL-22, 2011 WL 6987077 (M.D. Fla. Dec. 21, 2011), *report and recommendation adopted*, 6:10-CV-1942-0RL-22, 2012 WL 84812 (M.D. Fla. Jan. 11, 2012). The court may "order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt." *See Tara Productions*, at *1 (citing Fla. Stat. § 56.29(5)). A judgment creditor is not required to make a *prima facie* showing that the third party holds assets subject to a judgment prior to impleading that party. *Id.* (citing *Bleidt v. Lobato*, 664 So.2d 1074, 1075 (Fla. 5th DCA 1995)).

Impleading third-parties in a proceeding supplementary to execution is necessary to acquire jurisdiction over them. *See Tara Productions*, at * 2.  "Such impleading does not in itself establish liability on the part of the impleaded third parties.  Rather, it gives them an opportunity to raise their defenses and protect their interests consistent with the requirements of due process."  *See Tara Productions*, at * 1; *see also Ortiz v. Santuli Corp*., No. 08- 20218-CIV, 2010 WL 2926517, at *1 (S.D.Fla. July 23, 2010) ("Impleading those persons whose interests may be affected by the Court's rulings is necessary both to acquire jurisdiction over them and to afford due process.") (*quoting Mission Bay Campland, Inc. v. Summer Fin. Corp*., 71 F.R.D. 432, 434 (M.D. Fla. 1976)). *See Tara Productions*, at * 2.  Once impleaded, the third party "must appear before the Court and show cause why the contested property should not be applied toward satisfaction of the judgment creditor's judgment." *Id.*

Pursuant to Fla. Stat. § 56.29(6), the Court "may order any property of the judgment debtor, not exempt from execution . . . to be levied upon and applied toward the satisfaction of the judgment debt."  Section 56.29(6), Florida Statutes, further provides that the Court "may enter any orders, judgments, or writs required to carry out the purpose of this section, including those orders necessary or proper to subject property or property rights of any judgment debtor to execution."

Here, Judgment Creditors are entitled to the commencement of proceedings supplementary under Fla. Stat. §56.29 because they hold an unsatisfied judgment and have filed the requisite declaration in accordance with Fla. Stat. § 56.29(1), identifying "the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the judgment is valid and outstanding[.]" *See Tara Productions*, at * 2 (internal citations and quotations omitted).  For the same reasons, the predicate for impleading third parties has been satisfied under section Fla. Stat. § 56.29(1) has been satisfied.  *See Gaggio*, at *2.

Finally, pursuant to Fla. Stat. § 56.29(11), "[c]osts for proceedings supplementary shall be taxed against the defendant as well as all other incidental costs determined to be reasonable and just by the court including, but not limited to, docketing the execution, sheriff's service fees, and court reporter's fees. Reasonable attorney's fees may be taxed against the defendant."  Accordingly, Judgment Creditors are entitled to tax costs and reasonable attorney's fees in accordance with Fla. Stat. § 56.29(11).

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order:

1.      Commencing proceedings supplementary;

2.      Impleading third parties Valero Energy Corporation, Valero Marketing and Supply Company, and JPMorgan Chase as parties to this action for the purposes of proceedings supplementary in aid of execution;

3.      Issuing a Notice to Appear to direct third parties Valero Energy Corporation, Valero Marketing and Supply Company, and JPMorgan Chase each to file an affidavit, as provided in Fla. Stat. §  56.16, with the Court, 7 business days from the date of service of the Notice to Appear, stating why the blocked PetroCedeño funds should not be applied to satisfy the judgment;

4.      Awarding costs for proceedings supplementary including, but not limited to, docketing the execution, marshal's service fees, court reporter's fees and deposition transcripts;

5.      Awarding reasonable attorney's fees pursuant to Fla. Stat. § 56.29(8);

6.      Granting Judgment Creditors such other and further relief that the Court deems just and appropriate under the circumstances.

Respectfully submitted on November 7, 2024.       */s/ Jaime D. Guttman*
Fla. Bar No. 44076
*jaime@scale.law*
Scale Law Partners, LLC
777 Brickell Avenue, Suite 500
Miami, FL 33131
(786) 273-9033 (Main)

*Counsel for Plaintiffs / Judgment Creditors*

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to S.D. Florida Local Rule 7.1(a)(3), a Prefiling Conference shall not be required before a motion "for garnishment or other relief under Federal Rule of Civil Procedure 64." Accordingly, the undersigned respectfully submits that no Prefiling Conference was required prior to the filing of this motion.

*/s/ Jaime D. Guttman*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing document on November 7, 2024, through CM/ECF, which automatically and electronically delivered notice of filing to counsel of record for all parties that have appeared.

*/s/ Jaime D. Guttman*