UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:21-cv-20706-DPG

MEUDY OSIO, et al.
    Plaintiffs,
vs.

NICOLAS MADURO MOROS, et al.,
    Defendants.
_____/

**MOTION TO DISSOLVE PLAINTIFF OSIO'S WRIT OF GARNISHMENT**

The "Stansell Plaintiffs" file this motion to dissolve pursuant to Fla. Stat. §77.07(2) after having been identified in Answer [ECF 197], which was mailed pursuant to Fla. Stat. § 77.055 to persons with an ownership interest in the Petrocedeno, S.A. blocked funds at issue here. ECF 210. The "Stansell Plaintiffs" are eight U.S.-national victims of the terrorist organization FARC. Keith Stansell, Tom Howes, and Marc Gonsalves were held hostage and tortured by the FARC for five-and-a-half years, from February 13, 2003—when their counter-narcotics surveillance aircraft was shot down by the FARC—until their rescue on July 2, 2008. Tom Janis, a retired U.S. Army Delta Force Officer and pilot in command of the flight, was executed by the FARC next to the plane after it had crash-landed. The Stansell Plaintiffs—Keith Stansell, Tom Howes, Marc Gonsalves, and the surviving family members of Tom Janis—sued the FARC under the Anti-Terrorism Act and received a $ 318 million default judgment on June 15, 2010.

Although the Stansell Plaintiffs have deep sympathy for Ms. Osio and her family's loss—any victims of FARC violence are our brothers and sisters in grief, and are deserving of dignity and respect—that does not alter the reality that the Osio Plaintiffs' garnishment writ to Valero Energy is legally invalid. The writ was delivered to an entity that does not hold, possess or control the blocked assets at issue and must be dissolved. *See Stansell v Revolutionary Armed Forces of Colombia*, 771 F. 3d 713, 748 (11th Cir 2014) ("proper garnishee was a

completely separate entity"- writ levied on BOA, quashed because blocked funds held by Merrill Lynch).

## I. THE STANSELL PLAINTIFFS' RIGHT TO FILE THIS MOTION

The filing of ECF 210 makes the Stansell Plaintiffs a party with a statutory duty to comply with Fla. Stat. 77.07(2). No motion to intervene is required.[1]

On October 15, 2024, Valero Supply and Marketing filed an Answer to the Osio Plaintiffs' writ of garnishment (the writ was filed under seal) issued to garnishee Valero Energy Corporation. ECF 197. This Answer alleged that:

> 4. Florida Statutes §77.06 requires a garnishee to "state the name or names and addresses [of] … any other persons having or *appearing* to have an ownership interest in the involved property." Under that rule, out of an abundance of caution, Valero discloses the following names:
>
> \*   \*   \*
>
> b. The Plaintiffs in the case captioned *Keith Stansell et al. v. Revolutionary Armed Forces of Colombia et al.*, 19-cv-20896 (S.D. Fla.) who appear to have filed a writ of garnishment dated October 15, 2024 to garnishee JPMorgan Chase related to the Blocked Funds. … Valero does not have sufficient knowledge or information to determine and takes no position as to whether the *Stansell* Plaintiffs "ha[ve] or *appear[]* to have an ownership interest in the involved property."

ECF 197 at pp. 2-3.

Under Fla. Stat. § 77.055, "[w]ithin 5 days after service of the garnishee's answer" the Osio Plaintiffs were required to serve copies of the Answer and a notice of a 20 day right to move to dissolve the writ on the defendant and "any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account." The Osio Plaintiffs did not comply with this five-day statutory deadline, and instead on October 21, 2024—*the sixth day* after the

---

[1] Nevertheless, if such a motion were necessary, the Stansell Plaintiffs would clearly and easily satisfy all requirements under Fed. R. Civ. P. 24(a)(2) to intervene, as we possess a valid garnishment lien on these blocked assets and our rights are being jeopardized by the (invalid) Osio garnishment writs, and such rights are not protected by the existing parties in this case. *Chiles v. Thornburgh*, 865 F. 2d 1197, 1214 (11th Cir. 1989).

garnishee's Answer was filed—the Osio plaintiffs mailed the Stansell Plaintiffs' counsel two copies of the garnishee's Answer ECF 197.  ECF 210.

