**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:21-CV-20706-DPG**

MEUDY ALBÁN OSIO et. al,
        Stansell/Pescatores,

v.

NICOLAS MADURO MOROS, et. al,
        Defendants.

_____/

**STANSELL AND PESCATORE THIRD PARTY DEFENDANTS' ANSWER &**
**AFFIRMATIVE DEFENSES TO THIRD PARTY COMPLAINT**

The Stansell and Pescatore Third Party Defendants[1] (terrorism victim judgment creditors, collectively "Stansell/Pescatores"), jointly file their Answer and Affirmative Defenses to JPMorgan Chase Bank N.A.'s ("JPMCB") Third-Party Complaint [ECF 242] as follows:

**ANSWER, COUNTERCLAIM AND THIRD-PARTY COMPLAINT IN**
**INTERPLEADER**

1.      Admitted.

2.      Stansell/Pescatores admit that the Stansell writ applies to the blocked account owned by Petrocedeno, S.A. and held by JPMCB.  Denied that the account is held only in New York, as opposed to wherever the court has jurisdiction over JPMCB.  Without knowledge or information as to the remainder of Paragraph 2 and therefore denied.

3.      Stansell/Pescatores are without knowledge or information as to Paragraph 3 and it is therefore denied.

---

[1] Keith Stansell, Marc Gonsalves, Thomas Howes, Judith Janis, Michael Janis, Christopher Janis, Jonathan Janis, Olivia Pescatore, Josh Pescatore, Jada Pescatore, Jarrod Pescatore, Jordan Pescatore, Estate of Frank T. Pescatore, Sr., Carol Pescatore Harpster, Richard Pescatore, and John Pescatore.

4.     Denied that the account is held only in New York, as opposed to wherever the court has jurisdiction over JPMCB.   Without knowledge or information as to the remainder of Paragraph 4 and therefore denied.   Denied that JPMCB cannot transfer the blocked account into the court registry, or to another branch in Florida.

5.     Denied.   The initial JPMCB spreadsheet provided to the Stansells did not identify that these were blocked assets of Petrocedeno S.A.   Without knowledge or information as to the remainder of Paragraph 5 and therefore denied.

6.     Denied.   The blocked account information was not disclosed by JPMCB until it emailed Stansell/Pescatores' counsel supplemental responses on October 10, 2024.   Without knowledge or information as to the remainder of Paragraph 6 and therefore denied.

7.     Admitted in part.   The Stansell/Pescatores and Alban plaintiffs admit that they have executed a joint sharing and prosecution agreement and have joined in enforcing their respective writs collectively, therefore there are no longer any competing claims or liens as to the Petrocedeno blocked funds which are superior to the Stansell or Alban liens.   The Albans and Stansells did in fact levy a writ of garnishment naming JPMCB as garnishee, and therefore created a valid lien which is now a joint lien under their sharing agreement.   Without knowledge or information as to the remainder of Paragraph 7 and therefore denied.

8.     Denied. The United States Marshals Service served the writ on JPMCB on October 15, 2024, not Stansell/Pescatores' counsel.   *See* STANSELL ECF 573.   Admitted that the Alban (Osio) Writ and the Stansell Writ both reference the same Blocked Account.

9.     Denied.

10.     Denied.  JPMCB is not a neutral stakeholder.  All potential claimants identified in JPMCB's Answer have been properly notified of the Fla. Stat. § 77.055 notice of their right to file a motion to dissolve the writ of garnishment within 20 days.  STANSELL ECF 586.  No further interpleader relief is necessary or proper.  *See Mystique, Inc. v. 138 Intern., Inc.,* 07-22937-CIV, 2010 WL 3008809 (S.D. Fla. July 28, 2010) (Torres, J.), *Rept and Rec adopted,* 10-21421-CIV, 2010 WL 4316957 (S.D. Fla. Oct. 26, 2010).  And no further notice is required to any potential claimant or the owner.  *See Stansell v. Lopez Bello,* 802 Fed Appx 445, 449, 2020 WL 290423, at *3   (11th Cir. 2020)   (Florida garnishments statute's notice requirements as applied to third-party non-judgment debtor again "found to be constitutionally adequate.").

This Court has the requisite jurisdiction over JPMCB to complete the garnishment and/or execution proceedings.   JPMCB is not acting as a disinterested stakeholder insofar as it seeks to delay Stansell/Pescatores' TRIA execution proceedings with a requested transfer to New York, when JPMCB legally has no interest in which court decides the TRIA and/or lien priority issues.  JPMCB can transfer or "relocate" the subject blocked account in minutes by the push of a button, just like they did when they transferred the Petrocedeno funds from Texas to New York in April 2024.  There is nothing stopping JPMCB here from similarly transferring the fictional "situs" of the account from New York to Florida, either at its Global Sanctions Operations Center in Hillsborough County Florida, or into the court registry as required by the federal interpleader statute 28 U.S.C. § 1335, thereby entitling JPMCB to an immediate discharge of all potential liability and dismissal from the remaining proceedings.  No OFAC license is required to deposit the funds into the Court registry where the Court has already ruled that TRIA applies.  Under these circumstances, JPMCB will not be "exposed to liability."  Admitted that JPMCB makes no claim to the funds.

