**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MEUDY ALBÁN OSIO, *et al.*,

*Plaintiffs*,

v.

NICOLÁS MADURO MOROS, *et al.*,

*Defendants*.

Case No. 1:21-cv-20706-DPG

**NON-PARTY PDVSA'S EXPEDITED MOTION TO STAY**
**SALE OF PROPERTY PURSUANT TO WRIT OF EXECUTION**

Pursuant to Rules 62(b), 69(a)(1), and 71 of the Federal Rules of Civil Procedure and Rule 7.1(d)(2) of the Local Rules, Non-Party Respondent Petróleos de Venezuela, S.A. ("PDVSA") — an agency or instrumentality of a "foreign state" entitled to presumptive foreign sovereign immunity from jurisdiction and execution under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1603(b), 1604, 1609 — hereby moves on an expedited basis for an order staying the U.S. Marshal's sale of a blocked 2011 Learjet 45, Tail Number YV2739, registered to PDVSA ("Learjet") pending resolution of PDVSA's Motion to Vacate Order and Turnover Judgment, Dissolve Writs of Garnishment, Deny Turnover Motions, and Dismiss Action with Prejudice ("Motion to Vacate") (ECF 310). The public auction is scheduled for noon on January 16, 2025.[1] By filing this motion, PDVSA does not waive and expressly preserves any and all rights, privileges, immunities, and defenses, including, without limitation, as to service of process and personal and subject-matter jurisdiction.

For the reasons stated below, PDVSA respectfully requests a ruling on this Expedited Motion on or before **January 14, 2025**, two days before the date the U.S. Marshal's sale of the Learjet is set to commence.

## PRELIMINARY STATEMENT

The U.S. Marshal for the Southern District of Florida has scheduled the January 16, 2025,

[1] *See* U.S. Marshal Notice, Ex. 1; *see also Notice of U.S. Marshals Service Sale*, https://adindex.miaminewtimes.com/classifieds/category/legal-notices-527 (last visited Dec. 23, 2024).

sale by public auction of the Learjet pursuant to a writ of execution issued by the clerk on an *ex parte* basis on July 1, 2024. ECF 114 ("Learjet writ"). The purpose of this Expedited Motion is to temporarily stay the sale of the Learjet pending resolution of PDVSA's Motion to Vacate, which among other relief, requests that the Court dissolve the Learjet writ.

Among the grounds to dissolve the Learjet writ that PDVSA asserted in the Motion to Vacate are: (1) this Court lacks subject-matter jurisdiction because PDVSA is entitled to foreign sovereign immunity under the FSIA (ECF 310 at 5-7); (2) the Court lacks personal jurisdiction over PDVSA because Plaintiffs did not serve PDVSA in the manner required by the FSIA (*id.* at 7-10); (3) Plaintiffs' attempt to shift liability for their default judgments onto PDVSA on the basis that PDVSA is allegedly an "agency or instrumentality" of Defendants Nicolás Maduro and the Cartel of the Suns under § 201 of the Terrorism Risk Insurance Act ("TRIA") presents a nonjusticiable political question that this Court lacks jurisdiction to decide (*id.* at 10-12); and (4) even if the Court had subject-matter and personal jurisdiction and the issues before the Court were justiciable, TRIA does not authorize Plaintiffs to have obtained the Learjet writ or to use the proceeds of the Learjet sale to relieve Maduro and the Cartel from their obligations to pay the default judgments that were entered against them (*id.* at 12-19).

The Court should enter a stay without requiring PDVSA to post a bond. If the Court *grants* the Motion to Vacate, then the auction should never happen. Without a stay in place, however, the auction will presumably occur on its scheduled date just weeks away. If the auction takes place and the Learjet is sold, then any relief the Court might grant on the Motion to Vacate will be too late: PDVSA will have already irretrievably lost its property to the auction winner.

If, on the other hand, the Court *denies* the Motion to Vacate, there will be no harm to Plaintiffs because the auction can simply be rescheduled once the stay is lifted. There is no risk of the Learjet becoming unavailable to Plaintiffs during a stay, making a bond unnecessary. The U.S. Marshal levied against the Learjet on October 29, 2024. ECF 217. The plane will remain in the U.S. Marshal's custody while the Court considers the Motion to Vacate. Moreover, the Learjet is blocked under U.S. economic sanctions laws and regulations and could not be moved in any event, which further mitigates the (already non-existent) risk of the Learjet becoming unavailable to Plaintiffs if the Court denies the Motion to Vacate.

