## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 21-20706-CIV-TORRES/GAYLES

MEUDY ALBÁN OSIO, et al.,

      Plaintiffs,

v.

NICOLAS MADURO MOROS, et al.

      Defendants.

_____/

## ORDER ON JUDGMENT CREDITOR'S MOTION TO COMPEL NON-PARTY'S COMPLIANCE WITH SUBPOENA

This cause comes before the Court on Plaintiffs' Motion to Compel X Corp.'s (a non-party) Compliance With Subpoena. [D.E. 128]. X Corp. timely responded to the Motion [D.E. 144], to which Plaintiffs timely replied. [D.E. 146]. The motion, therefore, is ripe for disposition.[1] After careful review of the briefing and relevant authorities, and for the reasons set forth below, Plaintiffs' Motion is **GRANTED.**

---

[1] On August 12, 2024, the Honorable Darrin P. Gayles referred this matter to the Undersigned Magistrate Judge for disposition. [D.E. 131].

## I.     BACKGROUND

On August 6, 2023, Plaintiffs procured a Final Default Judgment against Defendants for $217,000,000.00. [D.E. 91]. In the pending Motion, Plaintiffs seek to uncover "basic subscriber and payment information" for the X Corp. accounts of several of the judgment debtors in this case, including Nicolas Maduro, Vladimir Padrino, members of the Cartel of the Suns, and certain of their associates ("the Subject Accounts"). Particularly, because those accounts are "verified," and procuring a verified account with X Corp. costs money, Plaintiffs seek to identify how the accounts are funded. To procure that information, Plaintiff subpoenaed X Corp.

In response, X Corp. seeks to ensure that no First Amendment concerns or violations are triggered by X Corp.'s compliance with Plaintiffs' subpoena. Specifically, X Corp. contends that while the names of the X Corp. accounts may comport with the judgment debtors, X Corp. does not know whether the persons who actually created or operate the accounts are in fact the judgment debtors. Thus, X Corp. seeks to avoid a situation in which it violates the First Amendment by unmasking the accounts, only to find out that the true account holders are in no way affiliated with the judgment debtors.

Accordingly, at issue is whether Plaintiffs' subpoena triggers First Amendment concerns and, if so, whether those First Amendment concerns should prohibit X Corp. from complying with the subpoena.

## II.    ANALYSIS

The First Amendment protects online speech. *See Buckley v. American Constitutional Law Foundation, Inc.*, 525 U.S. 182, 199-200 (1999). Further, "[t]o the extent that anonymity is protected by the First Amendment, a court should quash or modify a subpoena designed to breach anonymity." *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010). But courts have, however, "routinely held[]" that "'[i]nternet subscribers do not have a reasonable expectation of privacy in subscriber information they have already conveyed to their [Internet Service Providers].'" *AF Holdings, LLC v. Does 1-62*, 2012 WL 488217, at *4 (S.D. Fla. Feb. 14, 2012) (citing *Doe v. S.E.C.*, 2011 WL 4593181, at *3 (N.D. Cal. Oct.4, 2011)).

Plaintiffs argue that the First Amendment is not implicated because there is no reason to believe the account holders are anonymous. Further, Plaintiffs point out that the information sought does not include "private messages or other similar communications"; rather, it is merely commercial information. [D.E. 146 at 2].

In response, X Corp. argues that it cannot simply unmask the users of accounts—who may or may not be anonymous—without first consulting the First Amendment. X Corp. also avers that, although Plaintiffs may seek only basic subscriber and payment information, First Amendment protections are still applicable. Thus, in X Corp.'s view, the Court must balance (1) the account holders' First Amendment Right to anonymous free speech with (2) the movants' interest in the account holders' information to aid in satisfying the judgment.

We agree with Plaintiffs that, because (1) the Court has no reason to believe the Subject Accounts belong to anonymous speakers and (2) Plaintiffs seek information of a commercial nature, First Amendment protections do not apply.

As to anonymity, X Corp. makes a compelling argument that, had this been an instance where the Court had reason to believe an anonymous speaker was involved, a First Amendment analysis would be required. But here, the Court will not presume that behind the Subject Accounts lie anonymous speakers. While the Court understands X Corp.'s decision to err on the side of caution in protecting its account users' information, X Corp. has provided no authority that there exists a presumption of anonymity for social media accounts. In addition, in each case upon which X Corp. relies to raise the issue of anonymity, either (1) the anonymous party itself is objecting to the subpoena, (2) it is clear from the facts that the account holder either was anonymous or wished to remain anonymous, and/or (3) the information sought went far beyond the information sought by Plaintiffs. Moreover, here, each of the Subject Accounts are verified[2] and contain no characteristics or features that indicate anonymity. Nor has the Court received any objections from the account holders themselves (who, presumably, were noticed of the subpoena) that they wish to retain their anonymity.

---

[2] The Court is cognizant of X Corp.'s argument that, although an account may be verified, X Corp.'s verification process does not require X Corp. to actually verify a user's identity. But given that each of the accounts is verified, the Court will not *presume* that the account holders are anonymous unless given a probative reason (let alone that they wish to remain anonymous and yet did not object to the subpoena).

Further, the information sought by the subpoena is primarily of a commercial nature: subscriber and payment information. Seeing that anonymity has not sufficiently been made a concern, and the information may be highly relevant and useful to Plaintiffs' post-judgment collection efforts, the Court finds the sought information to be discoverable. *See Doe*, 2011 WL 4593181, at *4 (noting that "courts hearing motions to suppress evidence under the Fourth Amendment routinely reject the argument that subscribers have a privacy interest in their account information"); *AF Holdings, LLC*, 2012 WL 488217, at *4 ("These arguments fail to establish grounds for quashing the subpoena to Verizon. The subpoena seeks information that the Doe Defendant freely provided to Verizon, his/her Internet Service Provider. As courts have routinely held, "Internet subscribers do not have a reasonable expectation of privacy in subscriber information they have already conveyed to their [Internet Service Providers]."); *London v. Does 1-4*, 279 F. App'x 513, 515 (9th Cir. 2008) (affirming finding that a subpoena did not violate the First Amendment and was "not unduly intrusive or burdensome because it s[ought] to gather only identifying information for the accounts, such as the names and addresses of the users, and not the content of any communication").

And further, even if the Account Holders had an interest in the account information that they voluntarily provided to X Corp., that minimal interest would be overridden by Plaintiffs lawful effort to satisfy their TRIA judgment. *See AF Holdings, LLC*, 2012 WL 488217, at *4 ("Thus, whatever privacy interest the Doe

Defendant may have in his/her contact information is overcome by the Plaintiff's need to identify and pursue litigation against these purported infringers.").

Thus, because X Corp.'s objection[3] does not demonstrate why anonymity should be at issue, and because Plaintiffs seek only basic subscriber and payment information, Plaintiffs' Motion is granted and X Corp.'s objections are overruled.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion [D.E. 128] is **GRANTED**. X Corp. shall comply with Plaintiffs' subpoena within 14 days of the entry of this Order.

**DONE and ORDERED** in Chambers in Miami, Florida this 9th day of January, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[3] While X Corp. does not frame its response as an objection *per se*, the Court will construe X Corp.'s response as an objection for purposes of this Motion to Compel.