## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
## Case No. 1:21-cv-20706-DPG

MEUDY ALBAN OSIO in her personal capacity
and in her capacity as the personal representative
of the Estate of FERNANDO ALBERTO ALBAN,
FERNANDO ALBAN OSIO, and MARIA
FERNANDA ALBAN OSIO,

       Judgment Creditors,

v.

NICOLAS MADURO MOROS,
FUERZAS ARMADA REVOLUCIONARIAS
DE COLUMBIA ("FARC"); THE CARTEL OF
THE SUNS A.K.A. CARTEL DE LOS SOLES;
VLADIMIR PADRINO LOPEZ; MAIKEL
JOSE MORENO PEREZ; NESTOR LUIS
REVEROL TORRES; and TAREK WILLIAM
SAAB

       Judgment Debtors.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF
## VEC[1] TO WRIT OF GARNISHMENT

      Valero Energy Corporation ("VEC"), under Federal Rule of Civil Procedure 69(a) and

Florida Statutes §77.06, hereby answers the Writ of Garnishment dated March 10, 2025 (the

"Writ") and responds as follows:

---

[1]     The Writ requests information about Petroleos de Venezuela S.A. ("PDVSA") and/or
PetroMonagas, S.A. For purposes of answering this Writ fully, PetroCedeño S.A.
("PetroCedeño"), PetroMonagas S.A. ("PetroMonagas"), and/or Petropiar S.A. ("Petropiar") will
be referred to as the "PDVSA Entities." Further, this Writ is identical to a Writ issued to Valero
Marketing and Supply Company ("Valero Marketing"), a U.S. subsidiary of VEC. VEC never
engaged or transacted with PDVSA or the PDVSA Entities—Valero Marketing did.

1.      VEC is a holding company that, through its subsidiaries, operates petroleum refineries and ethanol plants in the United States, Canada, and the United Kingdom. Valero Marketing, a U.S. subsidiary of VEC, is the entity that engaged with the PDVSA Entities concerning the funds further described below. VEC maintains a master account at JPMorgan Chase and has cash management agreements with its subsidiaries, including Valero Marketing, allowing VEC to manage funds on their behalf.

2.      On April 2, 2024, VEC authorized JPMorgan Chase ("JPMC") to debit its master account number xxxxx2568 in the amount of $166,818,471.76 (the "Blocked Funds") and to credit that amount to a JPMC account number xxxxx2927 maintained by JPMC for the purpose of holding the Blocked Funds under rules and regulations maintained by the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC").

3.      The Blocked Funds are accounts payable to PetroCedeño, a joint venture entity that is 50 percent or more owned by PDVSA.

4.      Neither VEC nor Valero Marketing has a claim against the Blocked Funds.

5.      The Blocked Funds amount reflects $223,369,592.15 invoiced from PetroCedeño for pre-sanctioned crude oil purchases offset by $56,551,120.39 owed by the PDVSA entities to Valero Marketing for outstanding demurrage (totaling $50,416,433.40)[2] and quality and quantity adjustments[3] (totaling $6,134,686.99).

---

[2]      If oil delivery is delayed, Valero Marketing pays liquidated damages in the form of demurrage fees to the vessel owners and then submits an invoice for demurrage fees to the Venezuelan Supplier, which is contractually required to reimburse Valero Marketing in U.S. dollars.

[3]      Once oil is delivered to a port, either a designated independent inspector or the Venezuelan Supplier will issue a certificate stating the quality and quantity of oil in each shipment. Such a certificate serves as the basis for preparing the relevant shipment's bill of lading and invoice. In the event of certain discrepancies in the quality and/or quantity of oil delivered (e.g., shortages in

6.     Additionally, Valero Marketing received pre-sanctioned crude oil from PetroMonagas in early 2019 but has never been invoiced for this oil. Valero Marketing estimates that it owes $24,242,018.63 for that shipment (the "PetroMonagas Funds").

7.     At the time of this Notice of Answer, and at all times between Service of the Writ and this Notice of Answer: (1) Neither VEC nor Valero Marketing is indebted to any of the PDVSA Entities, as all money owed to the PDVSA Entities, except as noted in the previous paragraph,  is under the control of JPMC and constitutes the Blocked Funds; and (2) Valero Marketing retains an estimated $24,242,018.63 owed to PetroMonagas but has never received an invoice for this estimated amount.

