# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
## CASE NO. 1:21-CV-20706-DPG

MEUDY ALBÁN OSIO in her personal capacity
And in her capacity as the personal representative
of the Estate of FERNANDO ALBERTO ALBÁN,
FERNANDO ALBÁN OSIO, and MARIA
FERNANDA ALBÁN OSIO,

     Judgment Creditors / Plaintiffs,

v.

NICOLAS MADURO MOROS,
FUERZAS ARMADA REVOLUCIONARIAS
DE COLUMBIA ("FARC"); THE CARTEL OF
THE SUNS A.K.A. CARTEL DE LOS SOLES;
VLADIMIR PADRINO LOPEZ; MAIKEL
JOSE MORENO PEREZ; NESTOR LUIS
REVEROL TORRES; and TAREK WILLIAM
SAAB

Judgment Debtors/ Defendants.

_____/

**ALBAN JUDGMENT CREDITORS' MOTION FOR FINAL TURNOVER JUDGMENT
AS TO BLOCKED FUNDS BELONGING TO DIANCA (ECF No. 202)[1]**

---

[1] ECF No. 202 also contains the writ to JNV Procurement. The unopposed motion for TRIA turnover for the JNV fund was filed on December 12, 2024 (ECF No. 309).

I.      **INTRODUCTION**

Judgment Creditors move for a final turnover judgment on the $4,065,659.06 plus interest held by garnishee JP Morgan Chase ("JPMC") and owed to OFAC-blocked party DIANCA. JPMC set up the account that holds the blocked funds at the request of Raytheon Anshutz GmbH ("Raytheon"), a German company that owed the funds to DIANCA.  ECF No. 258, at 3.

II.     **PROCEDURAL HISTORY**

On August 16, 2024, Judgment Creditors moved for a writ of garnishment directed to garnishee JPMC, with respect to assets held by JPMC and owed to OFAC-blocked party DIANCA. ECF No. 138. In support of that Motion, Judgment Creditors submitted a Declaration of Douglas C. Farah, providing expert testimony that DIANCA is an agency/instrumentality of the Judgment Debtors. ECF No. 138-1.

On October 1, 2024, Chief Magistrate Judge Torres issued a report and recommendation (the "R&R"), recommending that Plaintiffs writ be granted. ECF No. 173. The R&R concluded that Judgment Creditors met their burden under *Stansell V* to show that TRIA was satisfied, including that DIANCA is an agency or instrumentality of Defendants. *Id.* at 9. On October 17, 2024, the Court affirming and adopting the R&R ordered the issuance of the writ. ECF No. 200.

On October 18, 2024, the Court issued the writ of garnishment (ECF No. 202) and on October 21, 2024, Judgment Debtors timely served the writ on DIANCA and the Judgment Debtors in accordance with Florida Statute § 77.041. (ECF No. 212).

On November 19, 2024, JPMC filed an Answer, Counterclaim and Third-Party Complaint for Relief In Interpleader. Therein, JPMC acknowledged that it was holding blocked DIANCA funds. ECF No. 258, at 3. On November 21, 2024, Judgment Debtors timely served JPMC's Answer on DIANCA, Raytheon, the Judgment Debtors and other parties identified by JPMC as potentially interested in the blocked assets, in accordance with Florida Stat. § 77.055. ECF No. 269. On December 9, 2024, Judgment Creditors filed a Reply to JPMC's Answer. ECF No. 301. Also on December 9, 2024, Judgment Creditors filed a motion to dismiss JPMC's Counterclaim and Third Party Complaint in Interpleader; that motion is now fully briefed and *sub judice*.

On December 20, 2024, Anshultz GmBH ("Anshultz"), a spin off of Raytheon, filed a motion to dissolve the writ. ECF No. 324. On January 14, 2025, Judgment Creditors opposed Anshultz's motion to dissolve the writ. ECF No. 347. On January 24, 2025, Anshultz filed a reply in support of its motion to dissolve the writ. That motion is now fully briefed and *sub judice*.

1

The 20-day window for the Judgment Debtors or any other party to move to dissolve the writ under Fla. Stat. § 77.055 expired on December 11, 2024.  The only party to have appeared to challenge the writ is Anshultz.

### III. ARGUMENT

As shown below, Judgment Creditors are entitled to a final order directing garnishee JPMC to turn over the blocked DIANCA funds to Judgment Creditors.

#### I. Judgment Creditors Satisfy TRIA's Collection Requirements.

TRIA's requirements for garnishing the blocked funds are fully satisfied here.

*First*, this Court has already concluded that "Plaintiffs' judgment is for acts of terrorism." ECF No. 101 at 5 ("Plaintiffs satisfy the INA's definition in several ways, any one of which is sufficient to satisfy TRIA. . . . Mr. Albán was assassinated for political reasons) (internal quotations omitted); ECF No. 56 at 18 ("The high-profile kidnapping and murder of Mr. Albán by Maduro regime agents was designed to deter other opposition members from speaking out against the Venezuelan government."). Furthermore, the Court has found that Defendants constitute a "terrorist organization." ECF No. 110 at 5-6.  The R&R recommending that the Court grant Judgment Creditors' writ reaffirmed that Judgment Debtor Cartel of the Suns is a terrorist organization  ECF No. 173, at 5-6.

