IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:21-cv-20706-DPG

MEUDY ALBAN OSIO in her personal capacity
and in her capacity as the personal representative
of the Estate of FERNANDO ALBERTO ALBAN,
FERNANDO ALBAN OSIO, and MARIA
FERNANDA ALBAN OSIO,

    Judgment Creditors,

v.

NICOLAS MADURO MOROS,
FUERZAS ARMADA REVOLUCIONARIAS
DE COLOMBIA ("FARC"); THE CARTEL OF
THE SUNS A.K.A. CARTEL DE LOS SOLES;
VLADIMIR PADRINO LOPEZ; MAIKEL
JOSE MORENO PEREZ; NESTOR LUIS
REVEROL TORRES; and TAREK WILLIAM
SAAB,

    Judgment Debtors.

_____

**NON-PARTY VALERO'S MOTION TO QUASH SUBPOENA AND TO TRANSFER
MOTION TO THE SOUTHERN DISTRICT OF NEW YORK**

1

Pursuant to Federal Rules of Civil Procedure 45(d)(3) and 45(f), the Valero Family of Companies ("Valero" or "Movant"), by and through undersigned counsel, respectfully moves this Court to quash the subpoena duces tecum served by Judgment Creditors (the "*Osio* Plaintiffs") on April 4, 2025, or, alternatively, to transfer this motion to quash to the United States District Court for the Southern District of New York ("SDNY"), where a related and overlapping motion to compel (D.E. 262) is already pending. In support thereof, Movant states as follows:

## INTRODUCTION AND BACKGROUND

Valero, a non-party, finds itself deeply embroiled in this post-judgment litigation solely because it had business dealings—not with any Defendants—but with entities that this Court described as "subsidiaries of [alleged] agencies or instrumentalities" of the Judgment Debtors. D.E. 401 at 21. Valero has expended considerable resources complying with numerous writs and responding to extensive discovery demands and motions filed by the *Osio* Plaintiffs. Valero now moves to quash the instant subpoena because it is duplicative of a subpoena previously served by the *Osio* Plaintiffs on Valero; and because the *Osio* Plaintiffs filed a motion to compel in relation to that subpoena that this Court transferred for adjudication to the SDNY.

Valero has previously detailed the history of burdensome writs and discovery demands served upon it by the *Osio* Plaintiffs. D.E. 320. Without repeating that history, the relevant facts are as follows:

On August 15, 2024, the *Osio* Plaintiffs served Valero with a subpoena requesting numerous broad categories of documents in connection with its judgment enforcement efforts here (the "First *Osio* Subpoena"). D.E. 262-1 (copy of the First *Osio* Subpoena). As relevant here, the First *Osio* Subpoena included document requests related to transactions and communications

involving PDVSA and its subsidiaries (including PetroMonagas). *Id*. For example, the requests included, among others:

- RFP 6: "Documents relating to or evidencing any communications with PDVSA or anyone acting on its behalf." *Id.* at 6.

- RFP 7: "Documents relating to or evidencing any purchase, sale, or transaction involving PDVSA or anyone acting on its behalf." *Id.*

- RFP 8: "Documents related to the source of funds for any monies debited or credited to any account in which PDVSA or anyone acting on its behalf has/had ownership or authority." *Id.*

- RFP 9: "All communications related to accounts in which PDVSA or anyone acting on its behalf has/had ownership or authority." *Id.*

- RFP 10: "The account statements for any account in which PDVSA or anyone acting on its behalf has/had ownership or authority." *Id.* at 7.

- RFP 14: "From January 1, 2017, through the date of this subpoena, all communications with any Third Party relating to any purchase, sale, or transaction involving the Government of Venezuela or anyone acting on its behalf." *Id.*

"PDVSA" was defined in the First *Osio* Subpoena as "Petroleos De Venezuela, S.A. and any of its subsidiaries, affiliates, officers, directors, employees, managers, members, agents or representatives." D.E. 262-1 at 5. That definition includes PetroMonagas. And, the *Osio* Plaintiffs moved to compel Valero to produce documents related to PDVSA and all of its "subsidiaries" and "affiliates" which necessarily includes PetroMonagas. D.E. 262 at 2, 6.

