**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| MEUDY ALBÁN OSIO, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>NICOLÁS MADURO MOROS, *et al.*,<br><br>*Defendants*. | Case No. 1:21-cv-20706-DPG |

**NON-PARTY PETRÓLEOS DE VENEZUELA S.A.'S
MOTION TO STRIKE DECLARATION OF DOUGLAS C. FARAH**

Non-Party Respondent Petróleos de Venezuela, S.A. ("PDVSA") — an agency or instrumentality of a foreign state entitled to presumptive foreign sovereign immunity from jurisdiction and execution under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1603 — moves for an order striking the declaration of Douglas C. Farah, filed by Plaintiffs as an attachment to the "Supplement to Writ of Garnishment for Petromonagas Funds." ECF 405, 405-1; *see also* ECF 406-1; 410-1 (attaching the Farah Declaration to other filings). By filing this motion, PDVSA does not waive and expressly preserves any and all rights, privileges, immunities, and defenses, including, without limitation, as to service of process and personal and subject-matter jurisdiction.

## **PRELIMINARY STATEMENT**

On April 15, 2025, Plaintiffs filed a declaration signed by an individual who claims to be an expert on certain topics related to drug trafficking in Latin America. ECF 405-1 ¶ 3. Plaintiffs did not say *why* they filed the declaration, other than to note they intended for it to "supplement the Writ of Garnishment for funds owned by PetroMonagas." ECF 405 at 1. Context makes clear Plaintiffs' purpose. A week before Plaintiffs filed the declaration, Magistrate Judge Torres recommended granting in part PDVSA's Motion to Vacate (ECF 310) on the ground that Plaintiffs had failed to show that PDVSA's subsidiaries were "agencies or instrumentalities" of Defendants or that piercing PDVSA's corporate veil was warranted, and, therefore, that writs of garnishment targeting assets owned by PDVSA's subsidiaries should be dissolved. ECF 401 at 19-21.

Plaintiffs filed the purported expert declaration in an attempt to cure this deficiency. They did so without authorization by any Federal Rule of Civil Procedure, Local Rule, or Court order. In effect, the declaration serves as an *ex post* sur-reply interjecting new issues and arguments in response to an already-issued opinion. Courts in this district have routinely struck such improper and unauthorized filings. Striking the declaration is particularly warranted given the procedural posture. The parties had already fully briefed (and, indeed, received a recommended decision on) PDVSA's Motion to Vacate before Plaintiffs purported to add new factual support, depriving PDVSA of the benefit of full briefing on Plaintiffs' arguments. The Court should strike Plaintiffs' declaration.

## **BACKGROUND**

On February 9, 2023, and August 6, 2023, the Court entered default judgments against the Defendants. ECF 73, 91. PDVSA is not named as a Defendant, ECF 1, and Plaintiffs have

2

obtained no judgment against PDVSA. On January 5, 2024, Plaintiffs moved *ex parte* for an order (1) determining that PDVSA is an "agency or instrumentality" of Defendants and (2) on that basis, allowing Plaintiffs to execute against certain of PDVSA's assets in satisfaction of the default judgments. ECF 94. The Court granted the *ex parte* motion. ECF 110 (R&R), 113 (adopting R&R). Thereafter, Plaintiffs moved for, and obtained, several writs of garnishment in an effort to recover assets owned by *subsidiaries* of PDVSA, namely, Bariven S.A., Petrocedeño S.A., and Petroleum Marketing International ("Petromar").[1] In moving for these writs, Plaintiffs have only argued that the writs should issue because they "implement[] the findings of ECF Nos. 110 and 113." ECF 132 at 2, 178 at 2.

On December 14, 2024, PDVSA filed a Motion to Vacate, which — among other requested relief — sought to dissolve the writs of garnishment concerning assets of PDVSA's subsidiaries. ECF 310. PDVSA sought relief on numerous grounds, including because PDVSA is an "agency or instrumentality" of a foreign state entitled to foreign sovereign immunity and because this Court lacks personal jurisdiction over PDVSA. *Id.* Additionally, PDVSA sought to dissolve the writs of garnishment concerning its subsidiaries on the ground that Plaintiffs had not justified piercing PDVSA's corporate veil, nor shown that PDVSA's subsidiaries are agencies or instrumentalities of Defendants under TRIA. *Id.* at 19-20. The parties fully briefed the Motion to Vacate. ECF 344, 355.

