**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 1:21-cv-20706-DPG**

MEUDY ALBÁN OSIO in her personal capacity
And in her capacity as the personal representative
of the Estate of FERNANDO ALBERTO ALBÁN,
FERNANDO ALBÁN OSIO, and MARIA
FERNANDA ALBÁN OSIO,

    Judgment Creditors / Plaintiffs,

v.

NICOLAS MADURO MOROS,
FUERZAS ARMADA REVOLUCIONARIAS
DE COLUMBIA ("FARC"); THE CARTEL OF
THE SUNS A.K.A. CARTEL DE LOS SOLES;
VLADIMIR PADRINO LOPEZ; MAIKEL
JOSE MORENO PEREZ; NESTOR LUIS
REVEROL TORRES; and TAREK WILLIAM
SAAB,

    Judgment Debtors / Defendants.

_____/

**JUDGMENT CREDITORS' OPPOSITION TO NON-PARTY PDVSA's MOTION TO STRIKE DECLARATION OF DOUGLAS C. FARAH (ECF NO. 413)**

**INTRODUCTION**

Taking to heart Chief Magistrate Judge Torres's ruling that Plaintiffs should make a "particularized showing" as to agency/instrumentality status for the PDVSA subsidiaries whose assets Plaintiffs seek to garnish pursuant to the Terrorism Risk Insurance Act ("TRIA"), *see* ECF No. 401, at 20, Plaintiffs promptly began to marshal and submit evidence sufficient to comply with that ruling. Notably, Plaintiffs filed an affidavit from Douglas C. Farah—a Court recognized leading expert—demonstrating that PetroMonagas (a PDVSA subsidiary that is object of a recent TRIA writ) is an agency or instrumentality of Judgment Debtors in its own right. ECF No. 405-1, 406-1. Rather than offer any evidence whatsoever disputing Mr. Farah's showing (hardly surprising, given the depth of PetroMonagas's wrongdoing on behalf the Judgment Debtors), PDVSA argues that this Court should strike the Farah Declaration as an improper "sur-reply." That does not make sense. PDVSA's "sur-reply" argument rests on the flawed premise that "Plaintiffs' filing makes it transparent that Plaintiffs intend to rely on the Farah Declaration in their objections to the R&R," when in fact, Plaintiffs did not object to the R&R. Instead, Plaintiffs are complying with the R&R. Not only is the Farah Declaration not a "sur-reply" (to the R&R or anything else), but instead, the Farah Declaration makes precisely the showing the R&R required Plaintiffs to make—just as the R&R invites Plaintiffs to do.

**PROCEDURAL HISTORY**

On March 10, 2025, Plaintiffs applied for and obtained a writ of garnishment directed to Valero Marketing & Supply Company ("Valero") for the assets belonging to "PDVSA/PetroMonagas" (the "PetroMonagas writ"). ECF No. 378. On March 28, 2025, PDVSA moved to dismiss the PetroMonagas writ. ECF No. 389.

On April 9, 2025, Chief Magistrate Judge Torres issued the R&R addressing, *inter alia*, PDVSA motion to dismiss the PetroMonagas writ. *See* ECF No. 401, at 3 n.2 (expressly considering the PDVSA's motion to dismiss the PetroMonagas writ). But the R&R does *not* recommend dismissal of this PetroMonagas writ. PDVSA erroneously contends that this was an "oversight," (ECF No. 413, at 4), and PDVSA never asked Chief Magistrate Judge Torres to address or correct this supposed "oversight" instead they just objected to Judge Gayles.

In contrast to the PetroMonagas writ, the R&R did recommend the dismissal of writs directed to several *other* PDVSA subsidiaries, including PetroCedeño, Petromar, and Bariven. The R&R explains that "PDVSA and the subsidiaries are separate entities," and therefore Plaintiffs

2

should have made "a particularized showing" as to each subsidiary. *Id.* at 20. The R&R further explains that Plaintiffs had failed to make such showing despite having had multiple opportunities to do so "in their motions for writ of garnishment, motions for turnover order, and/or their response to the pending motion [to vacate the writs directed to PDVSA subsidiaries]." *Id.* In other words, Plaintiffs could have, with any of those filings, submitted evidence for those subsidiaries but failed to do so.

Accordingly, the R&R recommended that Plaintiffs' PetroCedeño, Petromar, and Bariven writs be dissolved, that Plaintiffs' turnover motions for those entities be denied, and that Plaintiffs be afforded a fresh opportunity to demonstrate the agency/instrumentality status of those PDVSA subsidiaries: "These writs and motions, however, should be dissolved/denied without prejudice, to allow Plaintiffs to pursue the assets again with a proper showing that the subsidiaries are agencies or instrumentalities." *Id.* at 21.

## ARGUMENT

**I.  The Court Should Not Strike The Farah Declaration Because The R&R Allowed It, And Ostensibly Invites Such A Submission.**

In recommending that the PetroCedeño, Petromar, and Bariven writs be dissolved, the R&R noted the various procedural opportunities Plaintiffs had to demonstrate that those subsidiaries were agencies/instrumentalities of the Judgment Debtors. Those procedural avenues included "[Plaintiffs] motions for writ of garnishment, motions for turnover order, and/or their response to [the motion to vacate those writs]." But the R&R did not recommend dissolving the PetroMonagas writ, and given that PetroMonagas was only a month old when the R&R was entered, Plaintiffs had not had (and missed) all of those multiple opportunities to provide the particularized proof required.

