**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-cv-20706-GAYLES/TORRES

MEUDY ALBÁN OSIO, et al.,

     *Plaintiffs,*

v.

NICOLAS MADURO MOROS, et al.,

     *Defendants.*

_____/

## REPORT AND RECOMMENDATION ON
## MOTION TO DISSOLVE WRIT OF GARNISHMENT

This cause comes before the Court on Anschütz GmbH's (Anschütz) Motion to Dissolve a Writ of Garnishment obtained by Plaintiffs. [D.E. 324]. Plaintiffs responded to the Motion, to which Anschütz replied. The Motion, therefore, is ripe for disposition.[1] After careful review of the briefing and relevant authorities, and for the reasons set forth below, we recommend that Anschütz's Motion be **DENIED**.

---

[1] On November 8, 2024, the Honorable Darrin P. Gayles referred all post-judgment matters to the Undersigned Magistrate Judge for disposition. [D.E. 233].

1

## I.   BACKGROUND

Plaintiffs seek to garnish an escrow account ("the Escrow Account") in the amount of $4,018,247.00, held by JPMorgan Chase Bank, N.A. ("JPMorgan"). The history of the funds begins with a 2016 arbitral award in favor of DIANCA issued by the International Court of Arbitration of the International Chamber of Commerce. That award was funded into the Escrow Account by Anschütz. Anschütz confirmed to JPMorgan that the funds were in fact for DIANCA's benefit in connection with the arbitral award. Then, in October 2019, OFAC blocked DIANCA's assets (including the Escrow Account) due to DIANCA's apparent illicit activities with the Maduro regime.

As a practical matter, then, the money that Anschütz intended to pay to DIANCA was blocked by OFAC. Consequently, Anschütz petitioned OFAC in March of 2020 to unblock the funds. OFAC declined. Anschütz then made a second petition in May of 2022, which OFAC also denied. Subsequently, Anschütz, realizing that it would not be able to pay DIANCA from the Escrow Account, nevertheless paid DIANCA with separate funds in Germany.

In Anschütz's view, its payment to DIANCA stripped DIANCA of any interest it had in the Escrow Account. So, Anschütz once again petitioned to OFAC to unblock the Escrow Account. Eventually, OFAC granted that request, and unblocked the Escrow Account on November 20, 2024.

But in October 2024 (when the Escrow Account was still blocked by OFAC), Plaintiffs obtained a writ of garnishment on the Escrow Account. In the pending

Motion, Anschütz argues that because it is not indebted to DIANCA, and because OFAC has unblocked the account, the writ of garnishment should be dissolved. Plaintiffs, meanwhile, argue that because their writ of garnishment was obtained while the Escrow Account was still blocked, Plaintiffs' writ should remain intact.

## II.   ANALYSIS

We agree with Plaintiffs that, because the writ of garnishment was obtained before OFAC unblocked the Escrow Account, Anschütz's Motion should be denied. OFAC's regulations provide as follows:

> Any amendment, modification, or revocation ... of any order, regulation, ruling, instruction, or license issued by ... [OFAC] shall not, unless otherwise specifically provided, be deemed to affect ... any civil or criminal suit or proceeding commenced or pending prior to such amendment, modification, or revocation. All penalties, forfeitures, and liabilities under any such order, regulation, ruling, instruction, or license shall continue and may be enforced as if such amendment, modification, or revocation had not been made.

31 C.F.R. § 536.402. Consequently, "[p]ursuant to the clear terms of the OFAC regulation, if Plaintiffs commenced their garnishment proceedings prior to" OFAC's revocation, "then the order of revocation 'shall not ... be deemed to affect' the garnishment proceedings." *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 733 (11th Cir. 2014) (*Stansell II*) (quoting § 536.402). The Eleventh Circuit has also provided a policy explanation for OFAC's regulation:

> This rule is not just prescribed by law; it is also good policy. Applying delisting to the "blocked asset" element of an ongoing TRIA execution proceeding would undermine the finality of a judgment until direct review of the judgment concludes. Further, such a policy would provide an incentive to [agencies or instrumentalities] to draw out and delay execution proceedings while their OFAC administrative challenges were pending. Such a tactic counters the policy of satisfying judgments, especially where OFAC de-listing is not necessarily an exoneration.

3

*Id*. Here, Plaintiffs obtained a writ of garnishment on October 18, 2024. Thus, even though OFAC may have unblocked the Escrow Account, that unblocking occurred on November 18, 2024; i.e., after the writ of garnishment was obtained. Consequently, that unblocking "shall not … be deemed to affect" the status of the garnishment proceedings under unambiguous Eleventh Circuit precedent. *Stansell II*, 771 F.3d at 733.

While we understand Anschütz's argument that OFAC has revoked the license, which suggests that DIANCA no longer has an interest in the funds, we have no authority to grant Anschütz's Motion on that basis. The Eleventh Circuit is clear: if the funds were blocked *at the time* of garnishment, subsequent un-blocking does not impact our analysis at this stage. Because, here, the writ of garnishment pre-dated OFAC's unblocking of the escrow account, Anschütz's Motion must be denied. *Stansell II*, 771 F.3d at 733 ("Thus, an execution or garnishment proceeding 'commence[s] when the writ is issued or the pleading setting forth the claim of the party initiating the action is filed.' Fla. R. Civ. P. 1.050. Therefore, a civil proceeding commenced no later than service of the writ on the garnishee in each case. Under § 536.402, any OFAC de-listing after that moment was ineffectual for determining whether the asset was blocked for TRIA § 201 purposes.'"). And while Anschütz argues that *Stansell II* addresses an entity that was de-listed by OFAC—not an account that was unblocked by OFAC—Anschütz provides no authority to suggest that the unblocking of an account should be treated any differently under the language of § 536.402.

4

It is also inapposite whether Anschütz privately paid its debt to DIANCA while the escrow account remained blocked. The latter fact is what matters: at the time of garnishment, the escrow account remained blocked. *See Sutherlin v. Wells Fargo Bank N.A.*, 767 F. App'x 812, 821 (11th Cir. 2019) (citing *Stansell II*, 771 F.3d at 733) ("Finally, Wells Fargo did not owe or breach a duty to distribute trust assets once OFAC delisted Jamce and unblocked its assets. Because the writ of garnishment had been served on Wells Fargo before the delisting, the assets were still considered 'blocked' for purposes of the *Stansell* plaintiffs' turnover claim, notwithstanding the delisting decision.").

And to be clear, this is not a turnover order; that is, we are not making a finding of fact that Anschütz must turn over the Escrow Account to Plaintiffs. Rather, at this stage of the garnishment proceedings, we follow *Stansell II's* and § 536.402's directive that OFAC's unblocking of the Escrow Account is not definitive, iron-clad evidence that DIANCA has no interest in the funds. At the turnover stage, Anschütz can pursue a persuasive showing that they lack an interest in the Escrow Account. But at this stage, Anschütz's Motion to dissolve the writ of garnishment should be denied.

### III.    CONCLUSION

For the reasons set forth above, we recommend that Anschütz's Motion to Dissolve [D.E. 324] be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, to the District Judge. Failure to timely file objections

shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE and SUBMITTED** in Chambers at Miami, Florida this 13th day of May, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge