**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| MEUDY ALBÁN OSIO *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>NICOLÁS MADURO MOROS *et al.*,<br><br>*Defendants*. | Case No. 1:21-cv-20706-DPG |

**NON-PARTY PETRÓLEOS DE VENEZUELA, S.A.'S
<u>MOTION TO DISSOLVE WRITS OF GARNISHMENT</u>**

Pursuant to Rule 69(a)(1) of the Federal Rules of Civil Procedure and Fla. Stat. § 77.07 (2025), Non-Party Respondent Petróleos de Venezuela, S.A. ("PDVSA") hereby moves to dissolve all new writs of garnishment Plaintiffs purport to have obtained as to the assets of PDVSA and PDVSA's subsidiaries held by various garnishees.

Plaintiffs obtained default judgments against the former president of Venezuela, Nicolás Maduro, members of his illegitimate regime, and the defunct Colombian narco-terrorist organization Fuerzas Armadas Revolucionarias de Colombia for the 2018 kidnapping, torture, and murder of their family member, Fernando Alberto Albán.  PDVSA condemns the murder of Mr. Albán, but PDVSA maintains its position that its assets are not available to satisfy Plaintiffs' default judgments.

Plaintiffs purport to have obtained several writs against assets of non-party PDVSA and PDVSA's subsidiaries based on this Court's *ex parte* July 1 Order (ECF No. 113) authorizing such writs.  On December 14, 2024, PDVSA filed its Motion to Vacate the July 1 Order, dissolve the writs of garnishment, vacate the November 14, 2024 turnover judgment (ECF No. 250), deny the turnover motions, and dismiss the action as to PDVSA with prejudice.  ECF No. 310 ("Motion to Vacate").  PDVSA subsequently supplemented its Motion to Vacate, asking that this Court, in granting the Motion to Vacate, also dissolve an additional writ Plaintiffs purported to have obtained as to assets of "PDVSA/PetroMonagas."  ECF No. 389.

On April 9, 2025, Magistrate Judge Torres issued a Report & Recommendations on PDVSA's Motion to Vacate, recommending that the motion be granted in part and denied in part.  ECF No. 401 ("R&R").  This Court has scheduled a hearing for July 1, 2025, to address PDVSA's objections to the R&R.  June 16, 2025 Order.

Plaintiffs then filed several certificates in which they claim to have served writs upon PDVSA by mail to Venezuela and "in compliance with Rule 4."  *See* ECF Nos. 484, 485, 486, 487, 501, 514, 515, 516, 517, 518, 519.  PDVSA is unaware of the writs' contents because the writs are under seal and because, contrary to Plaintiffs' claims, PDVSA was not served with the writs.  Indeed, Plaintiffs' purported service is improper, as it does not meet the requirements of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(b), or the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361.  Nor would such service give notice to PDVSA, because PDVSA's Venezuelan facilities have been illegally usurped by representatives of the illegitimate Maduro regime.  *See*

Motion to Vacate § II.  Also, because service is improper, the timeline provided in Fla. Stat. §§ 77.055, 77.07 for filing a motion to dissolve a writ of garnishment does not apply.[1]

Nonetheless, to the extent Plaintiffs purport to have obtained new writs as to the assets of PDVSA or its subsidiaries, PDVSA's Motion to Vacate applies equally to those writs, and those writs should be dissolved for the reasons stated in PDVSA's Motion to Vacate, Reply in support of that Motion, and objections to the R&R.  ECF Nos. 310, 355, 414.  PDVSA thus incorporates by reference all the arguments, as if stated in full herein, set forth in its Motion to Vacate, its Reply in support of that Motion, and its objections to the R&R.  For the reasons stated therein, PDVSA respectfully requests that this Court dissolve all current writs as to the assets of PDVSA and its subsidiaries—including those writs at ECF Nos. 430, 431, 432, 433, 434, 435, 450, 451, 452, 453, 454, 455, 456, 474, 475, 490, 491, 492, 504, 526, 527, 528, 529, 530, 531, 532, 533, 534, 535, 536—to the extent that any of the writ garnishees possess assets of PDVSA or its subsidiaries.  ECF Nos. 310, 355, 414.

PDVSA does not waive, and expressly reserves, its rights and defenses, including but not limited to their objections to, and right to challenge, service of process and personal and subject-matter jurisdiction.

## RULE 7.1(a)(2) CERTIFICATION

Undersigned counsel, in compliance with Local Rule 7.1(a)(2), has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion.  Counsel for Plaintiffs advised that Plaintiffs object to the motion.  Pierce Manufacturing, Inc. does not intend to oppose the motion.  JPMorgan Chase Bank, N.A., StoneX Group, Inc., Schlumberger Technology Corp., Schlumberger Ltd., Global Financial Management Services, LLC, Global Oil Delivery Systems, LLC, Global Oil Financial Services, LLC, and Global Oil Terminals, LLC take no position on the motion.

---

[1] That provision states in relevant part: "The defendant and any other person having an ownership interest in the property, as disclosed by the garnishee's answer, shall file and serve a motion to dissolve the garnishment within 20 days after the date indicated in the certificate of service on the defendant and such other person of the plaintiff's notice required by s. 77.055, stating that any allegation in plaintiff's motion for writ is untrue."  Fla. Stat. § 77.07.

2

Date: June 17, 2025

Respectfully submitted,

**WHITE & CASE LLP**

By: */s/ Jaime A. Bianchi*
Jaime A. Bianchi
W. Dylan Fay
200 S Biscayne Blvd.
Miami, FL 33131
(305) 371-2700
jbianchi@whitecase.com
dylan.fay@whitecase.com

Claire A. DeLelle (*pro hac vice*)
Danielle S. Tarin (*pro hac vice*)
Blair E. Trahan (*pro hac vice*)
Benedict S. Bernstein (*pro hac vice*)
701 Thirteenth Street N.W.
Washington, D.C. 20005
(202) 626-6485
claire.delelle@whitecase.com
danielle.tarin@whitecase.com
blair.trahan@whitecase.com
benedict.bernstein@whitecase.com

*Counsel for Petróleos de Venezuela, S.A.*