UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-20706-GAYLES/TORRES

**MEUDY ALBÁN OSIO in her personal capacity
and in her capacity as the personal representative
of the Estate of FERNANDO ALBERTO ALBÁN, et al.,**

      Plaintiffs,

v.

**NICOLAS MADURO MOROS, et al.,**

      Defendants.

_____/

## **ORDER**

**THIS CAUSE** comes before the Court on Petróleos De Venezuela, S.A.'s Motion to Vacate Order and Turnover Judgment, Dissolve Writs of Garnishment, Deny Turnover Motions, and Dismiss Action with Prejudice (the "Motion to Vacate"). [ECF No. 310]. On November 8, 2024, the Court referred all post-judgment matters to Magistrate Judge Edwin G. Torres. [ECF No. 233]. On April 9, 2025, Judge Torres issued his Report and Recommendation (the "Report") recommending that the Motion be granted in part and denied in part. [ECF No. 401]. Petróleos De Venezuela, S.A. ("PDVSA") filed objections to the Report, [ECF No. 414], and Plaintiffs/Judgment Creditors Meudy Alban Osio, Fernando Alberto Osio, and Maria Fernanda Alban Osio ("Plaintiffs") filed a response to PDVSA's objections. [ECF No. 447]. On July 1, 2025, this Court held a hearing on the objections. For the reasons set forth below, the Court adopts the Report's findings and recommendations in part and remands this matter to Judge Torres for an evidentiary hearing.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which

objections are made are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objections are made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In the Report, Judge Torres found that (1) the Terrorism Risk Insurance Act ("TRIA") confers this Court with subject matter jurisdiction over Plaintiffs' post-judgment proceedings against PDVSA's blocked assets; (2) notwithstanding Plaintiff's technical non-compliance with the service requirements of the Foreign Sovereign Immunities Act ("FSIA"), PDVSA's actual notice of Plaintiffs' enforcement efforts is enough to find sufficient service; (3) PDVSA has sufficient contact with Florida to satisfy due process; (4) the Court does not have to resolve a non-justiciable political question to determine PDVSA's status as an agency or instrumentality of the Maduro regime; (5) the Court should apply the standard identified in *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 724 (11th Cir. 2014) (*Stansell II*) to determine whether PDVSA is an agency or instrumentality of the Maduro regime; (6) PDVSA is an agency or instrumentality of the Maduro regime; and (7) Plaintiffs have not shown that PDSVA's subsidiaries are agencies or instrumentalities of the Maduro regime, and that, therefore, the writs of garnishment related to those entities should be dissolved and the turnover motions as to the writs should be denied. [ECF No. 401]. PDVSA's objections largely rely on the same arguments it made in the Motion to Vacate. Notably, PDVSA argued at the hearing on the objections that (1) it did not receive actual notice of the post-judgment proceedings until after the writs were issued; (2) Judge Torres relied too heavily the Office of Foreign Assets Control ("OFAC") determination; (3)

2

Judge Torres failed to hold an evidentiary hearing to determine whether PDVSA is an agency or instrumentality of the Maduro regime; and (4) Judge Torres mistakenly states in the Report that he "detailed Mr. Farah's findings" related to PDVSA in the June 2024 Report and Recommendation (the "June Report") despite the June Report never referencing Mr. Farah.

The Court has conducted a de novo review of the Report and the record and agrees with bulk of Judge Torres' findings. In particular, the Court agrees that TRIA confers this Court with subject matter jurisdiction over the post-judgment proceedings; PDVSA's contacts with Florida satisfy due process requirements; the Political Question doctrine does not prohibit the Court from adjudicating the issues in this proceeding; *Stansell II* sets forth the proper standard to determine agency or instrumentality under TRIA; and Plaintiffs did not show that PDSVA's subsidiaries are agencies or instrumentalities of the Maduro regime. However, the Court finds that there are a few disputed questions of fact that must be resolved before it can determine (1) whether PDVSA had actual notice of the proceedings such that service was proper and (2) whether PDVSA is an agency or instrumentality of the Maduro Regime. *See Stansell II*, 771 F.3d at 731 n. 13 ("The agency or instrumentality determination is separate from the blocked asset determination. The district court must therefore provide alleged agencies or instrumentalities an opportunity to challenge allegations of agency or instrumentality status with their own evidence."); *Stansell v. Revolutionary Armed Forces of Colombia*, 45 F.4th 1340, 1356-60 (11th Cir. 2022) (*Stansell V*) (finding disputed issues of material fact on an agency or instrumentality determination must be presented to a jury).

Therefore, the Court remands this action to Judge Torres for an evidentiary hearing on whether PDVSA had actual notice of the proceedings and whether it is an agency or instrumentality of the Maduro regime. *See Caballero v. Fuerzas Armadas Revolucionarias de*

*Colombia*, No. 3:20-cv-1939, 2024 WL 2976712, at * 11 (D.Conn. June 13, 2024) ("When there is a genuine issue of fact about whether an entity is an agency or instrumentality, a court should conduct an evidentiary hearing on the issue.") (citing *Stansell V*, 45 F.4th at 1356-60). Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Edwin G. Torres's Report and Recommendation, [ECF No. 401], is **ADOPTED in PART**.

2. This matter is **REMANDED** to Magistrate Judge Torres for an evidentiary hearing on the disputed issues of fact identified above.

3. The Court defers ruling on the Motion to Vacate, [ECF No. 310], pending the evidentiary hearing and subsequent recommendation.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of July, 2025.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE