UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-20706-CIV-GAYLES/TORRES

MEUDY ALBÁN OSIO, *et al.*,

    Plaintiffs,

v.

NICOLAS MADURO MOROS, *et al.*

    Defendants.

_____/

## ORDER ON MOTION TO QUASH SUBPOENA

This cause comes before the Court on non-party, the Valero Family of Companies' ("Valero") Motion to Quash Subpoena. [D.E. 412]. Plaintiffs responded to the Motion [D.E. 448], to which Valero replied. [D.E. 470]. The Motion, therefore, is ripe for disposition.[1] After careful review of the briefing and relevant authorities, and for the reasons set forth below, Valero's Motion is **GRANTED**.

---

[1] On November 8, 2024, the Honorable Darrin P. Gayles referred this matter to the Undersigned Magistrate Judge for disposition. [D.E. 233].

## I.  BACKGROUND

On November 20, 2024, Plaintiffs filed against Valero a motion to compel compliance with a subpoena. [D.E. 262]. The subpoena ("the First Subpoena") requested documents and communications relating to PDVSA bank accounts and assets (including "any of its subsidiaries, affiliates, officers, directors, employees, managers, members, agents or representatives"). It also requested, among other items, "documents sufficient to show all blocked property that [Valero holds] under the Venezuela Related Sanctions." [*Id.*]. That Motion, alongside its overarching garnishment proceeding, was transferred to the Southern District of New York for disposition. [D.E. 395].

At the issue in the pending Motion is a second subpoena Plaintiffs served upon Valero. This subpoena targets an OFAC-blocked account that Plaintiffs garnished, which ostensibly is held by Valero on behalf of PetroMonagas. [D.E. 380]. Valero seeks to quash that subpoena, on the basis that it is duplicative of the First Subpoena. Alternatively, Valero seeks to transfer its Motion to the Southern District of New York, where Plaintiffs currently seek Valero's compliance with the First Subpoena.

## II.  ANALYSIS

We will first address Valero's contention that the subpoena is duplicative. Under Federal Rule of Civil Procedure 45(d)(3)(iv), "[o]n timely motion, the court … must quash or modify a subpoena that … subjects a person to undue burden." "The undue burden analysis requires the court to 'balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it.'" *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1337 (11th

Cir. 2020) (quoting 9A Wright & Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2019)).

In the First Subpoena, Plaintiffs request (among other things): "Documents … sufficient to show all blocked property that [Valero] hold[s] under the Venezuela Related Sanctions," and "Documents … sufficient to show all blocked property that you hold belonging to PDVSA." [D.E. 262-1]. It also requests documents and communications with PDVSA, as well as any documents relating to any purchases, sales, or transactions. [*Id.*]. PDVSA, meanwhile, is defined as "Petroleos De Venezuela, S.A. and any of its subsidiaries, affiliates, officers, directors, employees, managers, members, agents, or representatives." [*Id.*].

The pending subpoena, meanwhile, demands (among other things) "[t]he account statements for any account in which the funds owed to PetroMonagas were or are held, including any account statements for the account from which the funds originated as well as any account statements for the account to which the funds were transferred." [D.E. 412 at 4]. It further requests communications with PetroMonagas relating to any sales or transactions. [*Id.*].

Plaintiffs posit in their response that PetroMonogas "is an agency or instrumentality of PDVSA …." [D.E. 448 at 2]. Further, Plaintiffs garnished the underlying account under the TRIA on the basis that it has been blocked under certain United States sanctions against Venezuela.

It is entirely unclear, then, why the discovery requested by the pending subpoena is not encompassed by the First Subpoena: the First Subpoena requests

3

"documents sufficient to show all blocked property that you hold under the Venezuela Related Sanctions," and communications with PDVSA and any of its affiliates. [D.E. 412]. It seems to both the Court and to Valero that—to the extent Valero maintains PetroMonagas's OFAC-blocked funds—PetroMonagas is well within the scope of the First Subpoena. That is, it is an affiliate of PDVSA, and its account has been blocked by OFAC "under the Venezuela Related Sanctions." [*Id.*]. The information requested in the pending subpoena, therefore, was already requested by the First Subpoena, because it pertains to an OFAC-blocked account (under Venezuela sanctions) belonging to an entity whom Plaintiffs identify as a PDVSA affiliate.

Further, in their response, Plaintiffs make no effort to explain how or why the garnished PetroMonagas account would not be within the scope of the First Subpoena. Valero, therefore, has carried its burden of demonstrating that the pending subpoena imposes an undue burden via its duplicative nature, and Plaintiffs marshaled little to undermine that showing. *See, e.g., Morton v. Lien Filers, Etc. of Heath W. Williams, L.L.C.*, No. 1:20-CV-3211-TWT-JKL, 2021 WL 4815899, at *4 (N.D. Ga. Aug. 19, 2021) (granting motion to quash subpoena, in part because "much of the information that Plaintiffs could get from [the subpoena] can be obtained from other sources"); *Lozman v. City of Riviera Beach*, No. 08-80134-CIV-HURLEY, 2013 WL 12080669, at *1 (S.D. Fla. Sept. 26, 2013) (granting motion to quash subpoena because "[t]his second set of subpoenas are clearly duplicative of those filed in [a prior] Admiralty Lawsuit"); *Weems Indus., Inc. v. Teknor Apex Co.*, No. 1:22-CV-01399SEGCMS, 2022 WL 19332037, at *3 (N.D. Ga. May 16, 2022) (granting motion

4

to quash subpoena where the underlying discovery was "equally accessible to the defendant in [a separate, Iowa proceeding]," and the plaintiff's "entitlement to the documents sought in sections (a) and (e) of the Subpoena will be addressed when the Iowa court rules on the pending motion to compel").

Granted, Valero's production under the First Subpoena may be inadequate (a matter on which we assert no finding or opinion). But Plaintiffs' recourse is not to serve another subpoena in another district to request the same information. Rather, Plaintiffs—if unsatisfied with any incomplete production—can seek to compel Valero's compliance with the First Subpoena in the Southern District of New York proceeding. Further, pending the outcome of Plaintiffs' motion to compel (which was transferred to the Southern District of New York), Plaintiffs may renew this discovery effort. But, because the pending subpoena currently is duplicative of the First Subpoena, Valero's Motion to Quash is granted.[2]

### III. CONCLUSION

For the reasons set forth above, Valero's Motion to Quash [D.E. 412] is **GRANTED**.

**DONE and ORDERED** in Chambers at Miami, Florida this 13th day of August, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[2] Given that the Court is granting Valero's Motion to quash the subpoena, there is no need to address Valero's remaining arguments.