## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20706-GAYLES/TORRES

MEUDY ALBÁN OSIO, et al.,

     *Plaintiffs,*

v.

NICOLAS MADURO MOROS, et al.,

     *Defendants.*

_____/

## ORDER ON MOTION FOR WRIT OF GARNISHMENT

    This cause comes before the Court on Plaintiffs' Motion for Writ of Garnishment. [D.E. 585]. No party has filed a response to the Motion, and the time to do so has passed. The Motion, therefore, is ripe for disposition. After careful review of the briefing and relevant authorities, and for the reasons set forth below, Plaintiffs' Motion is **GRANTED**.[1]

---

[1] On November 8, 2024, the Honorable Darrin P. Gayles referred all post-judgment matters to the Undersigned Magistrate Judge for disposition. [D.E. 233].

## I.   BACKGROUND

This lawsuit stems from Defendants' kidnapping, torture, and murder of Plaintiffs' decedent, Fernando Alberto Alban. On August 4, 2023, final default judgment was entered in Plaintiffs' favor on all eight counts of their complaint [D.E. 1] for a total judgment of $217,000,000.00, which has yet to be satisfied.

Plaintiffs' pending Motion seeks a writ of garnishment pursuant to Florida law and the Terrorism Risk Insurance Act ("TRIA") as to funds ("the Blocked Funds") that ostensibly belong to Rosneft Trading, S.A. ("RTSA")—an alleged agency or instrumentality of Defendants. The Garnishee of the Blocked Funds is Vitol, Inc.

## II.   ANALYSIS

First, we will determine whether Plaintiffs satisfy Florida law's garnishment requirements, before assessing whether the Blocked Funds may properly be garnished under the TRIA.

### A. *Florida Law*

Under Federal Rule of Civil Procedure 69(a)(1), "[t]he procedure on execution … must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Consequently, here, Florida law governs the writ of garnishment process and the TRIA governs whether the Court may issue a writ of garnishment upon property that Office of Foreign Asset Control ("OFAC") has blocked. *See Marron v. Moros*, No. 21-23190-CIV, 2023 WL 6356969, at *4 (S.D. Fla. Sept. 29, 2023) ("This means that Florida law provides the rules of procedure

governing execution, and TRIA provides the substantive provisions that allow for executing on assets that OFAC has blocked.").

In Florida, "[e]very person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment …." Fla. Stat. § 77.01. The primary requirement under Florida law, at this stage of the proceedings, is that the judgment debtor "file a motion … stating the amount of the judgment." § 77.03. The remainder of Florida's requirements are imposed after the garnishment process begins. *See, e.g.,* §§ 77.04; 77.041(2); 77.055.

Here, because Plaintiffs have filed a motion for a writ of garnishment that specifies the amount of Plaintiffs' judgment, Florida law's requirements are satisfied.

### B. *TRIA Requirements*

Next, we will assess whether these writs may issue under the TRIA. Under Section 201(a) of the TRIA, victims of international terrorism are permitted to execute upon "the blocked property not only of the defendant terrorist/judgment debtor, but also the defendant's agency or instrumentality." *Marron*, 2023 WL 6356969, at *8. Indeed, "[a]s relevant here, § 201(a) of the [TRIA], codified as a note to 28 U.S.C. § 1610, provides that '[n]otwithstanding any other provision of law ... the blocked assets of [a] terrorist party [against which a judgment is obtained] (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment.'" *Stansell v. Revolutionary Armed Forces of Colombia*, 45 F.4th 1340, 1346 (11th Cir. 2022) (*Stansell V*).

3

There are four requirements "to execute on or attach the assets of a third party who is alleged to be an agency or instrumentality of a terrorist party." *Id*. at 1347. First, the movant must prove that "he obtained a judgment against a terrorist party for a claim based on an act of terrorism." *Id*. Second, the movant must prove "the amount sought to be executed … does not exceed the compensatory damages awarded to the movant." *Id*. Third, the third party's asset must be "blocked." *Id*. Lastly, the third party must be "an agency or instrumentality of the terrorist party." *Id*. (citing *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713 (11th Cir. 2014) (*Stansell II*)).

We will address in turn the four requirements.

### 1. *Judgment Obtained*

First, we must determine whether Plaintiffs obtained a judgment against a terrorist party for an act of terrorism. *Id*. Specifically, Plaintiffs must demonstrate that Defendants are a "terrorist organization" who committed "terrorist activity" under 8 U.S.C. § 1182(a)(3)(B)(iii). Terrorist activity includes "assassination" and/or "the use of any … weapon or dangerous device … with intent to endanger … the safety of one or more individuals." § 1182(a)(3)(B)(iii)(V)(b).

Here, as the Court found in its since-adopted Report and Recommendation on Plaintiffs' summary judgment motion, the Defendant-cartel is a group of two or more persons, is responsible for killing Mr. Alban, and is responsible for using weapons or dangerous devices in the torture of Mr. Alban. Thus, under TRIA § 201, Defendants are a "terrorist organization" who engaged in "terrorist activity." Additionally, it

4

cannot be disputed that Plaintiffs obtained a judgment based on these terrorist acts. [D.E. 59]. Thus, the first requirement is met.

