**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:21-cv-20706-GAYLES/TORRES**

**MEUDY ALBÁN OSIO in her personal capacity**
**and in her capacity as the personal representative**
**of the Estate of FERNANDO ALBERTO ALBÁN, et al.,**

      Plaintiffs,

v.

**NICOLAS MADURO MOROS, et al.,**

      Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Anschütz GmbH's (Anschütz) Motion to Dissolve Writ of Garnishment (the "Motion"). [ECF No. 324]. On November 8, 2024, the Court referred all post-judgment matters to Magistrate Judge Edwin G. Torres. [ECF No. 233]. On May 13, 2025, Judge Torres issued his Report and Recommendation (the "Report") recommending that the Motion be denied. [ECF No. 466]. On May 27, 2025, Anschütz filed objections to the Report, [ECF No. 483]; and on June 10, 2025, Plaintiffs filed a response to the objections, [ECF No. 522].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objections are made are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objections are made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In his Report, Judge Torres finds that because Plaintiffs began their garnishment proceedings and obtained the writ of garnishment before OFAC unblocked the Escrow Account, Anschütz's Motion should be denied. [ECF No. 466]. The Court has conducted a de novo review of the Motion and the record and agrees with Judge Torres's well-reasoned analysis and findings.[1] Notably, a finding that the writ of garnishment was proper is not a finding that Anschütz must turn over the Escrow Account to Plaintiffs. The ownership of the funds in the Escrow Account is an issue for the Court to determine when ruling on Plaintiffs' pending Motion for Final Turnover Judgment as to Blocked Funds Belonging to DIANCA. [ECF No. 409].

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Magistrate Judge Edwin G. Torres's Report and Recommendation, [ECF No. 466], is **ADOPTED in FULL**.

2.  Anschütz GmbH's Motion to Dissolve Writ of Garnishment, [ECF No. 324], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of April, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] In the Report, Judge Torres cites to 31 C.F.R. § 536.402 which addresses amendments to OFAC orders in the context of Narcotics Trafficking Sanctions Regulations. Anschütz correctly point out that the regulation at issue here is Venezuela Sanction Regulation, 31 C.F.R. § 591.042. However, Anschütz agrees that, for purposes of this Order, the two provisions are substantively identical.