**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 1:21-cv-20706-DPG**

MEUDY ALBÁN OSIO in her personal capacity
And in her capacity as the personal representative
of the Estate of FERNANDO ALBERTO ALBÁN,
FERNANDO ALBÁN OSIO, and MARIA
FERNANDA ALBÁN OSIO,

Judgment Creditors,

v.

NICOLAS MADURO MOROS,
FUERZAS ARMADA REVOLUCIONARIAS
DE COLUMBIA ("FARC"); THE CARTEL OF
THE SUNS A.K.A. CARTEL DE LOS SOLES;
VLADIMIR PADRINO LOPEZ; MAIKEL
JOSE MORENO PEREZ; NESTOR LUIS
REVEROL TORRES; and TAREK WILLIAM
SAAB

Judgment Debtors,
_______________________________________/

**ANSWER TO WRIT OF GARNISHMENT**

Garnishee, Citibank, N.A. ("Citi") hereby files this Answer to the Writ of Garnishment ("Writ") served on September 2, 2026, and states as follows:

1. At the time of the service of the Writ, at the time of this answer, and at any time between such times, Citi had no accounts belonging to debtor, China National Electronics Import & Export Corporation ("CEIEC"). Citi has identified $6,767.55 in blocked funds in United States accounts for which CEIEC was the intended beneficiary, consisting of the following transactions:

a) F260720000260742: $235.32

b) F260724000260838: $652.23

c) F210217000145686: $5,880.00

2. Pursuant to Section 77.06(2), Florida Statutes, Citi discloses the following persons and entities having or appearing to have an ownership interest in the funds identified, along with the addresses of the persons or entities, where reasonably known or available to Citi:

a) PayPal Pte. Ltd., 5 Temasek Boulevard, #09-01, Suntek Tower Five, Singapore 038985

b) Keysight Technologies Singapore (Sales) Pte. Ltd., 8 Wilkie Road, #03-01, Wilkie Edge, Singapore 228095

c) Ping An Bank Co., Ltd., Number 5047, Shennan East Road, Luohu District, Guangdong Province, Shenzhen, Guangdong 518001, China

d) Bank of China, 1 Fuxingmen Nei Dajie, Beijing, 100818, China; or 410 Fuchengmen Nei Dajie, Beijing, China, 100818

e) Huang Yinxi, Address unknown

3. Citi respectfully requests that this Court enter an order of discharge, discharging Citi for full compliance with the Writ and absolving Citi of any and all liability under the Writ.

4. Citi was required to retain the service of undersigned counsel to respond to the Writ and is obligated to pay its attorneys a reasonable fee and costs incurred. Citi respectfully requests the Court enter an order for payment of its reasonable attorneys' fees and for expenses incurred by it in obtaining legal representation in this action, including for responding to and otherwise complying with the Writ in accordance with Florida Statute § 77.28.

**FIRST AFFIRMATIVE DEFENSE**

Any permissible garnishment or execution must comply with the provisions of TRIA and the ATA, and all applicable laws governing garnishment or execution. In particular, CEIEC and any interested third parties must be given notice of these garnishment proceedings consistent with

the Federal Rules of Civil Procedure, the Hague Service Convention, InterAmerican Convention, or any other applicable treaty or law regarding notice and service of process. An evidentiary hearing also must be convened in which Plaintiffs shall have the burden of establishing the relationship between CEIEC and the named Defendants in the underlying action that warrants garnishment of the blocked property.

**SECOND AFFIRMATIVE DEFENSE**

To the best of Citi's knowledge, CEIEC has not been finally determined to be an agency or instrumentality of the Judgment Debtors in the above-captioned action, as required by TRIA and the ATA, 18 U.S.C. § 2333(e).

**THIRD AFFIRMATIVE DEFENSE**

To the best of Citi's knowledge, no determination has been made that CEIEC possesses the requisite interest in the above-listed blocked property, within the meaning of 31 C.F.R. Part 591 and any other applicable laws, executive orders, and federal regulations to allow garnishment or execution. Citi objects to the garnishment of any such blocked property until such time the required findings are made by a court of competent jurisdiction over the matter.

**FOURTH AFFIRMATIVE DEFENSE**

Citi objects to the execution and/or garnishment of any blocked property to the extent that CEIEC and/or any other parties in connection with the blocked property are indispensable to these garnishment proceedings pursuant to Federal Rule of Civil Procedure 19 or other applicable provisions of state and federal law. The following interested and/or indispensable third parties may hold ownership or other beneficial interests in the blocked funds that are superior to the rights of the Judgment Creditors or that may be exempt or immune from garnishment: PayPal Pte. Ltd.;

Keysight Technologies Singapore (Sales) Pte. Ltd.; Ping An Bank Co., Ltd.; Bank of China; Huang Yinxi.

These third parties have the right to receive notice of these proceedings and an opportunity to be heard before the Court enters a judgment that may terminate their rights.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent applicable, any execution, garnishment or attachment must comply with the Foreign Sovereign Immunities Act of 1976 (the "FSIA"), including, without limitation, that Plaintiffs establish that these proceedings, and the proceedings resulting in the issuance of the Writ, fall within one of the established exceptions to the jurisdiction or execution/attachment immunities afforded under the FSIA.

**SIXTH AFFIRMATIVE DEFENSE**

Any execution, garnishment or attachment must comply with the ATA including, but not limited to, 28 U.S.C. § 2337.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent applicable, Citi objects to the execution or garnishment of any of the blocked property listed above until such time as a court of competent jurisdiction determines that the blocked property is not property subject to the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations, or blocked property or blocked deposit in respect of which no waiver of the provisions of TRIA and the ATA can be made by the President with respect thereto within the meaning of Section 201(b) of TRIA.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that any blocked property is held outside the territorial limits of the United States or in which the transactions were effectuated outside the territorial limits of the United

States, such transactions may be subject to the GDPR and other foreign privacy statutes. Enforcement of the Writ as to blocked accounts/property outside the United States and as to entities not named in the Writ would contravene principles of international comity and would offend the due process rights of entities that have not been served with process. Any blocked property held by non-U.S. entities that are not referenced in this Answer are not subject to the court's extra-territorial jurisdiction under the separate entity rule.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that laws other than § 772.13 Fla. Stat. are applicable to this execution/garnishment proceeding, the relief sought by Plaintiffs may be barred, in whole or in part, by Article 4A or any other provision of the UCC, including (without limitation) provisions of Article 4A that bar the service of creditor process on intermediary banks and/or govern the passage of title in a funds transfer. A blocked wire transfer, held by an intermediary bank, such as Citi, is subject to execution only if an electronic funds transfer or wire transfer was made directly to the bank. *See* § 674.502 Fla. Stat.; *see also Calderon-Cardona v. Bank of New York Mellon*, 770 F.3d 993, 1002 (2d Cir. 2014); *Hausler v. JPMorgan Chase Bank, N.A.*, 770 F.3d 207, 212 (2d Cir. 2014). To the extent the above-referenced blocked property is derived from wire transfer transactions, based on § 674.502 Fla. Stat. and the *Calderon-Cardona* and *Hausler* decisions, CEIEC may lack a property interest in the blocked property. Additionally, the relief sought by Plaintiffs may be barred if CEIEC is neither the originator nor the intended beneficiary of the transaction pursuant to § 772.13 Fla. Stat.

WHEREFORE, Citi respectfully requests that this Court:

a. determine whether or not the assets are "blocked assets" within the meaning of TRIA and the ATA, 18 U.S.C. § 2333(e), and whether or not CEIEC and/or other persons or entites

identified in this answer have been provided due process of law and were properly deemed to be agencies or instrumentalities of a terrorist party under these statutes;

b. determine whether, pursuant to the FSIA and/or the ATA, 18 U.S.C. § 2337, this Court has jurisdiction to allow execution of the Writ against CEIEC, and/or garnishment of any assets in which CEIEC has the requisite interest;

c. determine the precise identity of the blocked property being made subject to such garnishment, or execution, as well as the precise amount of blocked property or blocked deposits, if any, to be paid or turned over pursuant to any writ of garnishment or Final Judgment in Garnishment, and the identity of the persons to which such payment is to be made;

d. determine whether any judgment as to which execution or garnishment is ordered is (i) against a terrorist party within the meaning of TRIA and the ATA on a claim based on an act of terrorism within the meaning of these acts, (ii) based on a claim in respect of an act of terrorism for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7), and (iii) based on the ATA;

e. determine that the judgment as to which garnishment or execution is ordered, including interest, is solely for compensatory, not punitive, damages in respect of which the terrorist party has been adjudged liable inasmuch as TRIA § 201(A) only permits execution upon blocked assets in aid of execution in order to satisfy judgments "to the extent of any compensatory damage for which [a] terrorist party has been adjudged liable;"

e. determine that, to the extent TRIA and the ATA is not relied upon or is not applicable that, any garnishment or execution has been licensed by OFAC, and that the blocked property against which garnishment or execution is ordered consists of blocked property of CEIEC or is property in which CEIEC has the requisite interest, or blocked deposits owed to CEIEC, and

is not immune from execution within the meaning of the FSIA or of the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations;

f. determine whether the blocked property against which garnishment or execution is ordered consist of the blocked property, and that TRIA and/or the ATA allows the blocked property to be executed against: (a) to satisfy a judgment against the Judgment Debtor, (b) as blocked accounts of CEIEC and/or in which CEIEC has the requisite interest within the meaning of 31 C.F.R. Part 591 and any other applicable laws, executive orders and federal regulations; and/or (c) as an agency or instrumentality of a terrorist party, irrespective of whether it would otherwise be immune from garnishment or execution;

g. determine that the blocked property against which garnishment or execution is ordered is not property subject to the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations, or blocked property or blocked deposit in respect of which no waiver of the provisions of TRIA and the ATA can be made by the President with respect thereto within the meaning of Section § 201(b) of TRIA;

h. direct Citi as to how it is to proceed with respect to the blocked property it is holding;

i. if the Court orders the blocked property to be turned over, that Citi is released from any and all liability to the Plaintiffs, the subject blocked property holders and any third parties, and is discharged from this garnishment action;

j. award Citi its costs and expenses in this proceeding, including reasonable attorney's fees; and

k. grant such other and further relief to Citi as may be just and proper.

Respectfully submitted,

*/s/ Jessica Kramer Honan*
David J. Lisko
Florida Bar No.
david.lisko@hklaw.com
Jessica Kramer Honan
Florida Bar No. 125420
jessica.honan@hklaw.com
HOLLAND & KNIGHT LLP
100 N. Tampa Street, Suite 4100
Tampa, FL 33602-3644
Tel: (813) 227-8500
Fax: (813) 229-0134

*Attorney for Citibank, N.A.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was filed electronically with the Clerk of the Court using CM/ECF on October 9, 2026, and thus was served on all counsel of record. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF, including Judgment Creditors' attorney Jaime D. Guttman, Esq., whose address is Scale Law Partners, LLC, 777 Brickell Avenue, Suite 500 Miami, FL 33131.

*/s/ Jessica Kramer Honan*
Jessica Kramer Honan