The Stansell Plaintiffs issued a writ of garnishment to JPMorgan Chase Bank, N.A. ("JPMCB"), the entity that is in possession or control of the subject blocked account of Petrocedeno S.A.[2]  Ex.1.  That writ was properly levied by a U.S. Marshal as required by law.  Pursuant to Fla. Stat. § 77.06(1), service of the writ "creates a lien in or upon any such debts or property."  Ex. 2. Section 77.07(2) then provides:

> (2)  The defendant <u>and any other person having an ownership interest in the property, as disclosed by the garnishee's answer, shall</u> file and serve a motion to dissolve the garnishment within 20 days after the date indicated in the certificate of service on the defendant and such other person of the plaintiff's notice required by s. 77.055, <u>stating that any allegation in plaintiff's motion for writ is untrue</u>.  On such motion this issue shall be tried, and if the allegation in plaintiff's motion which is denied is not proved to be true, the garnishment shall be dissolved. <u>Failure of the</u> defendant or <u>other interested person to timely file and serve the motion</u> to dissolve within such time limitation shall result in the striking of the motion as an unauthorized nullity by the court, and the proceedings <u>shall be in a default posture as to the party involved</u>.

Fla. Stat. § 77.07(2) (emphases added).  *See Rudd v. First Union Nat'l Bank*, 761 So.2d 1189, 1191 (Fla. 4th DCA 2000) ("The statutory right to move to dissolve the writ is granted only to the defendant <u>and any other person having an ownership interest in the property, as disclosed by the garnishee's answer</u>.") (emphasis added).

The Stansell Plaintiffs are statutorily obligated to comply with Fla. Stat. §77.07(2), and move to dissolve the writ the Osios issued to Valero Energy Corporation, because the allegation in the Osio plaintiffs' motion to issue the subject writ—that Valero Energy Corporation is the proper garnishee—is not true.  But Valero Energy Corporation is certainly <u>not</u> the proper garnishee; as we

---

[2] On October 21, 2024, the Stansell Plaintiffs filed an Ex Parte Motion to Commence Proceedings Supplementary under Fla. Stat. § 56.29 against JPMCB. S.D.F.L. 19-cv-20896-Scola, ECF 576.

3

detail *infra*, the proper garnishee is JPMCB because it holds, possesses or controls the blocked funds. This renders the Osios' writ invalid as a matter of law, indeed a legal nullity. *Stansell v Revolutionary Armed Forces of Colombia*, 771 F. 3d 713, 748 (11th Cir 2014) (quashing a garnishment writ that had been issued to the incorrect party, because such a writ is invalid as matter of law and has no legal effect).

We note that the Osios' motion and writs currently remain under seal, therefore the Stansell Plaintiffs are unable to respond to any other allegations therein,[3] but since Osios' motion resulted in issuance of a writ of garnishment to Valero Energy Corporation, it is reasonable to assume the motion alleged that Valero Energy Corporation was the proper garnishee. Because the motion, order(s). and writs remain sealed, the Stansell Plaintiffs reserve the right to further respond after unsealing.

## II. THE OSIOS' GARNISHMENT WRIT IS INVALID AS A MATTER OF LAW.

The subject account was reported to OFAC by JPMCB as blocked assets of Petrocedeno S.A. on or about April 5, 2024. <u>Only JPMCB holds or has possession or control of the blocked funds</u> owned by Petrocedeno S.A. and as

---

[3] For example, although the docket reflects sealed entries for a motion and order, it appears that the proposed order was merely the writ of garnishment to Valero Energy Corporation that was issued by the Clerk. It is unknown whether there was an actual Order entered determining Petrocedeno S.A., the owner of the blocked account, to be an agency or instrumentality of the FARC. *See Levinson v Kuwait Fin. House (Malaysia) Berhad*, 44 F4th 91, 97 (2d Cir 2022) ("To be entitled to attachment or execution under TRIA, a plaintiff must first establish defendant's status as an agency or instrumentality."). This Court's prior rulings [ECF Nos. 110, 113] that PDVSA (the indirect corporate parent of Petrocedeno S.A.) is an agency or instrumentality never mentioned Petrocedeno S.A. or any corporate subsidiaries broadly, and do not absent more support issuance of a writ of garnishment on Petrocedeno S.A. In contrast, the Stansell plaintiffs moved for issuance of a writ of garnishment in 2020 with evidence establishing that Petrocedeno S.A. itself is an agency or instrumentality of the FARC, and Judge Scola entered a preliminary Order making that requisite determination, followed by a subsequent final turnover judgment against Petrocedeno S.A.

such is the entity obligated to file blocking reports with OFAC under 31 C.F.R. 501.603(a)(1), which it did.[4] OFAC's subpoena response did not identify any Valero entity as having reported holding any blocked assets.

For this Court's information, on November 4, 2024 JPMCB filed an Answer, Counterclaim And Third-Party Complaint For Relief In Interpleader Of Garnishee JPMorgan Chase Bank, N.A. In Response To Writ Of Garnishment On Blocked Account Of Petrocedeno, S.A**.** in response to the Stansell Plaintiffs' writ in the Stansell case. *Stansell v. FARC*, 1:19-cv-20896, ECF 585. The Answer and Interpleader sets forth that "Valero . . . has no role in administering the Blocked Account and no control over the Account or the funds therein." [ECF 585 at 3], apparently a fact recognized by the Osio Plaintiffs in this case ECF 223-1 ("an account JPMCB will maintain for the purpose of holding blocked funds…").[5]

The Stansell plaintiffs are the only judgment creditors who have levied a writ of garnishment on the proper Garnishee. Specifically, the Stansell Plaintiffs issued a writ to JPMCB [*Stansell v. FARC*, S.D. Fla. No. 19-20892, ECF 572]— who, as the entity that holds or is in possession or control of the Petrocedeno blocked funds, is the only proper Garnishee. The October 15, 2024 writ was properly issued by motion [*Stansell* ECF 360] and Judge Scola's June 17, 2020 Order [*Stansell* ECF 367] ("directing the Clerk to issue such additional writs as

---

[4] PDVSA is the indirect parent corporation of Petrocedeno S.A., with 2 PDVSA subsidiaries collectively owning 100% of Petrocedeno S.A. PDVSA does not own the account, its corporate subsidiary Petrocedeno S.A. does. PDVSA is not a proper or necessary party here. *See Dole Food Co. v Patrickson*, 538 US 468, 475 (2003) ("A corporate parent which owns the shares of a subsidiary does not, for that reason alone, own or have legal title to the assets of the subsidiary; and, it follows with even greater force, the parent does not own or have legal title to the subsidiaries of the subsidiary.").

[5] The pending Third-Party Complaint for Interpleader Relief names the Stansell Plaintiffs, the Osio Plaintiffs, the Marron plaintiffs-*Marron v. Maduro*, SDFL Case No. 21-cv-23190-MORENO, the Caballero plaintiffs-*Caballero v. FARC*, SDFL Case No. 18-cv-25337-MOORE, the Pescatore plaintiffs-*Pescatore v. FARC*, SDFL Case No. 19-cv- 20811-SCOLA, as well as others in placeholder fashion. *See* ECF 585 at 11-12.

5

necessary"). That same day, the Stansell writ was levied by the U.S. Marshals Service [*Stansell* ECF 573] as required by Fed. R. Civ. P. 4.1(a) ("Process—other than a summons under Rule 4 or a subpoena under Rule 45—must be served by a United States marshal or deputy marshal or by a person specially appointed for that purpose.") and 28 U.S.C. § 566(c) ("Except as otherwise provided by law or Rule of Procedure, the United States Marshals Service shall execute all lawful writs, process, and orders issued under the authority of the United States.").[6] The October 15, 2024 levy of Plaintiffs' writ created a lien pursuant to Fla. Stat. § 77.06. From the public PACER dockets, it appears no other liens have been created on the OFAC blocked Petrocedeno account to date.

The Osio plaintiffs had two separate writs of garnishment issued: one naming Valero Energy Corporation as garnishee; and one naming JPMCB as garnishee. The PACER docket is silent as to whether either writ was ever served by a U.S. Marshal (or a court appointed special process server) as required by Fed. R. Civ. P. 4.1(a)(1) and 28 U.S.C. § 566(c). If neither form of service was effectuated, no garnishment lien was ever created in either writ. *See* Fla. Stat. § 77.06; and authorities listed in fn. 5, *supra*.

The Osio Plaintiffs apparently did deliver their writ of garnishment to Valero Energy Corporation, but neither Valero Energy Corporation or its subsidiary Valero Marketing and Supply Company had "possession or control" of the Petrocedeno S.A. blocked account and therefore neither Valero entity is the proper garnishee. *See* ECF 197 at ¶1; ECF 228 at ¶ 8. It is undisputed that JPMCB reported to OFAC that JPMCB was holding these blocked funds, and not Valero Energy Corp. ECF 223-1 (Valero Energy Corporation letter to JPMCB

---

[6] *See Branch Banking & Trust Company v. RL BB ACQ II*, 559 Fed.Appx. 919, 924 (11th Cir. 2014) ("under Rule 69(a) and § 566(c), only a U.S. marshal may execute the federal writ of execution"); *Schneider v Natl. R.R. Passenger Corp.*, 72 F3d 17, 20 (2d Cir 1995) ("Because Sheriff Miller was not specially appointed, his execution of the writ and levy on Amtrak's property violated Rule 4(c) and was thus defective.").

authorizing transfer of the Petrocedeno S.A. funds to "an account <u>JPMCB will maintain</u> for the purpose of holding blocked funds…") (emphasis added).

Here, the Osio Plaintiffs' writ delivered to Valero Energy Corporation—an entity that was <u>not</u> holding the blocked assets—created no lien on the JPMCB Petrocedeno S.A. account as a matter of law. The Osio Plaintiffs' writ to Valero Energy Corporation was answered by a Valero subsidiary, Valero Marketing and Supply Company, which alleged that "[t]he Writ was improperly directed at Valero Energy Corporation rather than Valero Marketing and Supply Company" [ECF 197 n.1] and further set forth that the subsidiary also "is not in possession or control of the Blocked Funds." ECF 197 Third Aff. Def. Therefore, the subsidiary Valero Marketing and Supply Company is also not the proper garnishee. *See Stansell,* 771 F. 3d at 748 (11th Cir 2014) ("proper garnishee was a completely separate entity"- writ levied on BOA, quashed because blocked funds held by Merrill Lynch).

WHEREFORE, Stansell Plaintiffs respectfully request that the Court dissolve the writ to Valero Energy Corporation as containing an allegation that is untrue. Valero Energy Corporation or its subsidiary Valero Marketing and Supply Company <u>do not hold, possess, control or maintain the blocked assets of Petrocedeno, S.A.</u>, and therefore neither is the proper garnishee. *Stansell*, 771 F. 3d at 748. In short, the Osios' garnishment writ is invalid as a matter of law and should be dissolved.

Respectfully submitted November 8, 2024.

| | |
|---|---|
| <u>/s/ Newton P. Porter</u>, Esq. | <u>/s/Richard B. Rosenthal</u>, Esq. |
| (FL Bar: 833738) | (FL Bar: 0184853) |
| <u>/s/ Tony Korvick</u>, Esq. | Co-counsel for Plaintiffs |
| (FL Bar: 0768405) | 1581 Brickell Avenue |
| PORTER & KORVICK, P.A. | Suite 1408 |
| Attorneys for the *Stansell* Plaintiffs | Miami, Florida 33129 |
| 4000 Ponce de Leon Blvd Suite 470 | Telephone: (305) 992-6089 |
| Coral Gables, Florida 33146 | rbr@rosenthalappeals.com |
| Telephone: (305) 373-5040 | |
| nporter@porterandkorvick.com | |
| tkorvick@porterandkorvick.com | |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 8, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I served the foregoing document and the notice of electronic filing by electronic mail to the following persons:

Plaintiffs have complied with all litigation reporting requirements to OFAC under 31 C.F.R. 501.605:

OFFICE OF FOREIGN ASSETS CONTROL
U.S. Department of the Treasury
1500 Pennsylvania Ave. NW
Washington DC
[by email service directly to OFAC counsel in compliance with 31 CFR 501.605]

/s/ Tony Korvick
TONY KORVICK  (FL Bar 768405)
PORTER & KORVICK, P.A.
Attorneys for Plaintiffs
4000 Ponce de Leon Blvd Suite 470
Coral Gables, Florida 33146
Telephone:  (305) 373-5040
tkorvick@porterandkorvick.com