3

Without knowledge or information as to the remainder of Paragraph 9 and therefore denied.

11.    Denied.  See 10 above.

**FIRST AFFIRMATIVE DEFENSE**

12.    Denied.  Stansells and Albans have satisfied all requisite elements of TRIA for turnover of Petrocedeno's blocked account held by JPMCB.  The subject account contains blocked assets owned by Petrocedeno which has been judicially determined to be an agency or instrumentality of the terrorist party FARC by both Judge Huck and Judge Scola.  STANSELL ECF 499.  The Foreign Sovereign Immunities Act ("FSIA") simply does not apply here.  The Supreme Court made unmistakably clear in *Dole Food Co. v. Patrickson*, 538 U.S. 468, 477 (2003), that a corporation does not qualify as a foreign state under the FSIA if its majority owner is another corporation, even if the parent corporation is majority-owned by an actual foreign state. As the *Dole* Court held: "A corporation is an instrumentality of a foreign state under the FSIA *only if the foreign state itself owns a majority of the corporation's shares.*" *Id.* at 477 (emphasis added). Here, Petrocedeno is not directly state-owned; therefore, it is neither a "foreign state" nor an "agency or instrumentality of a foreign state" under the FSIA, and its blocked accounts are not immune from attachment and execution here. 28 U.S.C. § 1603(a), (b).   Petrocedeno admits it is not a foreign state or instrumentality thereof.   STANSELL ECF 600 n.1.  The Florida garnishment statute governs and its statutory requirements for notice and an opportunity to be heard completed.  New York law does not apply in this Florida interpleader. Without knowledge or information as to the remainder of Paragraph 12 and therefore denied.

**SECOND AFFIRMATIVE DEFENSE**

13.     Denied. This Court has subject matter jurisdiction, and personal jurisdiction over JPMCB, which has appeared voluntarily and does not contest in personam jurisdiction.  There is no requirement for "in rem" jurisdiction, the cases cited by JPMCB all rely on *APR Energy* which wrongly held that bank accounts are "tangible assets", when Florida law is crystal clear that bank accounts are intangible assets.  Fla. Stat. 717.101(14) (defining "Intangible property"); *In re Cravey & Assoc.*, 109 B.R. 472 (M.D. Fla. 1989); *Land-Cellular Corp. v. Zokaites*, 463 F.Supp.2d 1348 (S.D. Fla. 2006); *Souder v. Johnson*, 501 So.2d 745 4th DCA 1987); *United States v. Bradley*, 644 F. 3d. 1213, 1310 (11th Cir. 2011); *Williams Management Enter. v. Buonauro*, 489 So. 2d 160, 163 (5th DCA 1986); *Nemariam v. Federal Democratic Republic of Ethiopia*, 400 F. Supp.2d 76, 83 (D.D.C. 2005). The Court also has jurisdiction over "out of state" accounts pursuant to: (i) § 56.29 and the 2022 Florida Supreme Court decision in *Shim v. Buchel*, 339 So.2d 315  (Fla. 2022); and (ii) the ATA nationwide service of process provision.  Without knowledge or information as to the remainder of Paragraph 13 and therefore denied.

**THIRD AFFIRMATIVE DEFENSE**

14.     Denied.  Venue of Stansells' and Albans' TRIA execution proceedings, including garnishment and/or § 56.29 proceedings supplementary are proper in this district.  *See* 28 U.S.C. §1391(c)(3); 18 U.S.C. § 2334.  Without knowledge or information as to the remainder of Paragraph 14 and therefore denied.

**FOURTH AFFIRMATIVE DEFENSE**

15.     Denied. Florida garnishments statutes control and govern this postjudgment proceeding.  Stansells have provided § 77.055 notice to all of the potential claimants identified in JPMCB's Answer.  *See* STANSELL ECF 586.  In

light of the Stansell and Alban joint sharing agreement, and Petrocedeno's and Mr. Caballero's failure to appear pursuant to constitutionally adequate § 77.055 statutory notice, and their default pursuant to § 77.07(2), there is no longer a dispute as to which creditor has priority, nor are there any competing claims. Mr. Caballero's newly disclosed writ is chronologically inferior to the Alban and Stansell statutory liens or otherwise ineffective. Petrocedeno undisputedly owns the blocked assets, and it was afforded statutory notice of its right to move to dissolve the writ as per § 77.055. Petrocedeno has been determined to be an agency or instrumentality of the FARC. STANSELL ECF 499. PDVSA is not a necessary or indispensable party. PDVSA does not own the blocked assets, chose not to appear after receiving constitutionally adequate notice, and is defaulted under Fla. Stat. § 77.07(2). *Dole Food Co. v. Patrickson*, 538 US 468, 475 (2003) ("A corporate parent which owns the shares of a subsidiary does not, for that reason alone, own or have legal title to the assets of the subsidiary; and, it follows with even greater force, the parent does not own or have legal title to the subsidiaries of the subsidiary."). No "other judgment creditors of the FARC or instrumentalities of the FARC" have lien rights superior to the Alban or Stansell writs. Without knowledge or information as to the remainder of Paragraph 15 and therefore denied.

16. Denied. Florida garnishments statutes control this postjudgment proceeding. Stansell/Pescatores have provided § 77.055 notice to all of the potential claimants identified in JPMCB's Answer. *See* STANSELL ECF 586. This statutory notice is constitutionally adequate and provides an opportunity to be heard. *See Stansell v. Lopez Bello,* 802 Fed Appx 445, 449, 2020 WL 290423, at *3 (11th Cir. 2020). No "other parties" have lien rights superior to the Alban or Stansell writs. Without knowledge or information as to the remainder of Paragraph 16 and therefore denied.

## FIFTH AFFIRMATIVE DEFENSE

17.    Denied.  Venue is proper in this district, and the 28 U.S.C. § 1404(a) "convenience" factors weigh heavily in favor of this forum which is JPMCB's first filed interpleader in Stansell.  Without knowledge or information as to the remainder of Paragraph 17 and therefore denied.

## SIXTH AFFIRMATIVE DEFENSE

18.    Unable to admit or deny.

## SEVENTH AFFIRMATIVE DEFENSE

19.    Denied. Once the Court enters a final turnover judgment, JPMCB will receive a full discharge of liability after it has complied with the turnover. But Petrocedeno is not entitled to a stay of execution pending appeal merely because JPMCB—supposedly a disinterested stakeholder—requests one on their behalf.  If Petrocedeno wishes a stay of execution pending appeal then it can do what every other debtor is required to do—post a bond.  *See* STANSELL ECF 366 (denying Lopez Bello's request for a stay without posting a bond for full amount of the outstanding judgment).  Without knowledge or information as to the remainder of Paragraph 19 and therefore denied.

20.    Denied.  See 19 above.

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT IN INTERPLEADER

**A.    Nature of the Counterclaim and Third-Party Complaint.**

21.    Denied.  JPMCB did not file its interpleader solely under Rule 22, it also expressly alleged statutory interpleader under 18 U.S.C. § 1335 at p. 10, ¶ 24. No "Adverse Claimants" have lien rights to the blocked Petrocedeno account superior to the Alban or Stansell writs.  Florida garnishments statutes control this postjudgment proceeding.  Stansell/Pescatores have provided § 77.055 notice to all of the potential claimants identified in JPMCB's Answer.  *See* STANSELL ECF 586.  In light of the Stansell and Alban Stansell/Pescatores joint

sharing agreement, and Petrocedeno's and Mr. Caballero's failure to appear pursuant to constitutionally adequate § 77.055 statutory notice, and their defaults pursuant to § 77.07(2), there is no longer a dispute as to which creditor has priority, nor are there any competing claims.  Mr. Caballero's newly disclosed writ is chronologically inferior to the Alban and Stansell statutory liens or otherwise ineffective.  Petrocedeno undisputedly owns the blocked assets, and it was afforded statutory notice of its right to move to dissolve the writ as per § 77.055, and Petrocedeno failed to appear and is in default.  Petrocedeno has been determined to be an agency or instrumentality of the FARC.  STANSELL ECF 499.  PDVSA is not a necessary or indispensable party.  PDVSA does not own the blocked assets, chose not to appear after receiving constitutionally adequate notice, and is defaulted under Fla. Stat. § 77.07(2).  *Dole Food Co. v. Patrickson*, 538 US 468, 475 (2003) ("A corporate parent which owns the shares of a subsidiary does not, for that reason alone, own or have legal title to the assets of the subsidiary; and, it follows with even greater force, the parent does not own or have legal title to the subsidiaries of the subsidiary.").  No phantom "John Does 1-10" have any legally cognizable claim.  Without knowledge or information as to the remainder of Paragraph 21 and therefore denied.

22.    Denied.  Florida garnishments statutes control this postjudgment proceeding.  Albans and Stansell/Pescatores have provided § 77.055 notice to all of the potential claimants identified in JPMCB's Answer.  *See* STANSELL ECF 586.    This statutory notice is constitutionally adequate and provides an opportunity to be heard.  *See Stansell v. Lopez Bello,* 802 Fed Appx 445, 449, 2020 WL 290423, at *3  (11th Cir. 2020).  No "Adverse Claimants" have lien rights superior to the Alban or Stansell writs.  JPMCB can obtain a full discharge of liability by depositing the blocked funds into the court registry, or through the Florida garnishment statutes when it fully complies with the turnover judgment.

Without knowledge or information as to the remainder of Paragraph 22 and therefore denied.

23. Denied. This Court has personal jurisdiction over JPMCB and subject matter jurisdiction over this postjudgment TRIA proceedings and the blocked account. *See Stansell*, 771 F. 3d 713, 733 (11th Cir. 2014) (blocking makes assets "fall within the ambit of TRIA § 201" and "subject to execution"). The alleged "location" of the blocked account does not affect this Court's jurisdiction to attach and execute on the blocked account, including final turnover judgment, or to execute under proceedings supplementary pursuant to § 56.29. Also denied that any transfer to New York is proper under 28 U.S.C. § 1404(a) and the "first-filed" rule. Without knowledge or information as to the remainder of Paragraph 23 and therefore denied.

**B.** **Jurisdiction and Venue**

24. Admitted that this Court has jurisdiction over the statutory interpleader claim alleged under 18 U.S.C. § 2335, which requires JPMCB to deposit the blocked funds into the Court registry. Without knowledge or information as to the remainder of Paragraph 24 and therefore denied.

25. Admitted that venue is proper in this district, the forum chosen by JPMCB to file its interpleader. Denied that venue is proper in New York and that this district is "not proper for purposes of plaintiffs' efforts to execute on the Blocked Account" and deny that the "the Court lacks *in rem* jurisdiction." Without knowledge or information as to the remainder of Paragraph 25 and therefore denied.

**C.** **The Parties**

26. Without knowledge or information as to Paragraph 26 and therefore denied.

27. Admitted.

28.     Admitted that Petrocedeno, S.A. is not directly owned by PDVSA or the Republic of Venezuela, and is therefore not a "foreign state" or an "instrumentality of a foreign state" under the FSIA.  Without knowledge or information as to the remainder of Paragraph 28 and therefore denied.

29.     Denied that PDVSA is an Adverse Claimant, or any claimant at all, or that PDVSA as an indirect shareholder of Petrocedeno S.A. has any ownership interest in the blocked assets owned by Petrocedeno.  Admitted that Petrocedeno, S.A. is not directly owned by PDVSA or the Republic of Venezuela, and is therefore not a "foreign state" or an "instrumentality of a foreign state" under the FSIA.  Admitted that PDVSA is an SDN pursuant to Executive Order 13850. Without knowledge or information as to the remainder of Paragraph 29 and therefore denied.

30.     Admitted that Keith Stansell and Thomas Howes reside in Florida. Denied in part.  Christopher Janis has not resided in New York for over a decade, and now resides in Alabama.  Marc Gonsalves has not resided in Connecticut for over a decade and now resides in Florida.  Judith and Michael Janis have resided in Colorado since 2021.  And Greer Janis died in Colorado in 2016 during the pendency of Stansell/Pescatores' ongoing TRIA execution proceedings. Jonathan Janis resides in California.  Denied that the Stansell judgment was entered in 2020, it was entered in 2010.

31.     Admitted.

32.     Admitted that Mr. Caballero is a Florida resident.   Without knowledge or information as to the remainder of Paragraph 32 and therefore denied.

33.     Admitted in part.  The Pescatores have a judgment against the FARC.  Denied in part.  Not all of the Pescatores reside in New Jersey.  None of the Pescatores reside in New York.

34.     Denied.  It is improper to aver hypothetical claims of John Does 1-10 who have never been identified, and have therefore obviously never asserted a claim or perfected an execution or garnishment lien on JPMCB, and who are therefore improper "phantom" parties joined by JPMCB solely for the purpose of delay.  Without knowledge or information as to the remainder of Paragraph 33 and therefore denied.   Stansell/Pescatores object to impleading of further parties.

**D. Facts Common to the Counterclaim and Third-Party Claim**

35.     *See* responses to ¶¶ 1-8 above incorporated here.

36.     Denied.

37.     Denied.  Petrocedeno, PDVSA and Mr. Caballero are in default under §§ 77.055 and 77.07(2).   The Pescatores and Marron have never asserted a statutory claim, and instead are parties to joint sharing agreements with the Stansells and Albans.  Without knowledge or information as to the remainder of Paragraph 37 and therefore denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.  The Florida garnishment statutes control and provide the procedure for giving constitutionally adequate notice to potential claimants and determining adverse claims.  *See Stansell v. FARC*, 771 F. 3d 713, 728-29 (11th Cir. 2014) (Florida's postjudgment procedures in TRIA executions apply and are constitutional and satisfy due process for timely and adequate notice when applied to third-parties).  Without knowledge or information as to the remainder of Paragraph 41 and therefore denied.

11

**FIRST COUNTERCLAIM AND FIRST**
**THIRD-PARTY CLAIM FOR INTERPLEADER RELIEF**

42.     Stansell/Pescatores adopt their prior responses In Paragraphs 1-41 above as if fully set forth herein.

43.     Admitted that both Stansells and Alban have levied writs of garnishment against JPMCB for the Petrocedeno account.  Denied that this presents any competing claims in light of their sharing agreement whereby turnover on either writ will satisfy both writs and result in a release of liability and full discharge to JPMCB.  STANSELL ECF 594.

44.     Denied.  Any such potential claims are now extinguished by default under §§ 77.055 and 77.07(2).

45.     Admitted that JPMC takes no position on which, if any, of the parties at issue has the superior claim to the funds in the Blocked Account.  Denied that JPMCB is a truly neutral and disinterested stakeholder.  If that were true, JPMCB would not be seeking transfer of its interpleaders to New York, and it would either have deposited the funds into this Court's registry and obtained an immediate discharge of liability and dismissal, or it would have internally transferred the blocked account to Florida, neither transfer requiring any OFAC license to complete.  Without knowledge or information as to the remainder of Paragraph 45 and therefore denied.

46.     Admitted that JPMCB is entitled to a discharge of liability upon compliance with this Court's turnover judgment.  Denied.  JPMCB is not entitled to delay such turnover pending an appeal in the absence of the appellant posting a bond to stay execution pending appeal as required by law.  Denied that JPMCB is entitled to "restrain[] and enjoin[] the Osio plaintiffs" or Stansell/Pescatores in any manner.  Without knowledge or information as to the remainder of Paragraph 46 and therefore denied.

47.    Stansell/Pescatores do not object to a reasonable statutory garnishee fee [Fla. Stat. § 77.28] to JPMCB for filing its Answer to the writ of garnishment  Stansell/Pescatores object to the reasonableness of any further garnishee fees for JPMCB's adversarial activity following the filing of its Answer ECF 242 in this case. Without knowledge or information as to the remainder of Paragraph 47 and therefore denied.

**PRAYER FOR RELIEF**

Stansell/Pescatores deny the allegations set forth in JPMCB's "WHEREFORE" clause, including subparts labelled a, b, c, and b.i – b.vii, and deny that JPMCB is entitled to any of the relief sought in the Prayer for Relief. Stansell/Pescatores deny all other allegations contained in the Answer, Counterclaim and Third-Party Complaint for Relief In Interpleader that were not previously expressly omitted or denied.

**STANSELL/PESCATORES' AFFIRMATIVE DEFENSES TO THE INTERPLEADER CLAIMS**

Stansell/Pescatores assert the following affirmative defenses against the Counterclaim for Interpleader Relief filed by JPMCB.[2]

1.    JPMCB has waived its objections to venue in this judicial district by filing and pursuing its Counterclaim and Third-Party Complaint in this judicial district.

2.    JPMCB has waived its right to move to transfer these proceedings to

---

[2] Stansell/Pescatores are not required to assert affirmative defenses concerning claims to the Blocked Account vis–a-vis other interpleader defendants, because the only relief sought by JPMCB is in interpleader and JPMCB's interpleader complaint specifically states that it is not taking a position with regard to the priority/rights of the interpleader defendants to the Blocked Account. Judgment Creditors reserve all rights with respect to the priority and sufficiency of their claims to the Blocked Account.

another judicial district by filing and pursuing its Counterclaim and Third-Party Complaint in this judicial district.

3.     JPMCB's right to obtain equitable relief is barred by the doctrine of unclean hands.

4.     Florida's Garnishment Statutes Provide the Controlling Procedure on Execution.  Federal Rule of Civil Procedure 69(a) provides that procedures in aid of execution of a judgment, such as garnishment, "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a). In Florida, garnishment procedures require strict adherence to Chapter 77 of the Florida Statutes. *Zivitz v. Zivitz*, 16 So. 3d 841, 847 (Fla. 2d DCA 2009); *Branch Banking & Tr. Co. v. Carrerou*, 730 F. App'x 869, 870 (11th Cir. 2018); *Hatfield v. A+ Nursetemps, Inc.*, 651 Fed. Appx. 901, 903 (11th Cir. 2016) ("state-law procedures govern, unless a federal statute *explicitly* provides *the procedures for execution of judgments*") (emphasis ours) (unpublished).

Specifically in TRIA executions, as the Eleventh Circuit has held, per Rule 69's explicit choice-of-law rule, Florida law governs these TRIA garnishment actions. *Stansell*, 771 F. 3d at 733 ("Because Federal Rule of Civil Procedure 69(a)(1) commands that state civil procedure governs execution proceedings, Florida law governs this issue."); *Stansell*, 771 F. 3d at 741 ("Partnerships were not prevented from taking advantage of Florida law specifically providing for third-party challenges to garnishment proceedings.").  "Florida law has specific requirements for notice and an opportunity to be heard." *Stansell*, 771 F. 3d at 725.

5.     The notice provisions in the Florida garnishment statute apply in this TRIA execution and to blocked parties and any potential claimants to the blocked assets.  *See Stansell v. FARC*, 771 F. 3d 713, 728-29 (11th Cir. 2014) (Florida's postjudgment procedures in TRIA executions apply and are

14

constitutional and satisfy due process for timely and adequate notice when applied to third-parties, including blocked persons or entities).

6.      The Florida garnishment and execution statutory notice requirements are constitutionally adequate and provide an opportunity to be heard. *See Stansell v. Lopez Bello,* 802 Fed Appx 445, 449, 2020 WL 290423, at *3  (11th Cir. 2020).

7.      Florida's Garnishment Statutes provide the controlling procedure to address adverse claims.  Fla. Stat. § 77.06(2); § 77.055.

8.      There are no competing claims or claimants with superior lien rights to the Alban or Stansell judgment creditors.  Fla. Stat. §§ 77.055 and 77.07(2) provide the procedure for notifying potential claimants, and for their default. Stansell/Pescatores, complied with the Florida Garnishment statute's notice requirements. *See* STANSELL ECF 574 Fla. Stat. §77.041, Notice of Compliance (mailing of writ, notice to debtor, & motion w/exhibits); STANSELL ECF 586 Fla. Stat. §77.055 Notice of Compliance (mailing garnishee's answer and notice of 20 days to dissolve).  Here, the settlement and sharing agreement between the Stansell and Alban Stansell/Pescatores, eliminates a dispute or competing claims to the subject blocked account of Petrocedeno.  The § 77.055 notice was provided to all potential claimants identified in the garnishee's answer, including Petrocedeno, PDVSA and Antonio Caballero.  Petrocedeno, PDVSA and Mr. Caballero received statutory notice, failed to appear and are all therefore defaulted. § 77.07(2).  Mr. Caballero's New York writ issued December 9 and levied on December 10, 2024 is ineffective because he was defaulted in this action on November 25, 2024.  Any lien created by this writ is chronologically inferior to the Stansell and Alban liens.  The account owner and blocked claimant Petrocedeno was also provided with statutory notices of levy under § 77.041, and notice of service of the garnishee's answers and its right to move to dissolve the

writ if any allegation in the Alban motion is untrue under § 77.055.[3] No other potential claimants has timely appeared pursuant to § 77.055 and they are now in default under § 77.07(2).

9.    The Florida statute's 20-day time limit to dissolve a garnishment or otherwise challenge any allegation in the motion as untrue must be "strictly construed." *Regions Bank v. Hyman*, 91 F. Supp. 3d 1234, 1241 (MD Fla. 2015) ("Pursuant to Fed. R. Civ. P. 69(a) . . .[t]he procedures outlined in Ch. 77, Florida Statutes . . . must be strictly construed."). Florida's garnishment statute itself provides for no extension of the 20-day time limitation—for any reason—to file a motion to dissolve the writ. Fla. Stat. § 77.07(2). *See BNP Paribas v. Wynne III*, 994 So.2d 1004, 1005 (Fla. Dist. Ct. App. 2005); Order STANSELL ECF 70 (declining to extend the garnishment statute's strict deadlines). The time to challenge any motion or allegation related to these executions has long expired.

10.    Petrocedeno is an agency or instrumentality of the FARC and that finding is now law of the Stansell case, also entitled to preclusive effect in Alban. STANSELL ECF 499. It is undisputed that Petrocedeno received statutory notice of the execution in 2020. STANSELL ECF 499; 488-2; 488-3. It is also undisputed that Petrocedeno was twice provided post-turnover notice of the 2020 SDFL turnover judgments in both *Stansell* and *John Doe v. ELN, FARC*, SDFL Case No. 1:10-cv-21517-PCH, STANSELL ECF 288, *filed in Stansell* as STANSELL ECF 360-3, yet took no action. Petrocedeno was afforded the requisite statutory notice and failed to appear to challenge this Court's agency or instrumentality finding in STANSELL ECF 367. Judge Scola carefully reviewed all the supporting evidence, including testimony from three expert witnesses and *then* entered judgment. STANSELL ECF 499. *See Stansell*, 771

---

[3] ECF 167, 206, 210.

F. 3d at 741 ("Partnerships were not prevented from taking advantage of Florida law specifically providing for third-party challenges to garnishment proceedings."). This finding is now law-of-the-case. *United States v Escobar-Urrego*, 110 F. 3d 1556, 1560 (11th Cir 1997), *citing Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 815–16, (1988).

11.    Petrocedeno failed to rebut the agency or instrumentality determination in Order STANSELL ECF 367 and TRIA Turnover Judgment STANSELL ECF 499 in filing STANSELL ECF 600.

12.    It is undisputed that Petrocedeno is the sole owner of the blocked assets held by JPMCB.  STANSELL ECF 600 at 4 ("Petrocedeno's assets") & 11 ("assets belonging to Petrocedeno").

13.    PDVSA is not a proper, necessary or indispensable party.  First, PDVSA was provided both § 77.041 and § 77.055 notice of the 2024 writ to Petrocedeno and failed to timely appear under the Florida garnishment statutes. STANSELL ECF 573; 586.  Second, PDVSA does not own the blocked funds. *Dole Food Co. v. Patrickson*, 538 US 468, 475 (2003) ("A corporate parent which owns the shares of a subsidiary does not, for that reason alone, own or have legal title to the assets of the subsidiary; and, it follows with even greater force, the parent does not own or have legal title to the subsidiaries of the subsidiary.").

14.    PDVSA is the indirect parent corporation of Petrocedeno, with two PDVSA subsidiaries collectively owning 100% of Petrocedeno.  As such Petrocedeno is not a foreign state or an instrumentality thereof. *See* STANSELL ECF 600 n.1 (admitting that Petrocedeno is not a foreign state or instrumentality thereof).  The Supreme Court held that "[a] corporation is an instrumentality of a foreign state under the FSIA *only if the foreign state itself owns a majority of the corporation's shares.*" *Dole Food Co. v. Patrickson*, 538 U.S. 468, 477 (2003)

(emphasis added).  Petrocedeno's blocked accounts are therefore not immune from attachment and execution here.

15.    This is not a Foreign Sovereign Immunities Act case, but a postjudgment execution under the Terrorism Risk Insurance Act.  As such the broader agency of instrumentality standard under TRIA governs.  The Eleventh Circuit has squarely held that TRIA is not the FSIA, and that the FSIA standard for agency or instrumentality "would eviscerate" TRIA.  *Stansell*, 771 F. 3d at 731.  *See Kirschenbaum*, 830 F. 3d 107, 133 (2d Cir. 2016) ("because TRIA § 201 encompasses non-state actors and, thus, reaches more broadly than the FSIA, it would contravene a plain reading of the TRIA to cabin its reach by applying the FSIA's definition of agency or instrumentality—which requires a foreign state principal.").

16.    This TRIA execution is not an original proceeding and no service of process is required for turnover.  There is no requirement to initiate a new action in TRIA post-judgment execution proceedings, to make Petrocedeno a party nor do the Florida garnishment statutes require formal service of process.  The Eleventh Circuit has expressly rejected the argument that "a postjudgment action brought pursuant to § 201 of the TRIA is a new and independent civil suit."  *Stansell v. FARC,* 45 F4th 1340, 1349 (11th Cir. 2022).  TRIA executions are not original proceedings.  *Stansell*, 771 F.3d at 737 (11th Cir. 2014); *Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 50 (2d Cir. 2010), *Havlish v. 650 Fifth Ave. Co.*, 934 F.3d 174, 184 (2d Cir. 2019) ("A TRIA § 201 claim is not a suit for a judgment, but rather one to enforce a judgment already obtained.").  Therefore, the Florida garnishment statutes provide the only required notice in these TRIA postjudgment executions.  *See Stansell*, 771 F. 3d at 730 ("Florida's statutory notice scheme for garnishment proceedings does not conflict with TRIA's "notwithstanding" provision because the assets TRIA subjects to

18

execution are still subject to execution. Therefore, TRIA § 201 does not preempt Florida law, and judgment creditors seeking to satisfy judgments under it must follow the notice requirements of Florida law. *See* Fed. R. Civ. P. 69(a)(1).")

17.     These garnishment proceedings are controlled by Chapter 77 of the Florida Statutes, a statutory regime which must be strictly construed. STANSELL ECF 163, Order of the Court on April 19, 2019 ("The intent of the Florida legislature in enacting these provisions was to give creditors 'a swift summary disposition of issues.'"). *See Mystique, Inc. v. 138 Intern., Inc.*, 07-22937-CIV, 2010 WL 3008809 (S.D. Fla. July 28, 2010) (Torres, J.), *Report and Recommendation adopted*, 10-21421-CIV, 2010 WL 4316957 (S.D. Fla. Oct. 26, 2010) (counterclaims not permissible in postjudgment execution proceedings). *See also ABM Fin. Services, Inc. v. Express Consolidation, Inc.*, 07-60294-CIV, 2011 WL 13262789, at *2 (S.D. Fla. Nov. 29, 2011) (granting motion to dismiss counterclaims "solely on the basis that counterclaims are not permitted in actions of this type").  The court in *ABM Fin. Services* held that "[t]he analysis of Judge Torres is directly on point in this case as well, and is adopted herein. *The bottom line is, the proceedings allowed under said statute are the proceedings allowed under that statute.*" *Id.* at *1 (emphasis added).

18.     This Court has personal jurisdiction over JPMCB and subject matter jurisdiction over this postjudgment TRIA proceeding and the blocked account. *See Stansell*, 771 F. 3d 713, 733 (11th Cir. 2014) (blocking makes assets "fall within the ambit of TRIA § 201" and "subject to execution").  The alleged "location" of the blocked account does not affect this Court's jurisdiction to attach and execute on the blocked account, including final turnover judgment, or to execute under proceedings supplementary pursuant to § 56.29.  *Shim v. Buechel*, 339 So. 3d 315 (Fla. 2022).  In *Shim*, the Court held in the context of a judgment-enforcement proceeding (there, a proceeding supplemental under Fla.

Stat. § 56.29(6)), that the trial court could reach assets located outside of Florida, so long as it had personal jurisdiction over the party holding the assets.

19. TRIA is not limited to state sponsor of terrorism cases. The title of the codified TRIA provision makes this clear: "*Satisfaction of Judgments From Blocked Assets of Terrorists, Terrorist Organizations, and State Sponsors of Terrorism.*" 28 U.S.C. § 1610 note. And Congress expressly defined "terrorist party" to mean "a terrorist, a terrorist organization ..., or a foreign state designated as a state sponsor of terrorism." TRIA § 201(d)(4).

20. JPMCB's Counterclaim and Third-Party Complaint are improper and unnecessary for at least three independent reasons: (1) these pleadings are unauthorized and thus invalid under Chapter 77 of the Florida Statutes, which govern these garnishment proceedings; (2) there is no need for any interpleader because of the Sharing Agreements entered into by all applicable claimants, and Mr. Caballero was provided statutory notice but was in default on November 25, 2024; and (3) even if an interpleader were statutorily authorized (it is not), it would be contrary to the interests of justice to conduct an interpleader here.

21. The garnishment statutes will provide JPMCB with a full discharge of liability when turnover is completed.

22. JPMCB is required to deposit Petrocedeno's blocked funds into the registry of the court. 18 U.S.C. § 1335.

23. Nicolas Maduro Moros and Petrocedeno have waived their rights and are barred from using this Court, or the Eleventh Circuit Court of Appeals, pursuant to Fla. Stat. § 772.13(6) while Maduro continues to remain a fugitive. STANSELL ECF 605.

## Conclusion

The controlling Florida garnishment statutes provide a clear mechanism to deal with potential adverse claims, and that procedure has been strictly

complied with by the Albans and Stansells. Any other persons/entities with an alleged ownership interest identified in Garnishee's Answer ECF 242 have been provided statutory notice. *None have appeared*. The Florida garnishment statutes do not provide for counterclaims or third-party complaints or interpleader to deal with potential adverse claims. There are no competing claims. As such, there is simply no legal basis for an interpleader.

Respectfully submitted December 19, 2024.

/s/ Newton P. Porter, Esq.              /s/Richard B. Rosenthal, Esq.
(FL Bar: 833738)                        (FL Bar: 0184853)
/s/ Tony Korvick, Esq.                  Co-counsel for Stansell/Pescatores
(FL Bar: 0768405)                       1581 Brickell Avenue
PORTER & KORVICK, P.A.                   Suite 1408
Attorneys for the *Stansell*            Miami, Florida 33129
Stansell/Pescatores                     Telephone: (305) 992-6089
Local counsel for *Pescatores*          rbr@rosenthalappeals.com
4000 Ponce de Leon Blvd Suite 470
Coral Gables, Florida 33146
Telephone: (305) 373-5040
nporter@porterandkorvick.com
tkorvick@porterandkorvick.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 19, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/STANSELL ECF system. I further certify that I served the foregoing document and the notice of electronic filing by electronic mail to the following persons:

OFFICE OF FOREIGN ASSETS CONTROL
U.S. Department of the Treasury
1500 Pennsylvania Ave. NW
Washington DC
[by email service directly to OFAC counsel in compliance with 31 CFR 501.605]

/s/ Tony Korvick

21

TONY KORVICK_ (FL Bar 768405)
PORTER & KORVICK, P.A.
Attorneys for Stansell/Pescatores
4000 Ponce de Leon Blvd Suite 470
Coral Gables, Florida 33146
Telephone:  (305) 373-5040
tkorvick@porterandkorvick.com