Expedited treatment of this Motion under Local Rule 7.1(d) is required to prevent the auction from occurring while this Expedited Motion is pending, which would render the Expedited

Motion moot. PDVSA respectfully requests a decision on this Expedited Motion by **January 14, 2025**, that is, at least two days before the U.S. Marshal has scheduled the auction. PDVSA diligently prepared this Expedited Motion once it became aware of the scheduled January 16, 2025, sale. If this Expedited Motion were to proceed on a non-expedited basis, it would be fully briefed and become ripe on January 13, 2025, just one day before a decision is needed. Accordingly, PDVSA requests that the Court order expedited briefing and proposes the following dates:

- Plaintiffs' response due Friday, January 3, 2025.
- PDVSA's reply due Wednesday, January 8, 2025.

## **BACKGROUND**

Plaintiffs filed an eight-count Complaint against the former president of Venezuela, Nicolás Maduro, the Cartel, and other Defendants for the kidnapping, torture, and murder of Fernando Alberto Albán. ECF 1. The Complaint did not name PDVSA as a defendant. None of the Defendants appeared, and the Court entered default judgments totaling $217 million against them on September 15, 2022 (amended February 9, 2023) and August 7, 2023. ECF Nos. 59, 73, 91.

On January 5, 2024, Plaintiffs moved *ex parte* for an order determining that PDVSA is an "agency or instrumentality" of Maduro and the Cartel under TRIA and, on that basis, authorizing the Learjet writ in satisfaction of Plaintiffs' default judgments. ECF No. 94. Judge Torres issued a Report and Recommendation on June 10, 2024, recommending Plaintiffs' motion be granted. ECF 110. The Court issued an Order adopting the Report and Recommendation on July 1, 2024. ECF 113. That same day, the Clerk of Court issued the Learjet writ. ECF 114. As the Motion to Vacate explains, PDVSA was never properly served, much less provided requisite notice that would have allowed it to defend against the Order finding that PDVSA should be liable for default judgments issued in an action in which PDVSA was never made a party. ECF 310, at 7-10.

On October 29, 2024, the U.S. Marshal for the Southern District of Florida executed the writ and levied against the Learjet. ECF 217. The U.S. Marshal has scheduled a public auction to sell the Learjet on January 16, 2025, at 12:00 pm, the proceeds of which are to be used in partial satisfaction of the default judgment against the Defendants in this case. *See* Ex. 1.

On December 14, 2024, PDVSA filed its Motion to Vacate. ECF 310. As pertinent here, the Motion to Vacate asks the Court to vacate its July 1, 2024, Order (ECF No. 113); dissolve the Learjet writ (ECF 114); and dismiss this action with prejudice as to PDVSA and its property.

## ARGUMENT

### I. THE COURT SHOULD STAY THE AUCTION OF THE LEARJET PENDING RESOLUTION OF PDVSA'S MOTION TO VACATE

Under Federal Rule of Civil Procedure 62(b), a stay of execution of judgment is a matter of right if the movant "post[s] a bond *or other security*." *Naval Logistic, Inc. v. M/V Fam. Time*, 2024 WL 4950155, at *2 (S.D. Fla. Dec. 3, 2024) (emphasis added). As discussed below, the stay PDVSA seeks is supported by "other security," Fed. R. Civ. P. 62(b), namely, the Learjet itself. *See infra*, § II.A. Since the jet is in the custody of the U.S. Marshal and cannot be moved while the Motion to Vacate is pending, there is no risk that it will become unavailable to Plaintiffs. This is a sufficient security under Rule 62(b). *See infra*, § II.A. Accordingly, the Court should grant PDVSA's request for a stay as a matter of right.

Although PDVSA is entitled to a stay as a matter of right because the Learjet is adequate security to protect Plaintiffs' interests, the factors governing discretionary motions to stay also support a stay of the sale while the Motion to Vacate is pending. Those factors are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*SEC v. Mut. Benefits Corp.*, 2021 WL 5206302, at *2 (S.D. Fla. Nov. 9, 2021) (granting Rule 62(b) motion to stay sale of assets pending appeal and considering these factors).

***Likelihood of Success on the Merits.*** This factor supports a stay because PDVSA has presented "a substantial case on the merits" in its Motion to Vacate. *Id.* (quoting *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986); *see* ECF 310 at 5-19. A stay is appropriate where, as here, the Motion to Vacate presents "sophisticated legal questions" that are "deserving of more deliberate investigation." *Mut. Benefits Corp.*, 2021 WL 5206302, at *3 (quoting *Evans v. Utah*, 21 F. Supp. 3d 1192, 1212 (D. Utah 2014)). This is particularly true because, in granting Plaintiffs' motion for the Learjet writ, the Court explicitly declined to address the fundamental threshold issue of subject-matter jurisdiction under the FSIA — a key issue raised in the Motion to Vacate. *See* ECF 110 at 4 (deeming it neither "necessary [n]or appropriate to address" "an anticipated objection under the [FSIA]"); ECF 113 (adopting R&R in full). Indeed, the arguments under the FSIA and TRIA presented in the Motion to Vacate are particularly meritorious where the United States has expressed its views supporting PDVSA's positions in similar enforcement proceedings, prompting PDVSA to ask this Court to invite the views of the United States here. ECF 310 at 3.

Moreover, where — as here — the balance of harms favors a stay, "the 'probability of success' requirement is somewhat relaxed." *Mut. Benefits Corp.*, 2021 WL 5206302, at *2 (quoting *FTC v. Mainstream Mktg. Servs. Inc.*, 345 F.3d 850, 852 (10th Cir. 2003)). Hence, a stay is warranted so the Court can address PDVSA's "substantial case on the merits" before the Learjet is auctioned. *Mut. Benefits Corp.*, 2021 WL 5206302, at *3.

***Irreparable Harm to PDVSA.*** PDVSA will suffer irreparable harm if the Court allows its property to be sold before the Court decides PDVSA's argument that the Court lacks jurisdiction to order such a sale. *See id.* at *2 (observing that a failure to stay the sale of assets pending appeal "will moot the issues on appeal" and granting stay where failing to stay the sale would deprive defendant of property). If the auction goes forward, PDVSA may have no recourse to recover the Learjet from a bona fide purchaser for value. *See* Fla. Stat. § 672.403(1) ("A person with voidable title has power to transfer a good title to a good faith purchaser for value.").

The loss of PDVSA's property constitutes irreparable harm. *See Caballero v. Fuerzas Armadas Revolucionarios de Colombia*, 2022 WL 18664563, at *20 (S.D. Fla. Dec. 10, 2022) (R&R), *adopted in relevant part*, 2023 WL 187685 (S.D. Fla. Jan. 15, 2023) (granting temporary restraining order preventing sale of property pending motion to vacate writs of execution and finding that "[w]ithout a TRO to pause a sale pending the resolution of the Motion to Vacate, the Interested Parties are likely to suffer irreparable harm"); *Astrove v. Doe*, 2022 WL 2805345, at *4 (S.D. Fla. June 17, 2022) (finding irreparable harm where "value and/or equity in the Property w[ould] be lost; and any rights Plaintiff would have to recover the Property would be lost" absent order preventing transfer or encumbrance of property).

Allowing the sale to proceed would also cause irreparable harm to PDVSA's sovereign interests, which include being "entitled by its sovereign status to immunity from suit." *Philippines v. Pimentel*, 553 U.S. 851, 868 (2008). For the Court to allow the Learjet to be sold while the Motion to Vacate is pending creates a substantial risk that the sale will occur despite the Court lacking subject-matter jurisdiction to authorize the sale because of PDVSA's sovereign immunity and despite lacking personal jurisdiction over PDVSA. *See id.* at 869 (recognizing "the important comity concerns implicated by [a foreign state] in asserting foreign sovereign immunity"). Having its property forcibly sold pursuant to a void writ of execution would harm PDVSA's sovereign interests, especially if the sale were allowed to occur while PDVSA is actively pressing sovereign-immunity and personal jurisdiction arguments. Injury to PDVSA's sovereign interests also

constitutes irreparable harm justifying a stay to preserve the status quo. *See, e.g.*, *Florida v. Nelson*, 576 F. Supp. 3d 1017, 1040 (M.D. Fla. 2021) ("Florida demonstrates a likely irreparable harm to sovereign interests absent a stay."); *Philipp v. Fed. Republic of Germany*, 436 F. Supp. 3d 61, 68 (D.D.C. 2020) (granting motion to stay pending filing of petition for certiorari raising FSIA argument, and finding that requiring a foreign state "to incur the time and expenses of litigation," when it was potentially immune from suit, was irreparable harm).

***Lack of Injury to Plaintiffs.*** In contrast to the irreparable harm that PDVSA would suffer absent a stay, Plaintiffs will not be injured by a stay of the sale. If PDVSA does not prevail in its arguments to dissolve the writ of execution, the sale can go forward at that time. In that case, Plaintiffs will be in the same position they are in now. This factor thus supports a stay. *See Mut. Benefit Corp.*, 2021 WL 5206302, at *4 (concluding the balance of harms favored party seeking stay of sale pending appeal because the property would "not lose [its] value . . . as a result of the stay"); *Caballero*, 2022 WL 18664563, at *20 (finding no harm to plaintiff in staying sale of property pending motion to vacate writ of execution because "Plaintiff would be required only to hold onto the property . . . until the Motion to Vacate is ruled upon").

***Public Interest.*** Finally, the public interest heavily favors a stay. The doctrine of foreign sovereign immunity "deriv[es] from 'standards of public morality, fair dealing, reciprocal self-interest, and respect for the 'power and dignity' of the foreign sovereign.'" *Pimentel*, 553 U.S. at 866 (quoting *Nat'l City Bank of New York v. Republic of China*, 348 U.S. 356, 362 (1955)); *see also Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1127 (9th Cir. 2010) (observing that these public-interest rationales for foreign sovereign immunity "apply more strongly in the context of immunity *from execution*" of judgment (emphasis added)). Allowing the sale to go forward while PDVSA is challenging the Court's jurisdiction to authorize the writ of execution would diminish these important policy considerations. Indeed, the United States' foreign relations with an ally, Venezuela, will likely suffer if the sale were to proceed without adequate due process afforded to a foreign state through the adjudication of its pending Motion to Vacate. *See Pimentel*, 553 U.S. at 866 ("The judicial seizure of the property of a friendly state may be regarded as an affront to its dignity and may affect our relations with it." (cleaned up)).

As a result, courts routinely hold that foreign states should not be subject to any judicial process in U.S. courts until the issue of foreign sovereign immunity is fully decided. *See, e.g.*, *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1311 (11th Cir. 2009) (holding that an interlocutory order

denying motion to dismiss on foreign sovereign immunity grounds is immediately appealable); *Rodriguez v. Imperial Brands plc*, 2022 WL 2231504, at *3-5 (S.D. Fla. May 25, 2022) (granting motion to stay all discovery pending resolution of motion to dismiss raising foreign sovereign immunity arguments). If the public-interest factors underpinning the FSIA warrant freeing a foreign state from the burden of discovery or trial while its immunity defense is pending, then certainly those factors also support allowing PDVSA, a foreign state under the FSIA, to present its immunity defense before execution of judgment.

## II. THE COURT SHOULD STAY THE SALE WITHOUT REQUIRING PDVSA TO POST A BOND

Federal Rule of Civil Procedure 62(b) authorizes the Court to stay execution of a judgment if a party "provid[es] a bond *or other security*." Fed. R. Civ. P. 62(b) (emphasis added). "[T]he 2018 amendment to Rule 62 makes explicit the opportunity to post security in the form other than a bond." *Strutton v. Anderson*, 2024 WL 526962, at *2 (S.D. Fla. Jan. 24, 2024) (R&R), *adopted by*, 2024 WL 518141 (S.D. Fla. Feb. 8, 2024) (granting stay with a security other than a bond) (cleaned up). Thus, the Court has "discretion to waive the bond requirement." *Hurtado v. Balerno Int'l Ltd.*, 2018 WL 10517082, at *1 (S.D. Fla. July 11, 2018) (granting motion to stay sale of vessel pending decision on motion to set aside default judgment without requiring defendant to post a bond). Courts will do so when the moving party "'objectively demonstrate[s]' that 'depart[ure] from the usual requirement of a full security supersedeas bond' is appropriate." *Id.* (quoting *Poplar Grove Planting & Refin. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979)).

### A. The Learjet Is in the Custody of the U.S. Marshal, Which Is an Adequate Security to Protect Plaintiffs' Interests

The purpose of the bond requirement is to "preserve the status quo." *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986). Here, the status quo is fully protected without the posting of a bond. *Id.* The Learjet is already in the U.S. Marshal's custody. ECF 217. Hence, the Court "retain[s] custody" of the Learjet — via the U.S. Marshal — while the Motion to Vacate is pending, and the Court can thus easily "preserve[] the status quo and prevent[] the risk that [Plaintiffs], [should they] prevail[], [be] unable to collect [their] award." *Boyd*, 781 F.2d at 1498 (observing that, had the court retained the funds awarded to a party pending appeal, then the court could have "preserved the status quo" and obviated the need for a bond).

In other words, there is no "risk" here that waiving the bond requirement will result in the

Learjet becoming unavailable to partially satisfy the default judgment, should the Court deny the Motion to Vacate. *Hurtado*, 2018 WL 10517082, at *1; *see also AVT-New York, L.P. v. Olivet Univ.*, 2023 WL 2504690, at *4-5 (D. Utah Mar. 14, 2023) (granting motion to stay sale of property without a bond under Rule 62(b) pending resolution of motion to vacate because the plaintiff held a lien on the property to be sold, which was an adequate security).

Although the fact of the Learjet being in the U.S. Marshal's custody is sufficient to ensure its availability, the Learjet is also blocked under sanctions administered and enforced by the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC"). *See* 85 Fed. Reg. 5066, 5067 (Jan. 28, 2020) (identifying Learjet with tail number YV2739 as being blocked); ECF 94 at 4-5 (arguing Learjet is blocked). Hence, the Learjet could not be moved regardless of it being in the U.S. Marshal's custody. In simple terms, the Learjet is not going anywhere while the Motion to Vacate is pending.

*Hurtado* is instructive. In that case, the plaintiff obtained a default judgment and a writ of execution on the defendant's vessel. *Hurtado*, 2018 WL 10517082, at *1. Thereafter, the defendant appeared, moved to set aside the default, and requested to stay the U.S. Marshal's sale of the vessel until the court decided the motion to set aside the default judgment. *Id.* The Plaintiff "consent[ed] to the entry of a stay *so long as Defendant post[ed] a supersedeas bond*." *Id.* (emphasis added). The Court, however, ruled that no bond was required "pending disposition of Defendant's Motion to Set Aside Default Judgment." *Id.* at *2. The Court should rule similarly here. That the Learjet is and will remain in the U.S. Marshal's custody — and cannot possibly be moved in any event because of the Venezuelan Sanctions Regulations — is sufficient to protect Plaintiffs' interests. These facts mean Plaintiffs "retain . . . access to all [property] previously identified as potentially attachable prior to the stay." *Strutton*, 2024 WL 526962, at *2. Hence, the case will remain in "the same position as it existed at the time the stay was entered." *Id.*

Other courts have similarly held that disputed property was itself an adequate security under Rule 62(b) where the property would be available to satisfy the judgment following a stay. *See, e.g.*, *Deutsche Bank Nat'l Tr. Co. v. Cornish*, 759 Fed. App'x 503, 507-08 (7th Cir. 2019) (explaining that a mortgagee's interest in a property "should ordinarily suffice to protect the lender's rights pending appeal for purposes of Rule 62"); *Mut. Benefits Corp.*, 2021 WL 5206302, at *4 (finding that the res of a trust, which was already in trustee's possession, constituted adequate security under Rule 62(b) without additional bond); *Petroleos de Venezuela S.A. v. MUFG Union*

*Bank, N.A.*, 2020 WL 7711522, at *2 (S.D.N.Y. Dec. 29, 2020) (concluding that a party's shares in a public company were an adequate security to support a stay under Rule 62(b) while that party appealed an order authorizing the sale of those shares to execute a judgment); *United States v. Birdsong*, 2019 WL 1026277, at *2 (D. Mont. Mar. 4, 2019) (holding that real property subject to foreclosure served as adequate security under Rule 62(b) because "[t]reating the properties as security for the judgment, then, merely maintains the status quo").

Finally, some courts in this district have evaluated requests for waiver of a bond under a five-factor test announced in *Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988). *See Hurtado*, 2018 WL 10517082, at *2; *sea also Campbell v. Rainbow City*, 209 F. App'x 873, 876 (11th Cir. 2006) (citing *Dillon* approvingly). The *Dillon* factors are:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

866 F.2d at 904-05 (cleaned up). Applying this test also supports waiver of a bond. *First*, the "collection process" is straightforward: the Learjet has already been seized by the U.S. Marshal, and all that is left to do, if PDVSA does not prevail in the Motion to Vacate, is hold an auction. *Second*, the U.S. Marshal can schedule an auction immediately after the stay is lifted absent any other relief, so there is no reason to expect any delay following. The *third* and *fourth* factors do not directly apply here, as the default judgments do not run against PDVSA directly. But these factors are essentially proxies for whether waiving a bond risks the plaintiff losing the opportunity to recover because of the judgment debtor's inability to pay. Here, there is no such risk that the Learjet will be unavailable, so these factors also weigh in favor of a stay without bond. The *fifth* and final factor — PDVSA's financial position — is also irrelevant because PDVSA is not responsible for the underlying default judgments; there is no circumstance in which PDVSA will have to pay cash to satisfy those judgments.

**B. It Would Be Impracticable to Require PDVSA to Post a Bond Because PDVSA's U.S.-Based Assets Are Subject to U.S. Economic Sanctions**

There is no dispute that PDVSA is subject to protective blocking sanctions through its placement on OFAC's Specially Designated Nationals and Blocked Persons List. *See, e.g.*, ECF 94 at 18. As a result, all of PDVSA's "property and interests in property that are in the United

States, that hereafter come within the United States, or that are or hereafter come within the possession or control of any United States person . . . may not be transferred, paid, exported, withdrawn, or otherwise dealt in." Exec. Order No. 13850, 83 Fed. Reg. 5523 (Nov. 1, 2018), § 1(a).

The sanctions against PDVSA "prohibit[] [it] from posting a bond using the typical commercial means a private party would use." *Flanagan v. Islamic Republic of Iran*, 190 F. Supp. 3d 138, 183 n.30 (D.D.C. 2016). In *Flanagan*, the Court did not require a foreign state to post a bond, recognizing the practical inability of a foreign state (Sudan) to post a bond when it was subject to sanctions that restricted its property in the United States. *Id.* Likewise, here, any assets in the United States owned by PDVSA (or assets brought to the United States by PDVSA) are blocked under the Venezuelan Sanctions Regulations. *See* Exec. Order No. 13850, § 1(a). Under this regime, PDVSA has no legal ability to obtain a bond absent an OFAC license nor any practical ability to succeed in obtaining a bond.

## CONCLUSION

For the foregoing reasons, PDVSA respectfully requests that the Court stay the U.S. Marshal's sale of the Learjet, currently scheduled for noon on January 16, 2025, until PDVSA's Motion to Vacate (ECF 310) has been resolved.

**RULE 7.1(a)(2) CERTIFICATION**

Undersigned counsel has conferred with counsel for Plaintiffs in a good faith effort to resolve the issues raised in the motion. Plaintiffs oppose the motion.

Dated: December 23, 2024

Respectfully submitted,

WHITE & CASE LLP

By: /s/ *Jaime A. Bianchi*

Jaime A. Bianchi
W. Dylan Fay
200 S Biscayne Blvd.
Miami, FL 33131
jbianchi@whitecase.com
dylan.fay@whitecase.com
Tel.: (305) 371-2700

Claire A. DeLelle (*pro hac vice*)
Danielle S. Tarin (*pro hac vice* forthcoming)
Benedict S. Bernstein (*pro hac vice*)
Blair E. Trahan (*pro hac vice*)
701 Thirteenth Street N.W.
Washington, D.C. 20005
Tel.: (202) 626-6485
claire.delelle@whitecase.com
danielle.tarin@whitecase.com
benedict.bernstein@whitecase.com
blair.trahan@whitecase.com

*Counsel for Petróleos de Venezuela, S.A.*