8.     Florida Statutes §77.06 requires a garnishee to "state the name or names and addresses [of] … any other persons having or *appearing* to have an ownership interest in the involved property." (emphasis added). Under that rule, out of an abundance of caution, VEC discloses the following names:

   a. Red Tree Investments, LLC ("Red Tree") who holds a judgment against PDVSA and who propounded post-judgment discovery on VEC's affiliates in the case captioned *Red Tree Investments, LLC v.  Petróleos de Venezuela, S.A., et al.*, 19-cv-2519 & 2523 (S.D.N.Y).  The address for Red Tree's attorney is Philip H. Hilder, Hilder & Associates, P.C., 819 Lovett Boulevard, Houston, TX 77006, philip@hilderlaw.com. VEC does not have sufficient knowledge or information to determine and takes no position as

---

the quantity of oil loaded or high sediment/water content in the oil), Valero Marketing may submit claims to the Venezuelan Supplier for reimbursement.

to whether Red Tree "ha[s] or *appear[s]* to have an ownership interest in the involved property."

b. The Plaintiffs in the case captioned *Keith Stansell et al. v. Revolutionary Armed Forces of Colombia et al.*, 19-cv-20896 (S.D. Fla.). The address for the *Stansell* Plaintiffs' attorney is Tony P. Korvick, Porter & Korvick, P.A., 4000 Ponce de Leon Blvd., Ste. 470, Coral Gables, FL 33146, tkorvick@porterandkorvick.com. VEC does not have sufficient knowledge or information to determine and takes no position as to whether the *Stansell* Plaintiffs "ha[ve] or *appear[]* to have an ownership interest in the involved property."

c. The Plaintiffs in the case captioned *Caballero v. Fuerzas Armadas Revolucionarias de Colombia et al.*, No. 20-mc-00249 (SDNY) (Caproni, J.). The *Caballero* Plaintiffs' attorney is Jospeh Zumpano, Zumpano Patricios, P.A., 312 Minorca Avenue, Coral Gables, FL 33134, jzumpano@zplaw.com. VEC does not have sufficient knowledge or information to determine and takes no position as to whether the *Caballero* Plaintiffs "ha[ve] or *appear[]* to have an ownership interest in the involved property."

## FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over VEC.

## SECOND AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the Blocked Funds and the PetroMonagas Funds because they are located outside the State of Florida.

## THIRD AFFIRMATIVE DEFENSE

VEC is not in possession or control of the Blocked Funds.

## FOURTH AFFIRMATIVE DEFENSE

All transactions involving the Blocked Funds and/or the PetroMonagas Funds, including the transfer of any of the Blocked Funds or PetroMonagas Funds to Plaintiffs in satisfaction of their judgment in the underlying action, are prohibited absent a license from OFAC and/or compliance with the Terrorism Risk Insurance Act.

## FIFTH AFFIRMATIVE DEFENSE

VEC objects to the Writ to the extent any of the Blocked Funds or the PetroMonagas Funds are not funds of or funds belonging to "agencies or instrumentalities" of Defendants.

## SIXTH AFFIRMATIVE DEFENSE

VEC objects to this garnishment proceeding to the extent that Red Tree, the *Stansell* Plaintiffs, the *Caballero* Plaintiffs, PDVSA and/or its joint ventures, beneficiaries, or affiliates, or other parties are indispensable parties to the garnishment proceeding under Rule 19 of the Federal Rules of Civil Procedure or applicable provisions of state law (or at least may have the right to receive notice of these proceedings under Florida Statute § 77.055 and an opportunity to be heard before the Court enters a judgment that may terminate their rights), as they may have ownership or other beneficial interests which may be superior to the rights of Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

VEC hereby gives notice of its intent to rely upon any other defense that may become available or apparent during the course of these proceedings and reserves its rights to amend this Answer to assert any such defense.

\*\*\*

WHEREFORE, VEC respectfully requests that this Court dissolve the writ, or if the Court finds that it has personal jurisdiction over VEC and jurisdiction over the Blocked Funds and the PetroMonagas Funds, that it enter judgment discharging VEC as being in full compliance with the Writ and releasing it of any and all liability under the Writ, granting VEC its reasonable attorney's fees and costs under Florida Statutes §77.28 and any other laws allowing fees and costs, and granting such other and further relief as the Court deems just and proper.

Dated: April 14, 2025

Respectfully submitted,

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**

*/s/ Brandon S. Floch*
One Biscayne Tower
2 South Biscayne Blvd., Suite 2530
Miami, Florida 33131
Tel: (305) 400-4260

Jeffrey A. Neiman, Esq.
Florida Bar No. 544469
jneiman@mnrlawfirm.com
Michael A. Pineiro
Florida Bar No. 041897
mpineiro@mnrlawfirm.com
Brandon S. Floch, Esq.
Florida Bar No. 125218
bfloch@mnrlawfirm.com

*Counsel for Valero Entities*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 14, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which automatically and electronically delivered notice of filing to counsel of record for all parties that have appeared.

*/s/ Brandon S. Floch*