*Second*, the amount sought does not exceed Judgment Creditors' compensatory damages. The Court awarded Judgment Creditors $217 million in compensatory damages, plus accrued interest. ECF No. 90; *see* ECF No. 113 at 2. The amounts collected by the Judgment Creditors have been applied to accrued interest, and the entire principal amount of the judgment still remains outstanding. *See, e.g., Devex Corp. v. Gen. Motors Corp.*, 749 F.2d 1020, 1025 n.6 (3d Cir. 1984) (explaining that "[t]he United States rule, which provides that payments be applied first to accrued interest and then to principal, has been followed by the federal courts for almost a century and a half," and holding that the United States rule applies under 28 U.S.C. § 1961 unless the parties agree otherwise) (collecting cases).

*Third***,** the funds at issue have been and remain blocked because they belong to DIANCA. JPMC's Answer confirms that it blocked the funds because they are owed to DIANCA.  ECF No. 258, at 3 ("[t]he DIANCA writ applies to a blocked account"); *id.* at 4 ("Raytheon confirmed to JPMorgan that the funds in its escrow account, in the specific amount of $4,065,659.06 belonged to DIANCA").  Judgment Creditors, in their Opposition to Anshultz's motion to dissolve the writ,

set forth in detail why these funds remain the blocked property of DIANCA, and hence are subject to garnishment.  ECF No. 347, at 3-8.

*Fourth*, the Court has already correctly found that DIANCA is an instrumentality of the Judgment Debtors.  *See* R&R, ECF No. 173, at 7-9 ("In consideration of Mr. Farah's expertise, and his well-explained and well-supported affidavit, we find that Plaintiffs have carried their burden of showing that DIANCA and JNV are agencies or instrumentalities of the Defendants."), *adopted* ECF 200.

## II.  All of Parties With a Potential Interest in The Blocked Assets, Other Than Anshutz, Have Defaulted.

Judgment Creditors complied with all of the applicable statutory notice requirements, and other than Anshulz, no other party has appeared to object to the writ of garnishment.

Florida law requires mailing a Notice to Defendant within five business days after the issuance of the writ and provides that, if the Defendant/Judgment Debtor seeks to claim an exemption from garnishment, the Defendant/Judgment Debtor "must file the [exemption] form with the clerk's office within 20 days after you receive this notice." Fla. Stat. § 77.041. Here, the writ was issued on October 18, 2024 (ECF No. 202), and Judgment Creditors timely mailed the Notice to Defendants/Judgment Debtors and DIANCA on October 21, 2024 (ECF No. 212).  The time to file an exemption expired on November 10, 2024, and no party appeared to claim an exemption from garnishment.

Florida law also requires mailing the Defendant/Judgment Debtor, within five days after service of the garnishee's answer, a copy of the garnishee's answer and a notice "advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice." Fla. Stat. § 77.055. Judgment Creditors again timely served JPMC's answer and the notice of rights on Judgment Debtors, DIANCA,and other parties identified in JPMC's Answer including  Raytheon Anshultz, on November 21, 2024 (ECF No. 269), two days after JPMC filed its answer (ECF No. 258).  The time in which to move to dissolve expired on December 11, 2024, and only Anshulz moved to dissolve the wri.

Accordingly, this Court need only resolve Anshultz's untimely motion to dissolve the writ and this motion will be ripe for resolution.  As for JPMC's Counterclaim and Third-Party Complaint for Relief In Interpleader (which Judgment Creditors have moved to dismiss), it will be unnecessary once the Court resolves Anshultz's motion to dissolve the writ, because at that point

3

(in the event that Judgment Creditors prevail), Judgment Creditors will be the only party with a valid claim to the assets under Florida law, the other parties having defaulted.

## CONCLUSION

For the foregoing reasons, this Court should issue a final turnover judgment, directing JPMC to turnover to Judgment Creditors the $4,065,659.06 (plus accrued interest) in the Blocked Account of DIANCA, and an order granting JPMC a release from liability upon payment of the assets to Judgment Creditors.

Respectfully submitted on April 16, 2025.

/s/ Jaime D. Guttman
Fla. Bar No. 44076
jaime@scale.law
Scale Law Partners, LLC
777 Brickell Avenue, Suite 500
Miami, FL 33131
(786) 273-9033 (Main)

*Counsel for Plaintiffs / Judgment Creditors*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing document on April 16, 2025, through CM/ECF, which automatically and electronically delivered notice of filing to counsel of record for all parties that have appeared.

/s/ Jaime D. Guttman