Valero responded and objected to the First *Osio* Subpoena in September 2024. Subsequently, on November 20, 2024, the *Osio* Plaintiffs filed a sweeping motion to compel against Valero based on 14 broad discovery requests in the First *Osio* Subpoena—including the above requests. D.E. 262.

3

On April 4, 2025, the *Osio* Plaintiffs served Valero with a new subpoena duces tecum, requesting documents related to a subsidiary of PDVSA called PetroMonagas (the "Second *Osio* Subpoena"). Ex. 1. The Second *Osio* Subpoena includes four requests:

- RFP 1: "The documents concerning the transaction(s) that resulted in Valero holding funds owed to PetroMonagas."

- RFP 2: "The account statements for any account in which the funds owed to PetroMonagas were or are held, including any account statements for the account from which the funds originated as well as any account statements for the account to which the funds were transferred."

- RFP 3: "The communications with PetroMonagas related to the transactions that resulted in the funds owed to PetroMonagas."

- RFP 4: "The documents and communications with third party [sic] with a potential interest in the funds owed to PetroMonagas."

*See* Ex. 1 (the "Duplicative Requests").

This Second *Osio* Subpoena, though narrower, substantially overlaps with the requests at issue in the motion to compel transferred to the SDNY, as illustrated below:

| **The Second *Osio* Subpoena Requests** | **Previously Transferred Requests from the First *Osio* Subpoena (Motion to Compel)** |
|---|---|
| RFP 1: The documents concerning the transaction(s) that resulted in Valero holding funds owed to PetroMonagas. | RFP 7: The Documents relating to or evidencing any purchase, sale, or transaction involving PDVSA [defined as all of its subsidiaries including PetroMonagas] or anyone acting on its behalf. |
| RFP 2: The account statements for any account in which the funds owed to PetroMonagas were or are held, including any account statements for the account from which the funds originated as well as any account statements for the account to which the funds were transferred. | RFP 10: The account statements for any account in which PDVSA or anyone acting on its behalf has/had ownership or authority. |

4

| | |
|---|---|
| RFP 3: The communications with PetroMonagas related to the transactions that resulted in the funds owed to PetroMonagas. | RFP 6: Documents relating to or evidencing any communications with PDVSA or anyone acting on its behalf. |
| RFP 4: The documents and communications with third party [sic] with a potential interest in the funds owed to PetroMonagas. | RFP 17: From January 1, 2017, through the date of this subpoena, all communications with any Third Party relating to any purchase, sale, or transaction involving the Government of Venezuela or anyone acting on its behalf. |

Along with various other issues related to Valero, the motion to compel in connection with the First *Osio* Subpoena (D.E. 262) was transferred to the SDNY on April 7, 2025, pursuant to this Court's Order transferring the post-judgment proceedings. *See* D.E. 395, 396, 397, 398. Consequently, the Court also denied the *Osio* Plaintiffs' motion to initiate supplementary proceedings against the Valero entities as moot. D.E. 399.

Moreover, just days ago, this Court found that the *Osio* Plaintiffs had failed to make a "particularized showing" sufficient to justify attachment of any PDVSA subsidiary's assets, which includes PetroMonagas. D.E. 401 at 20-1.

Valero's response to the Second *Osio* Subpoena is due tomorrow, April 18, 2025. After a conferral, the *Osio* Plaintiffs have indicated they object to quashing of the Second *Osio* Subpoena.

Valero moves to quash the Second *Osio* Subpoena because it imposes an undue burden. Alternatively, and in the interest of judicial economy, Valero asks this Court to transfer this motion to quash to the SDNY, where related issues, and the Duplicative Requests, are already under consideration.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 45(d)(3)(A)(iv) requires courts to quash or modify subpoenas that impose an "undue burden." Courts evaluate undue burden based on relevance,

5

compliance costs, and availability of alternative discovery sources. *See, e.g.*, *United Techs. Corp. v. Mazer*, 2007 WL 788877, at *1 (S.D. Fla. Mar. 14, 2007).

Additionally, Rule 45(f) allows courts to transfer subpoena-related motions under certain circumstances, including when (1) another court has ruled on related issues, or (2) the same discovery issues will likely arise in another jurisdiction. *See* Fed. R. Civ. P. 45(f); *Dispatch Printing Co. v. Zuckerman*, 2016 WL 335753, at *2 (S.D. Fla. Jan. 27, 2016). Transfer may also be appropriate when the receiving court is "in a better position" due to familiarity with the underlying litigation or the receiving court has related "issues pending before" it. *Id.*

## ARGUMENT

### I. The Second *Osio* Subpoena Should Be Quashed Because It Imposes an Undue Burden on Non-Party Valero.

*First*, the Second *Osio* Subpoena unduly burdens Valero by forcing simultaneous litigation of substantially identical discovery disputes in two jurisdictions. Although narrower, the Second *Osio* Subpoena directly overlaps with the transferred motion to compel in connection with the First *Osio* Subpoena. Non-parties like Valero deserve special consideration to avoid precisely this type of duplicative burden. *See Mazer*, 2007 WL 788877, at *1.

*Second*, this Court recently held that the *Osio* Plaintiffs "fail[ed] to make a particularized showing as to any (let alone each) subsidiary" sufficient to justify attaching those subsidiaries' assets. D.E. 401 at 20-21. Absent a determination that PetroMonagas's assets are properly subject to attachment in this litigation, imposing further discovery burdens on non-party Valero regarding PetroMonagas would be premature, unfair, and unwarranted.

*Third*, now that PDVSA itself has appeared in the case, the *Osio* Plaintiffs must first exhaust discovery directly from PDVSA before burdening non-party Valero with additional demands.

*Serrala US Corp. v. Paschke*, 2022 WL 19333286, at *2 (N.D. Fla. Sept. 7, 2022) (preventing undue discovery burdens on non-parties before exhausting party discovery).

*Fourth*, for the avoidance of doubt, Valero expressly reserves any and all objections to the Second *Osio* Subpoena by filing this motion to quash. In addition to the objections noted above, Valero objects to the RFPs as, among other issues, irrelevant, overbroad, unduly burdensome and disproportionate to non-party Valero. Moreover, sufficient information is in the possession, custody, or control of the parties. RFP 1 is improper because the *Osio* Plaintiffs have no legitimate need for all documents related to oil transactions with PetroMonagas. Valero has already disclosed—via its response to the *Osio* Plaintiffs' writ dated March 10, 2025 (the "*Osio* Plaintiffs' Writ") [D.E. 390]—that it owes PetroMonagas an estimated $24 million for pre-sanctioned crude oil that it received from PetroMonagas in early 2019. Valero has stated that it has not been invoiced for this shipment to date. *Id.* RFP 2 seeks full account statements, including transactions wholly unrelated to PetroMonagas, and is therefore overly broad and intrusive and not proportional to the needs of the case. RFP 3, like RFP 1, is objectionable for requesting all communications concerning PetroMonagas transactions, despite Valero having already acknowledged the estimated $24 million owed to PetroMonagas (but not yet invoiced) in response to the *Osio* Plaintiffs' Writ. RFP 4 is vague and overbroad—failing to identify the "third party" at issue—and seeks irrelevant communications. Moreover, the *Osio* Plaintiffs already have sufficient information about the pre-sanctioned crude oil shipment from PetroMonagas.

*Finally*, without consolidation, Valero faces a significant risk of inconsistent rulings between this Court and the SDNY, complicating compliance and wasting resources. *Dispatch Printing Co.*, 2016 WL 335753, at *5 (highlighting risk of inconsistent rulings as grounds for transfer).

For all these reasons, the Second *Osio* Subpoena should be quashed and Valero and the *Osio* Plaintiffs should be permitted to litigate the pending discovery issues in SDNY along with the issues related to the First *Osio* Subpoena.

## II.     Alternatively, the Court Should Transfer This Motion to the SDNY.

If the Court does not quash the Second *Osio* Subpoena, Valero respectfully requests, in the alternative, that this motion be transferred to the SDNY under Rule 45(f). The circumstances here justify transfer, including:

*Risk of Inconsistent Rulings*: The Second *Osio* Subpoena raises issues substantially similar to those in the transferred motion to compel in connection with the First *Osio* Subpoena. Allowing these issues to be litigated in two courts risks inconsistent rulings, which Rule 45(f) seeks to avoid. *Dispatch Printing Co.*, 2016 WL 335753, at *5 (transfer warranted to avoid inconsistent discovery rulings).

*SDNY's Handling of an Overlapping Dispute*: The SDNY is already adjudicating the related motion to compel, meaning it will be forced to obtain greater familiarity with the discovery issues related to Valero and their implications for the underlying litigation. Transfer promotes judicial efficiency by allowing a single court to resolve related disputes. *Id.*; *In re UBS Fin. Servs., Inc. Sec. Litig.*, 2015 WL 4148857, at *1 (D.D.C. July 9, 2015).

*Judicial Economy*: Consolidating subpoena-related motions in the SDNY streamlines discovery and reduces the burden on Valero, which should not be forced to litigate overlapping discovery issues in multiple jurisdictions. *Hoog v. PetroQuest, LLC*, 338 F.R.D 515, 518 (S.D. Fla. Jul. 7, 2021).

The circumstances here justify transferring this pending motion to quash to the SDNY. The SDNY's resolution of the pending motion to compel will likely inform, if not resolve, the issues

8

raised by the Second *Osio* Subpoena, making transfer the most efficient course. *Id.*; *Dispatch Printing Co.*, 2016 WL 335753, at *4.

In short, the "circumstances that exist here – the risk of inconsistent discovery rulings . . . and the interests of judicial economy and efficiency" justify a transfer to the SDNY, and "the Court need not examine the . . . Motion to Quash on the merits." *Id.*

## CONCLUSION

For all these reasons, Valero respectfully requests that this Court quash the Second *Osio* Subpoena served by the *Osio* Plaintiffs on April 4, 2025, pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iv), allowing the SDNY to resolve all related discovery disputes through the already-pending Motion to Compel (D.E. 262). Should the Court not quash the Second *Osio* Subpoena, Valero respectfully requests, in the alternative, that this Court transfer this motion to quash to the SDNY pursuant to Federal Rule of Civil Procedure 45(f) to promote judicial efficiency, consistency, and fairness.

Dated: April 17, 2025

Respectfully submitted,

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**

*/s/ Brandon S. Floch*
One Biscayne Tower
2 South Biscayne Blvd., Suite 2530
Miami, Florida 33131
Tel: (305) 400-4260

Jeffrey A. Neiman, Esq.
Florida Bar No. 544469
jneiman@mnrlawfirm.com
Michael A. Pineiro
Florida Bar No. 041897
mpineiro@mnrlawfirm.com
Brandon S. Floch, Esq.

Florida Bar No. 125218
bfloch@mnrlawfirm.com

*Counsel for Valero Family of Companies*

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

The undersigned certifies that we conferred with the Judgment Creditors' counsel on April 17, 2025 via email. The parties were unable to agree about the issues raised in this motion.

*/s/ Brandon S. Floch*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will automatically and electronically deliver notice of filing to counsel of record for all parties that have appeared.

*/s/ Brandon S. Floch*