While the Motion to Vacate was pending, Plaintiffs filed on March 11, 2025, a certificate of purported service of a writ of garnishment on "Petróleos de Venezuela, S.A. ("PDVSA") / PetroMonagas SA." ECF 381.[2] On March 28, 2025, PDVSA filed a Supplement to the Motion to Vacate, noting that "to the extent Plaintiffs purport to have obtained a new writ as to assets of 'PDVSA/PetroMonagas,' PDVSA's Motion to Vacate applies equally to that writ and such writ

---

[1] *See* ECF 134 (writ of garnishment as to Pierce Manufacturing, Inc., concerning assets of "Petroleos de Venezuela S.A. and/or Bariven S.A.," 165 (writ of garnishment as to JP Morgan Chase concerning assets of "Petroleos de Venezuela S.A.('PDVSA') and/or PetroCedeno SA"), 180 (writ of garnishment as to Shell Trading (US) Company LP, concerning assets of "Petroleos de Venezuela S.A. ('PDVSA') / Petroleum Marketing International (Petromar)"). The writ of garnishment at ECF 165 is under seal, but JP Morgan Chase filed a redacted version at ECF 243, which shows that the writ concerns assets of Petrocedeño.

[2] The motion for the writ of garnishment and the writ itself appear to be filed under seal at ECF 378 and 380, respectively.

should be dissolved for the same reasons stated in the Motion to Vacate and in PDVSA's Reply Brief (ECF 355) in support of that Motion." ECF 389 at 1 (footnote omitted).

Magistrate Judge Torres issued a Report and Recommendation on PDVSA's Motion to Vacate ("R&R") on April 9, 2025. ECF 401. As relevant here, the R&R recommended dissolving the writs of garnishment concerning assets of Petrocedeño, Petromar, and Bariven because Plaintiffs did not establish that these PDVSA subsidiaries are agencies or instrumentalities or that the Court should disregard PDVSA's corporate form. *Id.* at 20-21. The R&R acknowledged the Petromonagas writ of garnishment and PDVSA's supplement asserting that the Motion to Vacate arguments apply to that writ. *See id.* at 3 n.2. But — in what appears to be an oversight — the R&R did not mention that writ in its recommended disposition of the Motion to Vacate. *See id.* at 20-21, 24. There was no basis, however, for treating the Petromonagas writ differently from the other writs concerning PDVSA subsidiaries.[3]

On April 15, 2025 — after the R&R was issued — Plaintiffs filed a "Supplement to Writ of Garnishment for Petromonagas Funds," which attached the 14-page Declaration of Douglas C. Farah ("Farah Declaration"). ECF 405, 405-1. The Farah Declaration purports to offer an expert opinion on whether Petromonagas is an agency or instrumentality of Defendants. ECF 405-1. Although the Farah Declaration purports to be about Petromonagas, it also offers statements about PDVSA's subsidiaries generally, and about Petrocedeño, specifically. *Id.* ¶¶ 20, 29-31, 35, 39. Plaintiffs did not identify any Federal Rule of Civil Procedure, Local Rule, or Court order that authorized them to file the Farah Declaration. Plaintiffs have since relied on the Farah Declaration twice in arguing that Petromonagas is an agency or instrumentality of Defendants after garnishees filed answers to the writ of garnishment concerning Petromonagas's assets. ECF 406 at 2; 406-1; 410 at 2; 410-1.

## LEGAL STANDARD

The Court has "inherent power to manage proceedings before it," and that authority includes the power to strike filings.[4] *Alhassid v. Bank of Am., N.A.*, No. 14-CIV-20484, 2015 WL 11216720, at *2 (S.D. Fla. May 29, 2015) (granting motion to strike summary judgment motion

---

[3]   PDVSA intends to address the R&R's apparent oversight in its objections.
[4]   PDVSA does not seek relief pursuant to Federal Rule of Civil Procedure 12(f), which only authorizes the Court to strike "pleadings." *See generally Silva v. Swift*, 333 F.R.D. 245, 248 (N.D. Fla. 2019) (denying motion to strike other party's motion because a motion is not a pleading). The Farah Declaration is not a pleading. *See* Fed. R. Civ. P. 7(a) (defining "pleading").

4

as premature); *see Fisher v. Whitlock*, 784 F. App'x 711, 714 (11th Cir. 2019) ("The district court did not abuse its discretion in exercising its inherent power to manage its docket to strike Fisher's motion."). Courts in this district have frequently exercised their inherent power to strike when a party has filed a paper that is not authorized by the Federal Rules of Civil Procedure, this district's Local Rules, or court order. *See, e.g.*, *Burger v. Hartley*, No. 11-62037-CIV, 2012 WL 12837901, at *1 (S.D. Fla. Aug. 30, 2012) (granting motion to dismiss sur-reply filed without leave of court in violation of Local Rules); *Fees v. Zarco*, No. 17-20564-CIV, 2017 WL 7345739, at *2 (S.D. Fla. Oct. 3, 2017) (same).

## ARGUMENT

Plaintiffs' Farah Declaration is a backdoor attempt to expand the factual record on PDVSA's Motion to Vacate (ECF 310) after the R&R identified a fatal flaw in writs of garnishment targeting assets owned by PDVSA's subsidiaries. Specifically, Magistrate Judge Torres recommended that the Court grant in part PDVSA's Motion to Vacate because Plaintiffs failed to provide any evidence to support a finding that three of PDVSA's subsidiaries are agencies or instrumentalities or that PDVSA's corporate veil should be pierced. ECF 401 at 20-21. As noted above, PDVSA believes the R&R mistakenly failed to include a recommendation to dissolve the Petromonagas writ on the same basis as the three other writs.

Thus, less than a week after Magistrate Judge Torres recommended dissolving the writs of garnishment because of Plaintiffs' inadequate factual showing — but more than a month after Plaintiffs originally moved for a writ of garnishment as to Petromonagas — Plaintiffs purport to "supplement" the Petromonagas writ with the Farah Declaration. The Farah Declaration claims two of PDVSA's subsidiaries, Petromonagas *and Petrocedeño*, are involved in the Defendants' criminal activities. ECF 405-1. The timing of Plaintiffs' filing makes it transparent that Plaintiffs intend to rely on the Farah Declaration in their objections to the R&R. Of course, the Court would have no obligation to consider the Farah Declaration had Plaintiffs simply attached it to their R&R objections. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that district judge may "decline to consider a party's argument when that argument was not first presented to the magistrate judge"). Moreover, Plaintiffs have already begun improperly using the Farah Declaration to try to rehabilitate the insufficient showing they made when they filed a motion for issuance of the Petromonagas writ of garnishment. *See* ECF 406 at 2; 410 at 2 (citing Farah Declaration as supplemental authority).

5

The Court should strike each instance of the Farah Declaration (ECF 405-1, 406-1, 410-1) as improper and unauthorized filings. The decision in *Jean v. Minnesota Life Insurance Co.* is on point. There, a plaintiff opposing summary judgment filed a "Notice of Filing of Deposition Transcript of Dr. Grobman in Opposition to Defendant's Motion for Summary Judgment," ***after*** the parties had fully briefed the summary judgment motion. No. 19-21626-CIV, 2020 WL 2926663, at *2 (S.D. Fla. May 12, 2020). The Notice stated, in part, "The Court should consider this evidence in regard to the issues raised in the [Defendant's] motion for summary judgment[.]" *Id.* The court struck the notice and transcript as an "improper sur-reply to Defendant's summary judgment motion." *Id.* at *3 (citing Local Rule 7.1(c)(1)); *see also Berkower v. USAA Cas. Ins. Co.*, No. 15-23947-CIV, 2017 WL 11615108, at *2 (S.D. Fla. Feb. 21, 2017) (striking "Notice of Filing" of additional support for summary judgment motion and noting that its ruling was "analogous to an order striking an unauthorized sur-reply").

As in *Jean* and *Berkower*, Plaintiffs' Farah Declaration is a thinly veiled sur-reply that attempts to shore up the deficiency noted in the R&R. Therefore, the Court should strike each instance of the Farah Declaration, which Plaintiffs filed without leave of Court. *See* Local Rule 7.1(c)(1) (permitting a motion, opposition, and reply, and stating, "No further or additional memoranda of law shall be filed and served without prior leave of Court"); *Jean*, 2020 WL 2926663, at *3. Courts in this district have frequently enforced Local Rule 7.1(c)(1) by striking unauthorized sur-replies (or the functional equivalent of a sur-reply). *See Jean*, 2020 WL 2926663, at *3 (striking "improper sur-reply"); *Burger*, 2012 WL 12837901, at *1 (same); *Fees*, 2017 WL 7345739, at *1 (same); *Berkower*, 2017 WL 11615108, at *2 (same). Plaintiffs' repeated filing of the Farah Declaration is particularly improper because it introduces entirely new factual issues that the parties have never addressed in prior filings and which the Court did not and could not have considered when issuing the Petromonagas writ. This is a plainly improper use of a reply brief — let alone a sur-reply filed without leave of court after an R&R was already issued. *See* Local Rule 7.1(c)(1) ("[R]eply memorand[a] shall be strictly limited to rebuttal of matters raised in the memorandum in opposition[.]"); *MY. P.I.I. LLC v. H&R Marine Eng'g, Inc.*, 544 F. Supp. 3d 1334, 1349 (S.D. Fla. 2021) (refusing to consider new argument raised in reply).

Striking each instance of the Farah Declaration is also warranted because it unfairly prejudices PDVSA. Plaintiffs never made any attempt, whether in seeking an *ex parte* order that PDVSA is an agency or instrumentality of Defendants (ECF 94), in seeking the writs of

garnishment (ECF 132, 178[5]), or in opposing PDVSA's Motion to Vacate (ECF 344) to make a factual showing that the Court should disregard PDVSA's corporate form or that PDVSA's *subsidiaries* are agencies or instrumentalities. Plaintiffs' failure to offer such support — despite numerous opportunities to do so, including at least one after PDVSA pointed out Plaintiffs' failure of proof in the Motion to Vacate — unfairly deprived PDVSA of the opportunity, in the course of full briefing on the issues, to rebut the factual showings Plaintiffs should have attempted to make at the appropriate time. *See Stalley v. ADS All. Data Sys., Inc.*, No. 8:11-CV-1652-T-33TBM, 2013 WL 1969262, at *3 (M.D. Fla. May 13, 2013) (striking "Notice to Correct Record," "Amended Notice to Correct Record," and "Amended Declaration" because they were unauthorized filings that sought to "amend the pleadings [and] subsequently filed motions," which was "prejudicial to Defendant"). The Court should strike the Farah Declaration from the docket in each place Plaintiffs filed it to prevent Plaintiffs' attempted end-run around the normal litigation process.

## CONCLUSION

PDVSA respectfully requests that the Court strike each instance of the Farah Declaration.

## RULE 7.1(a)(2) CERTIFICATION

Undersigned counsel conferred with counsel for Plaintiffs in a good faith effort to resolve the issues raised in the motion. Plaintiffs oppose the motion.

---

[5] PDVSA does not have access to two of Plaintiffs' motions for writs of garnishment (ECF 163, 378) but assumes they are similar to the other two such motions (ECF 132, 178). The assumption is clearly warranted as to the motion at ECF 378 because, if Plaintiffs had attempted to show Petromonagas is an agency or instrumentality of Defendants in that motion, they would not have needed to supplement it with the Farah Declaration later on.

Dated:  April 22, 2025

Respectfully submitted,

**WHITE & CASE LLP**

By: /s/ *Jaime A. Bianchi*
Jaime A. Bianchi
W. Dylan Fay
200 S Biscayne Blvd.
Miami, FL 33131
jbianchi@whitecase.com
dylan.fay@whitecase.com
Tel.:    (305) 371-2700

Claire A. DeLelle (*pro hac vice*)
Danielle S. Tarin (*pro hac vice* forthcoming)
Benedict S. Bernstein (*pro hac vice*)
Blair E. Trahan (*pro hac vice*)
701 Thirteenth Street N.W.
Washington, D.C. 20005
Tel.:    (202) 626-6485
claire.delelle@whitecase.com
danielle.tarin@whitecase.com
benedict.bernstein@whitecase.com
blair.trahan@whitecase.com

*Counsel for Petróleos de Venezuela, S.A.*