Given that the R&R (1) did not recommend dissolution of the PetroMonagas writ, (2) instructed Plaintiffs to present the Court with particularized proof for each PDVSA subsidiary, (3) identified numerous procedural avenues for submitting such proof, and (4) welcomed Plaintiffs to pursue the assets at issue "with a proper showing," Plaintiffs promptly submitted the Farah Declaration, both as a supplement to their original motion for the PetroMonagas writ (ECF No. 405) and as part of their reply to Valero's Answer to the PetroMonagas writ (ECF No. 406-1). Plaintiffs respectfully submit that, given that the Court left the PetroMonagas writ intact while simultaneously stressing the necessity of Plaintiffs' making a particularized showing, Plaintiffs would have been remiss to disregard the R&R and offer no further proof that PetroMonagas is an

agency/instrumentality of the Judgment Debtors.

**II.  The Court Should Not Strike The Farah Declaration Because It Is Not A "Sur-Reply."**

PDVSA suggestion that the Farah Declaration is a "sur-reply" is wrong.  First, Valero—in its answer to the PetroMonagas writ—raised an affirmative defense that compliance with the PetroMonagas writ would not be lawful absent "compliance with the Terrorism Risk Insurance Act."  ECF No. 390, at 4.  Under the Florida garnishment statues, Plaintiffs had an opportunity, and arguably an obligation, to respond.  *See* Fla. Stat. § 77.061 ("[w]hen any garnishee answers and plaintiff is not satisfied with the answer, he shall serve a reply within 20 days thereafter").  Thus, in accordance with Section 77.061, Plaintiffs responded, including by providing evidence that they are in compliance with TRIA, in the form of the Farah Declaration. ECF No. 406-1.  Because Plaintiffs reply to an answer to a writ of garnishment is permitted under Florida statute, and by definition is not a "sur-reply," PDVSA's motion to strike the Farah Declaration as a "sur-reply" is contrary to law.  And tellingly, PDVSA cites to no authority pursuant to which a third party may strike a judgment creditors response to a garnishee's answer, or pursuant to which a court has stricken such a reply as an unlawful "sur-reply."

Second, the Farah Declaration submitted as supplemental authority to the writ of garnishment is not an improper sur-reply, either.  Plaintiffs are not arguing that the Farah Declaration should be applied to resolve any motion before the Court.  The pending motions have already been resolved by the R&R (subject to PDVSA's objections).  Instead, all Plaintiffs have done is to develop the record for the next round of motion practice that will occur (in the event that the R&R is affirmed as written).  That is, before Plaintiffs obtain turnover of the PetroMonagas assets, Plaintiffs will have to move for turnover.  At that point, the Court can consider the entire record before it, including the Farah Declaration, as well as proper opposition (if any) to Plaintiffs' turnover motion that may contest the Farah Declaration.

**III.  PDVSA's Motion Should Be Denied Because PDVSA Lacks Standing To Speak For PetroMonagas.**

PDVSA argues that it and its subsidiaries are separate entities (ECF No. 413, at 7), but PDVSA nevertheless seeks to advance arguments on behalf of its subsidiary, PetroMonagas, a separate entity.  But, especially given that PDVSA argues that its subsidiaries are independent entities, PDVSA lacks standing to speak for them.  *See Stansell v. FARC* ("*Stansell II*"), 771 F.3d 713, 744 (11th Cir. 2014) (barring shareholder from challenging TRIA writ of execution seeking blocked assets of his company; holding that "corporations themselves—and not

shareholders—are the only parties with standing to contest injuries to the corporation"); *Stansell v. FARC*, 2013 WL 12142969, at *4 (M.D. Fla. May 2, 2013) ( "[b]ecause the individuals . . . are not the account holder, they lack standing to challenge this TRIA garnishment."); *United States v. Devlin*, 2013 WL 275968, at *8 (M.D. Fla. Jan. 22, 2013) (same).  PDVSA's motion should be denied for this reason as well.[1]

## CONCLUSION

For the foregoing reasons, the PDVSA's motion to strike the Declaration of Douglas Farah should be denied.

Respectfully submitted on April 29, 2025.

*/s/ Jaime D. Guttman*
Fla. Bar No. 44076
*jaime@scale.law*
Scale Law Partners, LLC
777 Brickell Avenue, Suite 500
Miami, FL 33131
(786) 273-9033 (Main)

*/s/ Alex C. Lakatos*
Alex C. Lakatos (*pro hac vice*)
*alakatos@mayerbrown.com*
Cloe M. Anderson (*pro hac vice*)
*canderson@mayerbrown.com*
Mayer Brown LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000 (Main)

*Counsel for Plaintiffs / Judgment Creditors*

---

[1] The R&R holds that "Plaintiffs cannot on one hand use PDVSA's status to attach the subsidiaries' assets under the guise that PDVSA controls the money, but on the other hand foreclose PDVSA from asserting defenses to protect those assets on grounds that the money does not belong to PDVSA."  ECF No. 401, at 20.  Plaintiffs have remedied the inconsistency the R&R flags:  Plaintiffs contend that (1) PDVSA lacks standing to contest writs directed to PDVSA's subsidiaries on the ground that PDVSA and the subsidiaries are *separate* entities, and (2) PDVSA's subsidiaries are agencies/instrumentalities of Judgment Debtors by virtue of *their own* wrongful conduct, not merely because they are owned by PDVSA.  By contrast, PDVSA takes inconsistent positions when it seeks to assert PetroMonagas's arguments while maintaining that PetroMonagas is not PDVSA's *alter ego*.

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing document on April 29, 2025, through CM/ECF, which automatically and electronically delivered notice of filing to counsel of record for all parties that have appeared.

*/s/ Jaime D. Guttman*