## 2. Amount Sought

Here, Plaintiffs' compensatory damage award is $217,000,000.00, and Plaintiffs represent that the entire principal remains outstanding. The total amount of the Blocked Funds, meanwhile, is $12,661,348.23. This requirement is therefore satisfied.

## 3. Blocked Assets

Whether an asset is blocked "can be definitively established by the fact that OFAC has taken action against the alleged agency or instrumentality under TWEA or the IEEPA." *Stansell II*, 771 F.3d at 726. Here, Plaintiffs point out that "OFAC designated and blocked RTSA on February 18, 2020, pursuant to Executive Order 13850, for operating in the oil sector of the Venezuelan economy." [D.E. 585 at 4]. Further, Plaintiffs cite to the Garnishees response to Plaintiffs' subpoena, in which the Garnishee represents that the funds are blocked pursuant to OFAC regulations. Consequently, Plaintiffs have satisfied their prima facie burden of showing that the funds are blocked.

## 4. Agency or Instrumentality

Lastly, we must determine whether Plaintiffs have made at least a factual proffer that RTSA is an agency or instrumentality of Defendants. In the Eleventh Circuit, "[a] third party who provides material support to a terrorist at any point in time constitutes an agency or instrumentality, even if they purportedly stopped

aiding the terrorist." *Marron*, 2023 WL 6356969, at *13 (citing *Stansell V*, 45 F.4th at 1350). Further, "[t]he Eleventh Circuit endorsed a broad definition of agency, which includes any party that provides material support to a terrorist party, whether financial (e.g. money laundering), technological, or the provision of goods or services." *Id.* (citing *Stansell II*, 771 F.3d at 724, n.6).

As a starting point, Plaintiffs emphasize that RTSA's assets have been blocked by OFAC—a factor that, while not dispositive, certainly requires deference. *See De Cuellar v. Brady*, 881 F.2d 1561, 1565 (11th Cir. 1989) (directing that the "decision of the OFAC is entitled to great deference, and should be reversed only if arbitrary and capricious"); *see also Paradissiotis v. Rubin*, 171 F.3d 983, 987 (5th Cir. 1999) (noting that an OFAC designation "receives an even greater degree of deference than the *Chevron* standard, and must prevail unless plainly inconsistent with the regulation"); *Stansell v. Revolutionary Armed Forces of Colombia (FARC)*, No. 8:09-CV-2308-RAL-MAP, 2011 WL 13136526, at *6 (M.D. Fla. Sept. 6, 2011) (citing *Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 50 (2d Cir. 2010) ("OFAC's designations of the Ocean Bank, N.A. account holders as SDNTs or SDNTKs are factual determinations. OFAC's decisions are entitled to great deference."); *Stansell v. Revolutionary Armed Forces of Colombia*, No. 19-20896-CV, 2019 WL 5291044, at *7 (S.D. Fla. Aug. 21, 2019), *report and recommendation adopted sub nom.*, 2019 WL 5290922 (S.D. Fla. Sept. 26, 2019) (holding that an entity was an agency or instrumentality of a terrorist organization because, in part, "we must give great deference to OFAC with regard to

its designation of El Aissami and Lopez Bello as SDNTs") (citing *De Cuellar*, 881 F.2d at 1565).

Moreover, Plaintiffs present an affidavit from Douglas C. Farah, a recognized Subject Matter Expert for the Department of Defense, to aid their proffer. Mr. Farah represents that OFAC's reasoning for blocking RTSA was based on its determination that RTSA aided "the former Maduro regime's theft of Venezuela's assets and continued usurpation of democracy." [D.E. 585-1 at ¶ 23]. Specifically, Mr. Farah describes OFAC's finding that "RTSA and its president brokered the sale and transport of Venezuelan crude oil," thereby assisted with the "looting of Venezuela's oil assets by the corrupt Maduro regime." [*Id*. at ¶ 25].

Additionally, Mr. Farah avers that RTSA's president used the entity's resources to support Maduro's regime, and continues to do so via "selling its products abroad despite international pressure." [D.E. 585 at 8].

Based on OFAC's determination, as well as the evidence presented by Plaintiffs, we find that Plaintiffs have satisfied their prima facie burden of making a "factual proffer" that RTSA is an agency or instrumentality of Defendants. *See Stansell II*, 771 F.3d at 729 (finding that, at the writ issuance stage, a district court must determine "that the property owner is … an agency or instrumentality of the judgment debtor terrorist party," and the "district court did that here, after Plaintiffs made factual proffers on those issues"). We do not yet find as a matter of law, of course, that RTSA is an agency or instrumentality. But at this initial writ issuance stage, Plaintiffs have satisfied their prima facie burden.

Accordingly, because Plaintiffs have satisfied the requirements of both Florida law and the TRIA, the Court grants the Motion.

### III.    CONCLUSION

For the reasons set forth above, Plaintiffs' Motion [D.E. 585] is **GRANTED**. The Clerk of Court shall issue the writ of garnishment that Plaintiff has attached to its Motion. [D.E. 585-3 at 1–5].

**DONE and ORDERED** in Chambers at Miami, Florida this 18th day of September, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge